**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| **MARISOL GOMEZ, on behalf of herself and others similarly situated,** | 1:15-cv-1489-AWI-MJS |
| Plaintiffs, | **ORDER GRANTING MOTIONS TO STRIKE AFFIRMATIVE DEFENSES** |
| v. | |
| **J. JACOBO FARM LABOR CONTRACTOR, INC., and BEDROSIAN FARMS, LLC; and Does 1 through 20, inclusive,** | (Docs. 11, 30) |
| Defendants. | |

## I. Introduction

Plaintiff Marisol Gomez ("Plaintiff") has filed separate motions, under Federal Rule of Civil Procedure 12(f),[1] to strike select affirmative defenses alleged by Defendant Bedrosian Farms, LLC ("Bedrosian") (Doc. 11), and Defendant J. Jacobo Farm Labor Contractor, Inc. ("Jacobo") (Doc. 30). The thrust of Plaintiff's argument in both instances is that many of the affirmative defenses alleged are (1) insufficiently detailed such that they are not in compliance with Rule 8 or (2) inapplicable to this case, as a matter of law. The matter is now fully briefed and ripe for decision.

## II. Background

Plaintiff Marisol Gomez alleges that she is (or was) employed by Defendants, as joint employers, to perform agricultural work "at various times during the Class Period[—reaching back four years prior to the filing of this action—]through approximately 2015." Compl. at ¶¶

---

[1] Unless otherwise specified, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

13, 23. On September 15, 2015, she filed a putative wage and hour class action on behalf of herself and other past and present non-exempt, agricultural and packing shed employees employed by Defendants. Plaintiff alleges that Defendants engaged in "a pattern of employer misconduct," centering on their "piece rate system of compensation, their meal and rest break practices, and their record-keeping procedures." Compl. at ¶¶ 22-23.

Plaintiff's complaint alleged nine causes of action: (1) violation of the Agricultural Workers Protection Act, 29 U.S.C. § 1801 *et seq.*; (2) failure to pay minimum wages in violation of California Labor Code §§ 510, 1194, 1194.2, and 1197; (3) failure to pay overtime wages in violation of California Labor Code §§ 510, 1194, and 1194.2; (4) failure to provide timely and complete meal periods in violation of California Labor Code §§ 226.7 and 512; (5) failure to provide timely and complete rest periods in violation of California Labor Code §§ 226.7 and 512; (6) failure to pay wages of terminated or resigned employees in violation of California Labor Code §§ 201, 202, and 203; (7) failure to provide correct wage statements in violation of California Labor Code §§ 226(b), 1174, and 1175; (8) violation of Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 *et seq.*, premised on violation of the statutes underlying the first seven causes of action; and (9) an claim pursuant to the Private Attorney General Act ("PAGA"), California Labor Code §§ 2689 *et seq.*, seeking civil penalties and unpaid wages, also premised on violation of the statutes underlying the first seven causes of action.

On January 12, 2016, Bedrosian filed a timely answer, responding to each numbered paragraph of Plaintiff's complaint and asserting twenty-five affirmative defenses. Doc. 7. On January 26, 2016, Jacobo filed a timely answer, also responding to each numbered paragraph of Plaintiff's complaint and asserting twelve affirmative defenses. Doc. 9. Jacobo then filed an amended answer on March 4, 2016, without first having sought leave to amend from the Court. That answer contains ten affirmative defenses and is more detailed than the first. Doc. 29. Each of the affirmative defenses alleged by Defendant Bedrosian (and in Jacobo's first answer) is one sentence in length, conclusory, and largely devoid of detail. Jacobo's first amended answer provides some additional detail. Doc. 29 at 17-20.

1

### III. Legal Standard

2  This Court recently set forth the legal standard applicable to a motion to strike affirmative

3  defenses:

4        Pursuant to Rule 12(f), the court may strike an "insufficient defense." The

5  purpose of Rule 12(f) is to "avoid the expenditure of time and money that …

6  arise[s] from litigating spurious issues by dispensing with those issues prior to

7  trial." Sidney –Vinstein v. A.H.Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

6  However, because of the limited importance of pleading affirmative defenses in

7  federal practice and because they often needlessly extend litigation, broad

8  motions to strike rarely avoid the expenditure of time and money and are

9  generally disfavored. See Kratz Aerial Ag Service, Inc. v. Slykerman, 2016 WL

9  1090361, at *2 (E.D. Cal. Mar. 21, 2016) (citing Spring v. Fair Isaac Corp., 2015

10  WL 7188234, at *2 (E.D. Cal. Nov. 16, 2015)); Atcherley v. Hanna, 2016 WL

10  70028, at *1 (E.D. Cal. Jan. 6, 2016) (citation omitted).

11  United States v. Gibson Wine Co., 2016 WL 1626988, *4 (E.D. Cal. Apr. 25, 2016).

12        An affirmative defense is one that precludes liability even if all of the elements of

13  the plaintiff's claim are proven. Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac,

14  Inc., 2016 WL 615335, at *2 (E.D. Cal. Feb. 16, 2016) (citation omitted). If a purported

15  affirmative defense only addresses the elements of the cause of action, it is not an

16  affirmative defense and it will be stricken as redundant. Sherwin-Williams, 2016 WL

17  6125335 at *2 (citing Barnes v. AT&T Pension Ben. Plan, 718 F.Supp 2d 1167, 1173

18  (N.D. Cal. 2010); see Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973-974 (9th

19  Cir. 2010) (noting that allegations are properly stricken as redundant if they appear

20  elsewhere in a pleading). The Gibson court continued:

21        A[n] [affirmative] defense may be insufficient either as a matter of law or

22  as a matter of pleading. Kaur v. City of Lodi, 2016 WL 627308, at *1 (E.D. Cal.

22  Feb. 17, 2016) (citation omitted). An affirmative defense is legally insufficient if

23  it "lacks merit under any set of facts the defendant might allege." Dodson v.

24  Strategic Restaurants Acquisition Co., 289 F.R.D. 595, 603 (E.D. Cal. 2013)

24  (citation and internal quotation marks omitted).

25        An affirmative defense must give fair notice of the defense pled. Wyshak

26  v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979) (per curiam). A split

26  developed in this Circuit after the United States Supreme Court issued Bell

27  Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S.

27  662 (2009), applying a "plausible on its face" standard to allegations of a

28  complaint. Some courts—including this Court—suggested that the plausibility

3

standard applies to affirmative defenses. E.g. Coppola v. Smith, 2015 WL 2127965, at *6 n.4 (E.D. Cal. May 6, 2015) (citing inter alia, Dodson v. Strategic Rests. Acquisition Co. II, LLC, 289 F.R.D. 595, 602-03 (E.D. Cal. 2013)). Other courts found that the "fair notice" standard of Wyshak was unaffected by Twombly and Iqbal. See Pacific Dental Services, LLC v. Homeland Ins. Co. of New York, 2013 WL 3776337, at *2 (C.D. Cal. July 17, 2013); Kohler v. Staples the Office Superstore, LLC, 291 F.R.D. 464, 468 (S.D. Cal. 2013).

The Ninth Circuit has spoken to the standard by which affirmative defenses must be pled. See Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015). It decided that "the 'fair notice' required by the pleading standards only requires describing [an affirmative] defense in 'general terms.' " Kohler, 779 F.3d at 1019 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1274 (3d ed. 1998)). In this district, courts have recently read Kohler to have resolved the split regarding whether the heightened "plausibility" requirement set out in Twombly and Iqbal modifies the "fair notice" standard traditionally applied to affirmative defenses; they found that it does not. E.g. Staggs v. Doctor's Hospital of Manteca, Inc., 2016 WL 880960, at *3 (E.D. Cal. Mar. 8, 2016); Deleon v. Elite Self Storage Management, LLC, 2016 WL 881144, at *1-2 (E.D. Cal. Mar. 8, 2016). Courts in the Northern District continue to apply the plausibility standard. Hartford Underwriters Ins. Co. v. Kraus USA, Inc., --- F.R.D.---, 2016 WL 127390, at *1 (N.D. Cal. Jan. 12, 2016) (applying the plausibility standard to affirmative defenses); Martinez v. County of Sonoma, 2016 WL 1275402, at *1 (N.D. Cal. Apr. 1, 2016) (same); Perez v. Wells Fargo & Company, 2015 WL 5567746, at *3 (N.D. Cal. Sept. 21, 2015) (In Kohler "the Ninth Circuit did not specifically hold in that case that the Twombly [and ] Iqbal standard does not apply to the pleading of affirmative defenses."); see also Hernandez v. Dutch Goose, Inc., 2013 WL 5781476, at *4, n.2 (N.D. Cal. Oct. 25, 2013) ("[E]very judge in th[e] [Northern District] to have taken up the issue has concluded that Iqbal and Twombly apply to the pleading of affirmative defenses.")

Kohler was not explicit that Twombly and Iqbal do not apply to determining the sufficiency of affirmative defenses. In fact, Kohler quoted from the 1998 version of a practice guide, the most recent version of which identifies the dispute but does not purport to resolve whether Twombly and Iqbal apply. See Kohler, 779 F.3d at 1019 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1274 (3d ed. 1998)); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1274 (3d ed. Apr. 2016) ("[C]ourts are in disagreement as to whether the pleading standard articulated in … Twombly and Iqbal … extends to the pleading of affirmative defenses."). That aside, this Court finds that requiring that an affirmative defense to be described in " 'general terms' does not … invoke"—and in fact appears inconsistent with— "the heightened standard of substantive plausibility identified by Twombly and Iqbal." Aubin Industries, Inc. v. Caster Concepts, Inc., 2015 WL 39140000, at *6 (E.D. Cal. June 25, 2015); see Deleon, 2016 WL 881144 at *2. This Court will not apply Twombly and Iqbal to determining the sufficiency of affirmative defenses.

"Fair notice … requires that the defendant state the nature and grounds for the affirmative defense." Varrasso v. Barksdale, 2016 WL 1375594, at *1 (S.D. Cal. Apr. 5, 2016); Leos v. Rasey, 2016 WL 1162658, at *1 (E.D. Cal. Mar. 24, 2016); Uriarte v. Schwarzenegger, 2012 WL 1622237, at *3 (S.D. Cal. May 4, 2012). Although "fair notice" is a low bar that does not require great detail, it does require a defendant to provide "some factual basis" for its affirmative defenses. Sherwin-Williams[], 2016 WL 615335, at *2 [] (citation omitted); Beco Dairy Automation, Inc. v. Global Tech Systems, Inc., 2015 WL 958012, at *2 (E.D. Cal. Dec. 31, 2015) (citation omitted). Simply referring to a doctrine or statute is insufficient to afford fair notice. Wild v. Benchmark Pest Control, Inc., 2016 WL 1046925, at *4 (E.D. Cal. Mar. 16, 2016); Stevens v. Corelogic, Inc., 2015 WL 7272222, at *4 (S.D. Cal. Nov. 17, 2015); Beco Dairy Automation Inc. v. Global Tech Systems, Inc., 2015 WL 5732595 (E.D. Cal. Sept. 28, 2015); Kohler v. Staples, 291 F.R.D. 464, 469 (S.D. Cal. 2013). That said, some courts have held that "[f]or well-established [affirmative] defenses, merely naming them may be sufficient." Springer v. Fair Isaac Corp., 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015) (citing Ganley v. Cnty. of San Mateo, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007)); Devermont v. City of San Diego, 2013 WL 2898342, at *2 (S.D. Cal. June 14, 2012); accord Deleon, 2016 WL 881144 at *2; Sherwin-Williams, 2016 WL 615335 at *7 (finding that an affirmative defense alleging that plaintiff's recovery was barred by unclean hands, describing only the elements and no facts in support of that defense, provided fair notice). This Court will not accept fact-barren affirmative defenses or bare references to doctrines or statutes because such pleadings do not afford fair notice of the nature of the defense pleaded. [Saunders v. Fast Auto Loans, Inc., 2016 WL27035, *4 (E.D. Cal. Apr. 25, 2016);] Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund v. Fresno's Best Indus. Elec., Inc., 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014) ("Simply identifying an affirmative defense by name does not provide fair notice of the nature of the defense or how it applies in this action…."); see Wyshak, 607 F.2d at 827 (holding that fair notice of the nature of the defense requires more than allegation of the doctrine at issue).

Even if a motion to strike is granted, leave to amend an affirmative defense to cure a pleading deficiency—or add a new affirmative defense—should be liberally granted in absence of prejudice to the opposing party. Hall v. City of Los Angeles, 697 F.3d 1059, 1073 (9th Cir. 2012); Wyshak, 607 F.2d at 827.

United States v. Gibson Wine Co., 2016 WL 1626988, *4-6 (E.D. Cal. Apr. 25, 2016). That standard is applicable here.

### IV. Discussion

Plaintiff alleges that the bulk of each of the Defendant's affirmative defenses provide inadequate notice. Doc. 12 at 2; Doc. 31 at 4. Plaintiff also alleges that Bedrosian's second, third, sixth, eighth, thirteenth, fifteenth, seventeenth , eighteenths, and twentieth through twenty-fifth affirmative defenses and Jacobo's first, fifth, ninth, and tenth affirmative defenses should be all

1  stricken based on substantive failings, namely that each is inapplicable in a wage and hour

2  context. Doc. 31 at 4-7. Bedrosian opposes Plaintiff's motion in whole. Jacobo opposes the

3  striking of its first and fifth affirmative defenses.

4       As a preliminary matter Jacobo's amended answer appears to not be properly before the

5  Court. Fed. R. Civ. P. 15(a)(1)(A) & (a)(2) ("A party may amend its pleading once as a matter of

6  course within … 21 days after serving it." Otherwise, "a party may amend its pleading only with

7  the other party's written consent or the court's leave.") That said, Plaintiff's motion is based on

8  the amended answer and the Court will consider Jacobo's amended answer in determining

9  whether to grant leave to amend.

10  A. Sufficiency of Pleading of Affirmative Defenses

11       Plaintiff complains that most of Bedrosian's Affirmative Defenses, when stripped of *pro*

12  *forma* recitations, allege only a doctrine.[2] Bedrosian's second, third, fourth, fifth, sixth, ninth,

13  thirteenth, fifteenth, eighteenth, twentieth, and twenty-first affirmative defenses all begin "[t]he

14  complaint and each cause of action set forth therein are barred, in whole or in part," then state the

15  name of a doctrine, legal theory, or statute, e.g., "the doctrine of avoidable consequences," "the

16  doctrine of unclean hands," "the doctrine of waiver," "the doctrine of estoppel," or based on

17  violation of "California Labor Code §§ 2854, 2856, 2857, 2858, and/or 2859." Doc. 7 at 18-21.

18  All of the affirmative defenses contained in Jacobo's January 26, 2016 answer are largely

19  identical in form and even less detailed in substance. See Doc. 9 at 17-19. What is absent from

20  all of the above-listed affirmative defenses is any factual allegation that would support any of

21

22

---

[2] Bedrosian appears to acknowledge this failure but suggests that Plaintiff could simply seek the factual basis for Bedrosian's affirmative defenses through discovery. Doc. 25 at 3 n.1.  It suggests that affirmative defenses should not be "limit[ed] to … those which have factual support at the time the answer is filed…." Doc. 25 at 4. Effectively, Bedrosian suggests that it should be permitted to plead affirmative defenses without any factual basis and then provide the factual basis, if any, during discovery. Bedrosian's suggestion would make an end-run around Rule 8 and Rule 15(a)(2) of the Federal Rules of Civil Procedure. If a defendant can allege no facts in support of a defense, that defendant must not plead it. If a defendant later discovers facts that might indicate that an affirmative defense might apply, it may seek leave to amend to add that affirmative defense.

    Moreover, this Court agrees with Plaintiff's assessment that allowing affirmative defenses pled without any investigation into the underlying factual basis implicates Rule 11 concerns. Ganley v. County of San Mateo, 2007 WL 902551, *3 (N.D. Cal. Mar. 22, 2007) ("By including affirmative defenses which are neither warranted by existing law nor supported by evidence, counsel may find himself subject to sanctions under Rule 11."); see Fed R. Civ. P. 11(b), (c).

those defenses. For example, with respect to Bedrosian's fourth and Jacobo's fifth[3] amended affirmative defense (unclean hands), the action Plaintiff took to render her hands unclean is not alleged. Jacobo's defense alleges that Plaintiff "engaged in fraudulent and unethical practices"; it seeks an offset for any "gross negligence [or] willful misconduct" that Plaintiff or putative class members engaged in to harm Jacobo. Doc. 29 at 18. In response to the motion to strike, Jacobo's argument regarding the factual basis for its defense is as scant as the defense itself: "Jacobo's [f]ifth [a]ffirmative [d]efense for unclean hands clearly provides a factual basis and is therefore sufficiently pled…." Doc. 35 at 4. It is not so clear to the Court. Unclean hands can operate as a defense where a plaintiff has "acted unconscionably, in bad faith or inequitably in the matter in which the plaintiff seeks relief." Canupp v. Children's Receiving Home of Sacramento, --- F.Supp.3d ----, 2016 WL 1587195, *22 (E.D. Cal. Apr. 20, 2016) (quoting Salas v. Sierra Chemical Co., 59 Cal.4th 407, 432 (2014). Simply alleging that Plaintiff's hands are unclean or identifying a category of misconduct, without explaining what the specific misconduct alleged was, does not give fair notice of the grounds for the defense or explain how the defense might apply in this case.

Next, although longer in form, the remainder of Bedrosian's affirmative defenses suffer from the same absence of any alleged factual support. For instance, Bedrosian's twenty-second affirmative defense alleges that "[t]he Complaint and each cause of action set forth therein [is] barred… because Plaintiffs' alleged damages… were proximately caused and/or contributed to by Plaintiffs' own conduct and/or the conduct of others." Doc. 7 at 22. Jacobo's eighth (sixth in Jacobo's first amended answer) affirmative defense is the same in substance. See Doc. 9 at 18.[4] That defense is conclusory and provides no indication of the factual basis upon which it rests.

---

[3] Jacobo's Amended Answer contains more detailed affirmative defenses. Its amended unclean hands defense reads, in relevant part: "the complaint and each purported cause of action contained therein is barred under the doctrine of unclean hands. Plaintiff has engaged in fraudulent and unethical practices which foreclose her ability to obtain damages for the claims alleged in the instant complaint. The California Labor Code and Wage Orders authorize employers to withhold wages for work not properly performed and to deduct from wages for losses caused by gross negligence or willful misconduct of the employee. Defendant is informed and believes that it is entitled to an offset …for work not properly performed and losses due to gross negligence and willful misconduct." Doc. 29 at 18.

[4] Jacobo's Amended Answer provides additional legal basis for this affirmative defense and suggests that fault lies with the employer rather than the labor contractor. Doc. 29 at 18. That allegation is sufficient to afford fair notice because it alleges that Jacobo is not responsible, provides a legal basis for the defense, and directs to the party that Jacobo believes is responsible. Doc. 29 at 18-19.

Despite the fact that all of Bedrosian's affirmative defenses are without alleged factual support, Plaintiff takes aim only at Bedrosian's second, third, fourth, sixth, eighth, eleventh, twelfth, thirteenth, fifteenth, seventeenth, eighteenth, twentieth, and twenty-first through twenty-fifth affirmative defenses. Doc. 11 at 2.[5] With the exception of Bedrosian's fourteenth affirmative defense—a facial challenge to the constitutionality of PAGA, not dependent on the underlying facts—Bedrosian's affirmative defenses fail to give fair notice. Additionally, as the Court will explain in the following section, several of the defenses that Bedrosian characterizes as affirmative defenses actually confront elements of offenses rather than operating to preclude liability separate from the elements.[6] Those defenses will be stricken as redundant of Bedrosian's denials rather than because they fail to afford fair notice.

Although all of the affirmative defenses contained in Jacobo's January 26, 2016 answer failed to provide any factual support, its first amended answer now contains the detail necessary to place Plaintiff on fair notice of the contested affirmative defenses, with the exception of its fifth affirmative defense.[7] Accordingly, of Jacobo's affirmative defense at which plaintiff takes aim, only Jacobo's fifth affirmative defense is insufficient as a matter of pleading. Doc. 30 at 2.

Plaintiff's motion to strike will be granted as to Jacobo's fifth amended affirmative defense and all of Bedrosian's affirmative defenses except its fourteenth because each is devoid of factual allegations. Despite the inadequacy of the pleading, the Court will grant leave to amend the stricken affirmative defenses as provided in Section IV(B), infra.

B. Substantive Sufficiency of Affirmative Defenses

    1. *Failure to State a Claim*

Bedrosian's first affirmative defense and Jacobo's third affirmative defense—that Plaintiff fails to state a claim—are not appropriately alleged as an affirmative defenses. "Failure

---

[5] Somewhat confusingly, Plaintiff asks the Court to "order [Bedrosian] to cure only the most egregious defenses that clearly fail to provide Plaintiffs fair notice of the nature of the defense being asserted." Doc. 12 at 4. The Court assumes that Plaintiff seeks an order striking as inadequately pled all of the affirmative defenses listed in Plaintiff's notice (which is most of the defenses alleged).

[6] "Under Rule 8(c), an affirmative defense 'is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven.'" Saunders, 2016 WL 1627035, *4 ("'A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.'") (quoting Zivkovic v. S.Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002)).

[7] Because Jacobo stipulates to dismissal of its ninth and tenth affirmative defenses the Court does not address them.

to state a claim is an assertion of a defect in Plaintiffs' prima facie case." <u>Bd. of Trustees of IBEW Local Union No. 100 Pension Trust Fund v. Fresno's Best Indus. Elec., Inc.</u>, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014) (citations omitted). Although not substantively significant, Bedrosian's first affirmative defense and Jacobo's third affirmative defense will be stricken with prejudice.

     *2. Waiver*

     Bedrosian's second affirmative defense reads: "The Complaint and each cause of action set forth therein are barred, in whole or in part, by the doctrine of waiver." Doc. 7 at 18.[8] Plaintiff contends that "waiver is an improper defense in a wage and hour case" because "Labor Code § 219 expressly prohibits" waiver of any rights granted under the Labor Code through any private agreement. Doc. 12 at 4-5 (citing Cal. Labor Code § 219); <u>see also</u> Cal. Labor Code § 1194 ("Notwithstanding any agreement to work for a lesser wage…" an employee paid less than minimum wage may seek the unpaid balance.) Defendant Bedrosian counters that equitable defenses such as waiver are facially applicable because Plaintiff pursues a UCL claim and because each of Plaintiff's claims seeks injunctive relief, a form of equitable relief.[9] To the extent that Plaintiff seeks otherwise unspecified "injunctive relief" based on violation of the Labor Code,[10] as a matter of law that waiver is not a meritorious affirmative defense. <u>See</u>, <u>Melgar v. CSk Auto, Inc.</u>, 2015 WL 9303977, *6 (N.D. Cal. Dec. 22, 2015) (rejecting equitable defenses alleged in an action seeking indemnification for costs incurred during performance of duties pursuant to Labor Code section 2802) An injunction to require an employer to pay overtime, to afford meal breaks, or any other conduct mandated by the Labor Code is not subject

---

[8] Insofar as paragraph 129 of Jacobo's First affirmative defense is actually a waiver defense, this section is applicable. <u>See</u> Doc. 29 at 17 ("[M]embers of the putative voluntarily and without coercion worked through such meal and rest periods, and are estopped from asserting claims as to meal and rest periods that they voluntarily waived.")

[9] Specifically, the final line of each of Plaintiff's causes of action reads, "…Plaintiff and the Class requires relief as described herein and below." <u>See generally</u> Compl.. Plaintiff's prayer for relief lists twenty-two different items, including one simply for "injunctive relief." Compl. at p. 30.

[10] The Labor Code authorizes injunctive relief against violation of its provisions. Cal. Labor Code § 1194.5; <u>Brewer v. Premier Golf Properties</u>, 168 Cal.App.4th 1243, 1254 (Cal. Ct. App. 2008) (listing injunctive relief among the relief available for meal and rest break violations). Courts in this Circuit have granted injunctive relief based on violation of the Labor Code. <u>See</u>, <u>e.g.</u>, 823 F.Supp.2d 1040 (C.D. Cal. 2011) (granting preliminary injunction requiring an employer to comply with Labor Code section 226, regarding wage statements).

1  to waiver by any private agreement. See Aguilar v. Zep Inc., 2014 WL 4245988, *19 (N.D. Cal.

2  Aug. 27, 2014) ("[A]n employee cannot consent to an illegal act or waive [(prospectively or

3  otherwise)] their right to wages owed or to reimbursement of expenses.") (citing Cal. Labor

4  Code §§ 2804, 206.5, 219. Similarly, to the extent that Bedrosian suggests that Plaintiff or the

5  putative class members have waived their right to pursue private actions for damages pursuant to

6  the Labor Code, its affirmative defense is equally without merit. See Section IV(B)(3), infra; see

7  also, Stuart v. Radioshack Corp., 259 F.R.D. 200, 204 (N.D. Cal. Aug. 28, 2009) (rejecting a

8  waiver defense in an action for reimbursement under the Labor Code).

9      To the extent that this affirmative defense is alleged in relation to Plaintiff's UCL claim,

10  equitable defenses are not complete defenses. Cortez v. Purolator Air Filtration Products Co., 23

11  Cal.4th 163, 179-180 (2000) (holding that unclean hands and other equitable defenses do not

12  preclude liability when the plaintiff seeks to vindicate a UCL claim predicated on Labor Code

13  violations); Salas v. Sierra Chemical Co., 59 Cal.4th 407, 432 (2014) (Although unclean hands is

14  not a complete defense in a UCL action, "equitable considerations may guide the court in

15  fashioning relief involving legislative expressed public policy.") However, equitable defenses

16  like waiver certainly guide the court in shaping relief. A showing of waiver or unclean hands

17  could limit liability without negating any element of the UCL cause of action. As such in the

18  UCL context, the Court cannot determine that waiver and other equitable defenses might not be

19  appropriate partial affirmative defenses. See also, Dominguez-Curry v. Nevada Transp. Dept.,

20  424 F.3d 1027, 1042 (9th Cir. 2005) (recognizing that a "partial affirmative defense" is one that

21  limits or influences the remedies that the court may impose but does not preclude liability).

22      This affirmative defense will be stricken because it is inadequately pled, see Section

23  IV(A), supra. Insofar as it alleges that Plaintiff or the putative class members have waived the

24  right to seek damages or injunctive relief based on violations of the Labor Code, it will be

25  stricken with prejudice. However, leave to amend will be granted with regard to Plaintiff's

26  Unfair Competition Law claim. See Aguilar v. Zep Inc., 2014 WL 4245988, *19 (N.D. Cal. Aug.

27

28

27, 2014). Any amended affirmative defense must not be inconsistent with this order and must clearly set out the factual basis for the defense.[11]

### 3. Estoppel

Bedrosian's third affirmative defense reads: "The Complaint and each cause of action set forth therein are barred, in whole or in part, by the doctrine of estoppel." Doc. 7 at 18. Jacobo's estoppel (first) affirmative defense offers more detail.[12] It contends that Plaintiff is estopped from raising each of its causes of action because Jacobo "has relied on the interpretations and guidance of the Division of Labor Standards and Enforcement," Doc. 29 at ¶ 128, ("DLSE")— "the agency empowered to enforce California's labor laws"—in creating its wage policies. Corbin v. Time Warner, --- F.3d ----, 2016 WL 17030403, *3 n. 4 (9th Cir. May 2, 2016) (quoting See's Candy Shops, Inc. v. Superior Court, 210 Cal.App.4th 889, 902 (Cal. Ct. App. 2012)).[13] Thus, Jacobo contends, it cannot be found liable "for methods of computing wages essentially ratified by DLSE." Doc. 29 at ¶ 128. Alternatively, Jacobo alleges that Plaintiffs voluntarily worked through meal periods and should be estopped from "asserting claims as to meal and rest periods that they voluntarily waived." Doc. 29 at ¶ 129.

First, Plaintiff suggests that the DLSE ratification basis is legally insufficient to establish an estoppel defense because there was no reliance by any defendant on a statement by Plaintiff or any putative class member. Doc 31 at 5 (citing Munoz v. State of California, 33 Cal.App.4th 1767, 1785 (Cal. Ct. App. 1995). Instead, Jacobo (and possibly Bedrosian) relied upon DLSE opinion letter(s) that are "consider[ed]… with respect" and properly referred to for guidance, but are not authoritative or entitled to deference because they are not adopted in compliance with the Administrative Procedures Act. Kilby v. CVS Pharmacy, Inc., 63 Cal.4th 1, 9-10 (2016); see Brinker Restaurant Corp. v. Superior Court, 53 Cal.4th 1004, 1029 n. 11 (2012) ("The DLSE's opinion letters, while not controlling upon the courts by reason of their authority, do constitute a

---

[11] If Bedrosian cannot articulate a factual basis for an affirmative defense because it cannot understand the allegations of the complaint it should seek clarification from Plaintiff or file a motion to dismiss or for more definite statement rather than employing the same shotgun style pleading.

[12] It is unclear if Jacobo's estoppel affirmative defense is a more fleshed out version of Bedrosian's affirmative defense and the two share the same basis, or if the two defenses share only the same name.

[13] The DLSE is a division of the Department of Industrial Relations ("DIR"), which is a department of California's Labor and Workforce Development Agency ("LWDA").

body of experience and informed judgment to which courts and litigants may properly resort for guidance.") (citation and internal quotation marks omitted); <u>Morillion v. Royal Packing Co.</u>, 22 Cal.4th 575, 584 (2000). The parties have not cited and the Courts own research has not yielded any case where any type of estoppel was sought or imposed because the DLSE advised an employer on development of employment practices or, more generally, where a party was estopped from bringing a claim based on the representations made by an unrelated third party or governmental agency. That said, the Court can conceive of one situation implicated by the facts in this matter, where a statement by the DLSE would not be considered a third-party statement: Plaintiff's PAGA claim. A PAGA claim allows a Plaintiff to step into the shoes the State's labor law enforcement agencies. <u>See</u> <u>Bauman v. Chase Inv. Services Corp.</u>, 747 F.3d 1117, 1123 (9th Cir. 2014) (citing <u>Arias v. Superior Court</u>, 46 Cal.4th 969, 986 (2009)). In that representative role, it is possible that Plaintiff could be estopped from seeking penalties based on a policy that was developed in conformity with DLSE guidelines. As such, the Court cannot now find that, insofar as Jacobo's estoppel defense is asserted with regard to Plaintiff's PAGA claim, that it "lacks merit under any set of facts the defendant might allege." <u>See</u> <u>Dodson</u>, 289 F.R.D. at 603.[14] Otherwise, Plaintiff is correct that reliance on DLSE advice does not appear to have any estoppel effect on Plaintiff's first eight causes of action. Therefore, as to Plaintiff's PAGA claim, Jacobo's DLSE ratification based estoppel defense will be stricken with leave to amend. As to the first eight causes of action, Jacobo's DLSE ratification based estoppel defense will be stricken without prejudice and without leave to amend. If Jacobo seeks to amend its DLSE ratification basis for its estoppel affirmative defense as to Plaintiff's first eight causes of action, it must file a motion to amend with the Magistrate Judge and put forth some legal basis for such a defense.

Next, Plaintiff relies on <u>Waters v. San Dimas Ready Mix Concrete</u>, 222 Cal.App.2d 380, 382 (Cal Ct. App. 1963), for her contention that the alternative basis for Jacobo's affirmative defense of estoppel is inapplicable to all of her causes of action as a matter of law. Doc. 31 at 5.

---

[14] The Court does not now purport to conclusively answer whether this defense is necessarily viable. The circumscribed inquiry at this phase requires the Court only to determine whether the defense is wholly without legal basis.

In Waters, the defendant was an employer of truck drivers that had entered into two collective bargaining agreements ("CBAs"), setting the time and rate of straight and overtime pay for employees, including the plaintiff. Waters, 222 Cal.App.2d at 381. At the employees' request, the defendant kept its operation small and refrained from hiring additional drivers so that its employees could work extra hours. All of the employees—including the plaintiff—agreed that the overtime hours that they worked would be paid as straight time. Waters, 222 Cal.App.2d at 381. After termination of his employment, the plaintiff filed a complaint seeking to enforce the overtime rate agreed to in the CBAs. Waters, 222 Cal.App.2d at 382. The defendant contended that the plaintiff was barred by equitable estoppel. Waters, 222 Cal.App.2d at 382. Not so. The Waters court explained that "employer and employee are not permitted to subvert a [CBA] by way of private agreement," therefore equitable estoppel based on the employee's acceptance of the lesser wage could not apply because the agreement to violate the CBA was illegal. Waters, 222 Cal.App.2d at 382-383 (citations omitted). More generally, equitable defenses appear to simply not be enforceable against Labor Code claims. Cortez, 23 Cal.4th at 180 (The "defenses set forth in the Labor Code do not induce equitable defenses."); Ghory v. Al-Lahham, 209 Cal.App.3d 1487, 1492 (Cal. Ct. App. 1989) ("The principles of equity cannot be used … to preclude … recovery of overtime compensation…. An employee receiving less than the minimum wage … is entitled to recover in a civil action the unpaid balance … *notwithstanding any agreement to work for a lesser wage*.") (emphasis original); see also Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 740 (1981) (holding that equitable defenses cannot be asserted against Federal  Labor Standards Act wage claims because they would nullify the legislative purposes and policies that the FLSA was enacted to effectuate); Waters, 222 Cal.App.2d at 382-383 (Labor Code provisions cannot be abridged by private agreement).

Jacobo suggests that because no CBA exists here that "there is no law or public policy that is being subverted." Doc. 35 at 3 (citing Waters, 222, Cal.App.3d at 382). Although Jacobo is certainly correct that no CBA has been alleged to exist in this case, it is incorrect that there is no law or public policy that would be subverted, for instance, by knowingly allowing employees to work through (or partially work through) meal or rest breaks without compensation. Brinker

1  Restaurant Corp. v. Superior Court, 53 Cal.4th at 1040 n. 19; see Cal. Labor Code § 219 ("[N]o

2  provision of this article can in any way be contravened or set aside by a private agreement,

3  whether written, oral, or implied."); Booher v. Jet Blue Airways Corp., 2016 WL 1642929 (N.D.

4  Cal. Apr. 26, 2016) (quoting Armenta v. Osmose, Inc., 135 Cal.App.4th 314, 323-324 (Cal. Ct.

5  App. 2005) ("[A]ll hours worked must be compensated at the statutory or agreed rate….)

6       The alternative basis for Jacobo's estoppel affirmative defense— "that … members of the

7  putative class voluntarily … worked through … meal and rest periods"—fails as a matter of law

8  as follows: Insofar as Jacobo's affirmative defense suggests that Plaintiff or members of the

9  putative class could be estopped from seeking wages for meal or rest periods voluntarily skipped

10  *with* the knowledge of an employer, it is insufficient as a matter of law. Insofar as Jacobo's

11  affirmative defense asserts that Plaintiff or the members of the putative class should be estopped

12  from seeking wages for meal periods voluntarily worked *without* the knowledge of an employer,

13  it addresses the elements of Plaintiff's second (failure to pay minimum wage) and possibly third

14  (failure to pay overtime) causes of action and is not an independent affirmative defense.  Insofar

15  as Jacobo's affirmative defense asserts that meal and rest break penalties should not be assessed

16  against it because it had a policy of "reliev[ing] its employees of all duty, relinquish[ing] control

17  over their activities and permit[ing] them a reasonable opportunity to take an uninterrupted"

18  meal or rest breaks it addresses elements of the fourth (meal period violation) and fifth (rest

19  period violation) causes of action and is not an independent affirmative defense. However, in the

20  same way that the Court could not find that the waiver equitable defense is wholly without merit

21  as to Plaintiff's UCL claim, so here Jacobo's estoppel equitable defense might provide some

22  partial affirmative defense.

23       Although the allegations of paragraph 129 of Jacobo's amended answer could have some

24  legal significance in tending to disprove an element of one or more of the causes of action,

25  Jacobo's voluntary work estoppel contention is not valid as an independent affirmative defense

26  as to any of Plaintiff's claims except the UCL claim. It will be stricken with prejudice as to all

27  claims except the UCL claim. With regard to the UCL claim, leave to amend will be granted..

28

Bedrosian's estoppel affirmative defense will be stricken as inadequately pled. See Section IV(A), supra. Assuming that the factual basis underlying its defense is similar the basis for Jacobo's defense, it will be granted leave to amend its affirmative defense with the same limitations, clearly setting out the underlying factual basis.

###### 4. Unclean Hands

As described in Section VI(A), supra, Bedrosian and Jacobo insufficiently pled unclean hands defenses.  Plaintiff alleges that unclean hands is also insufficient as a matter of law, largely for the same reasons that Defendants' estoppel affirmative defense is insufficient—because the Labor Code does not permit an employer to refuse to pay wages owed because an employee engaged in misconduct. The Court agrees that unclean hands is inapplicable to the Labor Code violations. See Section IV(B)(3), supra.  However, this Court cannot determine that unclean hands might not be an appropriate partial affirmative defense as to Plaintiff's UCL claim as explained in Section IV(B)(2), supra.

With regard to Plaintiff's UCL claim, Bedrosian's fourth and Jacobo's fifth affirmative defenses will be stricken with leave to amend. Otherwise, Bedrosian's fourth and Jacobo's fifth affirmative defenses will be stricken with prejudice.

###### 5. Laches

Bedrosian's sixth affirmative defense reads: "The Complaint and each cause of action set forth therein are barred, in whole or in part, by the doctrine of laches." Doc. 7 at 19. Again, this defense will be stricken as inadequately pled. See Section IV(A), supra. It is also an equitable defense that is legally insufficient as to Labor Code violations. See Section IV(B)(3), supra. However, leave to amend will be granted. Bedrosian must clearly set out the underlying factual basis for this affirmative defense as to Plaintiff's UCL claim. Specifically, Bedrosian should set out facts indicating the prejudice it has suffered because of Plaintiff's delay. See Directors of Motion Picture Industry Pension Plan v. Nu Image Inc., 2014 WL 6066105, *8 (C.D. Cal. 2014) ("'If a plaintiff files suit within the applicable period of limitations for his claim, there is a strong presumption that laches does not bar the claims.'") (quoting Jarrow Formulas, Inc. v. Nutrition

1    Now., Inc., 304 F.3d 829, 838 (9th Cir. 2002)); accord Shouse v. Pierce County, 559 F.2d 1142,

2    1147 (9th Cir. 1977).

3        *6. Good Faith*

4        Bedrosian's eighth affirmative defense reads: "Defendant is informed and believe that

5    further investigation and discovery will reveal, and on that basis alleges, that any violation of the

6    Fair Labor Standards Act,[15] Labor Code or an Order of the Industrial Welfare Commission was

7    an act or omission made in good faith and Defendant had reasonable grounds for believing that

8    its practices complied with applicable laws and that any such act or omission was not a violation

9    of the Fair Labor Standards Act, Labor Code or any Order of the Industrial Welfare Commission

10   such that Plaintiffs and/or the putative class members are not entitled to any damages." Doc. 7 at

11   19.

12       Plaintiff contends that whether Bedrosian acted in good faith is immaterial to this action

13   because, it asserts, no provision of the California Labor Code allows a "'good faith mistake' [to]

14   excuse" an employer from paying wages. Doc. 12 at 7. Plaintiff is mostly correct. There is no

15   good faith mistake of law defense under the California Labor Code. In other words, an

16   employer's mistaken belief it that complies with the Labor Code does not excuse failures to do

17   so. However, in limited circumstances, such as a good faith dispute as to whether money is owed

18   or a typographical error in a wage statement, can operate as defenses (not affirmative defenses)

19   to elements of some labor code violations.  See Sako v. Wells Fargo Bank, N.A., 2016 WL

20   110513 *13 (S.D. Cal. Jan 16, 2016) ("A 'good faith dispute' as to whether any wages are due

21   will preclude waiting time penalties.") (quoting Cal. Code Reg. tit. 8, § 13520); Novoa v. Charter

22   Communications, LLC, 100 F.Supp.3d 1013, 1027-1028 (E.D. Cal. 2015) (holding that a mistake

23   of law, even when made in good faith, does not render an employer's failure not knowing and

24   intentional for purposes of Labor Code Section 226(a) and (e) liability).

25       Bedrosian's good faith affirmative defense appears to be an allegation that it had a policy

26   that it believed to be in compliance with the California Labor Code (and the Fair Labor

27   Standards Act). Bedrosian's opposition mentions that affirmative defense only once, where it

28   ───────────────────
     [15] The Complaint does not allege or seek damages for any FLSA violations.

notes that its eighth defense is in response to the prayer for relief seeking "actual, incidental and consequential damages for breach of contract." Doc. 26 at 6 (quoting Compl. at p. 30). It characterizes its eighth affirmative defense as a "contract related affirmative defense." Doc. 25 at 6. It doesn't appear to be. Rather, it appears to advance a good faith / mistake of fact defense regarding statutory Labor Code violations. As noted, there is no legal basis for such a defense. Moreover, because Plaintiff acknowledges that no contract existed between the parties, Doc. 12 at 7-8, all of the "breach of contract related" affirmative defenses will be stricken and Plaintiff will not be permitted to recover under any breach of contract theory. If there is some alternative theory under which this affirmative defense is appropriate, it is not apparent to the Court or explained by Bedrosian. This affirmative defense will be stricken without prejudice and without leave to amend. If Bedrosian seeks to include this affirmative defense in any amended answer it must seek leave from the Magistrate Judge, explaining the factual and legal basis for it.

### 7. Lack of Standing

Bedrosian's twelfth affirmative defense reads: "The Complaint and each cause of action set forth therein are barred, in whole or in part, because Plaintiffs lack standing as representatives of the proposed class and as representatives of the group of allegedly similarly situated individuals they seek to represent and will not adequately represent the putative class members or other employees of Defendant." Doc 7 at 20. A denial of class allegations or PAGA representative standing is a cognizable affirmative defense. Martinez v. County of Sonoma, 2016 WL 1275402, *3 (N.D. Cal. Apr. 1, 2016). Instead it is appropriately raised in opposition to a motion for class certification. Martinez, 2016 WL 11275402, *3 (citing, inter alia, Miller v. Fuhu Inc., 2014 WL 4748299, *2 (C.D. Cal. Sept. 22, 2014)). As such, Bedrosian's twelfth affirmative defense will be stricken because it is an inappropriate affirmative defense and because it is redundant of Bedrosian's denial of class allegations.

### 8. Mutual Breach of Duties

Bedrosian's thirteenth affirmative defense reads: "The Complaint and each cause of action set forth therein are barred, in whole or in part, because of Plaintiffs' own breach of the duties owed to Defendant under California Labor Code §§ 2854, 2856, 2857, 2858, and/or

2859." Doc. 7 at 20. Essentially, Bedrosian appears to contend that Plaintiff and the putative

class members cannot recover under any cause of action because they failed to provide adequate

services. Bedrosian explains that this defense is also in response to the complaint's reference to

damages for breach of contract. Doc. 25 at 6. As noted, all of the "breach of contract related"

affirmative defenses will be stricken. This affirmative defense will be stricken without prejudice

and without leave to amend. If Bedrosian seeks to include this affirmative defense in any

amended answer it must seek leave from the Magistrate Judge, explaining the factual and legal

basis for it.

>    *9. Avoidable Consequences*

Bedrosian's fifteenth affirmative defense reads: "The Complaint and each cause of action set

forth therein are barred, in whole or in part, by the doctrine of avoidable consequences." This

affirmative defense is another in the series that Bedrosian describes as "breach of contract

related" affirmative defenses. It will be stricken without prejudice and without leave to amend. .

If Bedrosian seeks to include this affirmative defense in any amended answer it must seek leave

from the Magistrate Judge, explaining the factual and legal basis for it.

>    *10. Unsatisfied Condition Precedent and Unexhausted Claims*

Bedrosian's seventeenth affirmative defense reads: "The Complaint and each cause of

action set forth therein are barred, in whole or in part, because Plaintiffs failed to satisfy a

condition precedent to commencement of a civil claim under Labor Code section 2698, et seq."

Doc. 7 at 21. Bedrosian's eighteenth affirmative defense reads: "The Complaint and each cause

of action set forth therein are barred, in whole or in part, because Plaintiffs failed to properly

exhaust their administrative remedies. Doc. 7 at 21. Bedrosian explains that the "factual

predicate both these defenses is self-evident: [PAGA] includes administrative exhaustion

requirements … [including] providing written notice of the claims to [the LWDA]." Doc 25 at 5

(citing Cal. Labor Code § 2699.3). As explained in <u>Section IV(A)</u>, <u>supra</u>, mere reference to a

statute (or in this case, a series of statutes), without more, does not afford fair notice.  Indeed, it

is unclear to the Court how it could have been inferred from Bedrosian's reference to "each

cause of action" being barred by Plaintiffs' failure to exhaust administrative remedies that

Bedrosian referred only to complying with PAGA exhaustion requirements. Despite the pleading deficiency, the court cannot determine that Bedrosian's seventeenth and eighteenth affirmative defenses "lack[] merit under any set of facts the defendant might allege." Dodson, 289 F.R.D. at 603. Those affirmative defenses will be dismissed with leave to amend. Bedrosian must clearly set out the factual basis for each affirmative defense.

*11. Consent*

Bedrosian's twentieth affirmative defense alleges: "The Complaint and each cause of action set forth therein are barred, in whole or in part, by the doctrine of consent." Doc. 7 at 21. This affirmative defense is another in the series that Bedrosian describes as "breach of contract related" affirmative defenses. Doc. 25 at 6. As explained in Section IV(B)(3), supra, an employee's consent to violation of the Labor Code will not preclude suit for its violation. Similarly, there is no breach of contract at issue in this action so the Court can see no application for this defense to this case. Bedrosian offers no other possible application. This affirmative defense will be stricken without prejudice and without leave to amend. If Bedrosian seeks to include this affirmative defense in any amended answer it must seek leave from the Magistrate Judge, explaining the factual and legal basis for it.

*12. Failure to Mitigate Damages*

Bedrosian's twenty-first affirmative defense reads: "The Complaint and each cause of action set forth therein are barred, in whole or in part, because Plaintiffs' failed to exercise reasonable diligence to mitigate their damages, if any damages in fact were suffered." Doc. 7 at 21-22. This affirmative defense is the final in the series of "breach of contract related" affirmative defenses that Bedrosian advances. Doc. 25 at 6. As with the others, Bedrosian fails to explain any other application for this defense. As previously explained, because Plaintiff acknowledges that there was no employment contract between the parties that it seeks relief under, this affirmative defense will be stricken without prejudice and without leave to amend. If Bedrosian seeks to include this affirmative defense in any amended answer it must seek leave from the Magistrate Judge, explaining the factual and legal basis for it.

*///*

*Third Party Responsibility*

Bedrosian's twenty-second affirmative defense reads: "The Complaint and each cause of action set forth therein are barred, in whole or in part, because Plaintiffs' alleged damages, if any in fact were suffered, were proximately caused and/or contributed to by Plaintiffs' own conduct and/or the conduct of others." Doc 7. at 22. Similarly, Bedrosian's twenty-fifth affirmative defense alleges: "As a separate and distinct affirmative defense, Defendant alleges that any loss or damage sustained by Plaintiff and the putative class members, if any, were caused by the acts or omissions of Plaintiff and the putative class, or persons other than Defendant." Doc. 7 at 22. In its opposition, Bedrosian explains that this defense is "aimed at negating the 'joint employer' theory of liability…" and showing that "[t]o the extent that Plaintiffs' rights were violated … such violations were caused by Plaintiffs' direct employer…." Doc. 25 at 6.  Such a defense would, if proven, negate an element of the offense—that Bedrosian was an employer. See, e.g., Cal. Labor Code § 226 ("Every *employer* shall…."); Cal. Labor Code § 226.7 ("An *employer* shall not require… work during a meal or rest or recovery period…."); Cal.Code Regs., tit. 8 § 11140, subd. 4(A) & (B) ("Every *employer* shall pay…."), subd. 12 ("Every *employer* shall authorize and permit … rest periods…."); cf, 29 U.S.C. § 1832(a) (requiring farm labor contractors to pay wages owed).  Contending that a defendant is not an employer is not a stand-alone affirmative defense and need not be alleged as such. See J&J Sports Productions, Inc. v. Anguelo, 2015 WL 5020725, *3 (E.D. Cal. Aug. 21, 2015) (holding that a claim of third party responsibility is an attack on the prima facie elements and is not an affirmative defense).

Based on Bedrosian's representation regarding the purpose of the twenty-second and twenty-fifth affirmative defenses (that they only suggest that Jacobo is responsible for any damages), the Court will strike the portion of those defenses that suggest that "Plaintiff and the putative class members" are somehow responsible for any damages incurred.  Because it is clear from Bedrosian's argument that those defenses are redundant of Bedrosian's other denials and not properly raised as affirmative defenses, the remainder of Bedrosian's twenty-second and twenty-fifth affirmative defenses will be stricken with prejudice.

///

1    *13. Claim Preclusion and Issue Preclusion*

2    Bedrosian's twenty-third affirmative defense reads: "Some or all of Plaintiff's claims are

3    barred by the doctrine of res judicata/claim preclusion, collateral estoppel/issue preclusion,

4    and/or judicial estoppel." Doc. 7 at 22. Bedrosian contends that this defense rests "upon the

5    probability that some of the members of the putative class have already asserted claims against

6    Bedrosian that reached final judgment…." Doc. 25 at 5. Although Bedrosian should have at least

7    reference the suits where employees alleging similar claims against it obtained a judgment, there

8    is no indication that this affirmative defense would lack merit if such facts were alleged.

9    Although inadequately pled, this affirmative defense is not legally insufficient. It will be stricken

10   with leave to amend.

11   *14. Absence of an Unlawful Employment Policy*

12   Bedrosian's twenty-fourth affirmative defense reads: "The alleged injuries to Plaintiff

13   and the putative class members were not proximately caused by any unlawful policy, custom,

14   practice, and/or procedure promulgated and/or tolerated by Defendant." Doc. 7 at 22. Bedrosian

15   contends that this defense was also designed to show that Jacobo, rather than Bedrosian, is

16   responsible for any damages. Doc. 25 at 6. Again, this defense addresses an element of the

17   underlying offense (or a requirement for class certification), not an affirmative defense. See

18   Martinez, 2016 WL1275402, *3 (citing Miller, 2014 WL 4748299, *2 (Defenses addressing

19   absence of an unlawful policy are "more appropriately addressed on a motion for class

20   certification.")).  It will be stricken with prejudice because it is redundant of Bedrosian's class

21   treatment denials and not an appropriate affirmative defense.

22   *15. Insufficiency of Facts to Support a Claim for Punitive Damages*

23   Jacobo's ninth and tenth affirmative defense read: "Defendant alleges that the Complaint

24   and each purported cause of action contained therein fails to state facts sufficient to state any

25   claim upon which an award of punitive damages can be made." Doc. 29 at 19. Plaintiff has not

26   pled a demand for punitive damages. "Jacobo does not oppose Plaintiff's motion to strike" those

27   defenses. Jacobo's ninth and tenth affirmative defenses are stricken with prejudice.

28   / / /

**V. Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to strike Bedrosian's affirmative defenses is GRANTED as follows:

    a.  Bedrosian's first, twelfth, and twenty-third through twenty-fifth affirmative defenses are stricken with prejudice;

    b.  Bedrosian's second, fourth, sixth affirmative defenses are stricken with prejudice as to all claims except Plaintiff's UCL claim; as to the UCL claim, Bedrosian is granted leave to amend its second and fourth affirmative defenses;

    c.  Bedrosian's third affirmative defense is stricken with prejudice as to all claims except Plaintiff's PAGA and UCL claims; as to Plaintiff's PAGA and UCL claims, Bedrosian is granted leave to amend its first affirmative defense

    d.  Bedrosian's seventeenth, eighteenth, and twenty-third affirmative defenses are stricken with leave to amend in a manner not inconsistent with this order;

    e.  Bedrosian's eighth, thirteenth, fifteenth, eighteenth, and twentieth through twenty-second are stricken without prejudice and without leave to amend;

2.  Plaintiff's motion to strike Jacobo's affirmative defenses is GRANTED as follows:

    a.  Jacobo's third affirmative defense is stricken with prejudice;

    b.  Jacobo's first affirmative defense is stricken with prejudice as to all claims except Plaintiff's PAGA and UCL claims; as to Plaintiff's PAGA and UCL claims, Jacobo is granted leave to amend its first affirmative defense;

    c.  Jacobo's fifth affirmative defense is stricken with prejudice as to all claim except Plaintiff's UCL claim; as to Plaintiff's UCL claim, Jacobo is granted leave to amend its fifth affirmative defense;

    d.  Jacobo's ninth and tenth affirmative defenses are stricken with prejudice.

/ / /

/ / /

IT IS SO ORDERED.

Dated: ___May 19, 2016___

_____
SENIOR  DISTRICT  JUDGE