STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar. No. 242340)
  MPalau@TheMMLawFirm.com
JOSEPH D. SUTTON (Bar No. 269951)
  JSutton@TheMMLawFirm.com
ERIC S. TRABUCCO (Bar No. 295473)
  ETrabucco@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Marío Martinez, (Bar No. 200721)
Edgar Aguilasocho (Bar No. 285567)
MARTÍNEZ, AGUILASOCHO, & LYNCH
P.O. Box 11208
Bakersfield, California 93389-1208
Telephone: (661) 859-1174
Facsimile: (661) 840-6154

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTER DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL GOMEZ, on behalf of herself and others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>J. JACOBO FARM LABOR CONTRACTOR, INC., and BEDROSIAN FARMS LLC; and Does 1 through 20, inclusive,<br><br>　　　　　　Defendants. | Case No. 1:15-cv-01489-MJS<br><br>**PLAINTIFF'S NOTICE OF *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE EXISTING CLASS CERTIFICATION SCHEDULE AND AWARDING COSTS AND FEES TO PLAINTIFF**<br><br>Date:　　　　TBD<br>Time:　　　　TBD<br>Courtroom:　6, 7th Floor<br>Judge:　　　Magistrate Judge Michael J. Seng |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, at a time to be determined by the Court, in Courtroom 6 on the 7th Floor, at 2500 Tulare Street, Fresno, California, 93721, Plaintiff will, and hereby does, move this Court via *ex parte* application for an order continuing the existing class certification schedule.

This *ex parte* application is brought on the grounds that defendant J. Jacobo has failed to comply with their discovery responses that made production of class-wide discovery contingent upon entry into a protective order as Plaintiff's class certification filing deadline rapidly approaches. A protective order was entered into by the parties, and approved by the Court on July 27, 2016 (Doc. 43), however, J. Jacobo has continued to withhold class-wide discovery it made contingent on entry into a protective order. Since J. Jacobo retained new counsel in early January, 2018, Plaintiff's counsel has detailed J. Jacobo's failure to comply with its discovery responses in meet and confer correspondence, but Defendant has refused to follow through with their stated commitment to produce class-wide data ahead of class certification and has also refused to stipulated to continue the existing class certification schedule in light of this ongoing discovery dispute. In light of these facts, Plaintiff's counsel has sought an informal discovery conference with the Court.

In the meantime, good cause exists for granting this *ex parte* application seeking a continuance of the existing class certification schedule given Defendant's failure to comply with its discovery obligations.

### *Ex Parte* Notice

Notice of Plaintiff's *ex parte* application was provided to defense counsel on February 20, 2018, via email and facsimile, including the following:

Counsel for J. Jacobo
Roger Wilson
Email: roger@wilson-law.com
Facsimile: 559.746.7200

Counsel for Bedrosian Farms
Kevin Koligian
Email: KKoligian@littler.com
Facsimile: 559.272.0593

1
Plaintiff's *Ex Parte* Application to Continue Class Certification Schedule    *Case No.* 1:15-cv-01489-AWI-MSJ

Declaration of Joseph D. Sutton ("Sutton Decl.") ¶14 filed herewith.

This *ex parte* application is based on this Notice, the following Memorandum of Points and Authorities, the Declaration of Joseph D. Sutton and exhibits attached thereto, and any oral argument or evidence that the Court may consider in ruling on this Application.

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

This is a wage-and-hour class action and representative action on behalf of agricultural workers who worked for defendants J. Jacobo (the farm labor contractor) and Bedrosian Farms (the grower) from approximately September 30, 2011 to the present. The class action is brought pursuant to FRCP Rule 23 and the representative action is brought pursuant to the Private Attorneys General Act ("PAGA"), California Labor Code Sections 2698, et seq. This action revolves around the systematic failure by Defendants to pay California non-exempt employees, including plaintiff and the class, in conformance with California law in myriad ways.

Plaintiff has diligently sought class discovery from both defendants. Unfortunately, defendant J. Jacobo has failed to fulfill its commitment to produce class-wide discovery following the parties entry into a protective order. Plaintiff's counsel made repeated meet and confer attempts with J. Jacobo's prior counsel and has continued these efforts with recently substituted counsel but to no avail. With J. Jacobo's stonewalling on discovery, and the defendants refusal to stipulate to a continuance of the existing class certification schedule, plaintiff is left to surmise that defendants prefer gamesmanship to a determination of the matter on the merits.

As a result, plaintiff has no other choice but to make this *ex parte* application given that plaintiff's deadline to submit the class certification motion is due on March 27, 2018. Plaintiff seeks *ex parte* relief in the form of an order continuing the existing class certification deadline as follows:

1) Plaintiff must file her Motion for Class Certification no later than July 31, 2018;

2) Defendants must file any Opposition to Class Certification no later than August 31, 2018;

3) Plaintiff must file her Reply brief no later than September 14, 2018; and

4) The Court will hear plaintiff's class certification motion on October 29, 2018 or a date that is convenient for the Court.

*Ex parte* relief is appropriate for the reasons set forth in this application.

## II. LEGAL ARGUMENT

### A. *Ex Parte* Relief is Appropriate to Avoid Irreparable Harm and Protect Plaintiff's Due Process Right to Obtain Class Discovery Prior to Class Certification

Plaintiff has a due process right to conduct discovery on class issues and to present this evidence in support of class certification. *Carabini v. Sup. Ct*. (1994) 26 Cal.App.4th 239, 243-44; *Hendershot v. Ready to Roll Transportation, Inc*. (2014) 228 Cal.App.4th 1213, 1224-25.

California and Federal courts agree that putative class members' wage statements, timekeeping data and payroll records are discoverable prior to certification. See *Lee v. Dynamex, Inc*. (2008) 166 Cal.App.4th 1325, 1338 (remanding denial of class certification to trial court with directions to grant plaintiff's motion to compel disclosure of names and contact information of potential class members, so that plaintiff could "develop evidence capable of supporting his motion for class certification"); *Chavez v. Petrissans* (E.D. Cal. 2008) 2008 WL 4177797 ("The requested information is relevant and discoverable for purposes of class certification since the documents provide information regarding the numbers of hours worked and the amount employees were paid."); *Hill v. Eddie Bauer* (C.D. Cal. 2007) 242 F.R.D. 556, 562-63 ("Documents consisting of time and wage records are relevant for purposes of class certification since they assist the court in showing numerosity and commonality"); *Valenzuela v. MC2 Pool & Spa* (N.D. Cal. 2010) 2010 WL 3489596, **1-2 (ordering defendant to produce all putative class member timecard and payroll records).

Plaintiff has propounded two sets of written discovery generally seeking: (a) time records of putative class members; (b) payroll records of putative class members; (c) documents relating to relevant policies and practices, such as those governing compensation, rest and meal breaks, timekeeping procedures, payroll procedures, and compensation; and (d) identity and contact information of putative class members and witnesses. Sutton Decl. ¶3. In responses to plaintiff's first set of written discovery, J. Jacobo conditioned class-wide discovery production on the parties entering into a court-approved, stipulated protective order. Sutton Decl. ¶4. Based on this response, plaintiff's counsel submitted a stipulated protective order to counsel for Bedrosian Farms and J.

1  Jacobo. Shortly thereafter the parties agreed on a protective order and submitted it to the Court on
2  July 22, 2016 (Doc. 42). The Court approved the protective order on July 27, 2016 (Doc. 43).
3  However, Defendant J. Jacobo, through its former counsel and now through its current counsel, has
4  refused to following through on its commitment to producing class-wide discovery, even as the class
5  certification briefing schedule rapidly approaches.

6  Good cause exists for granting this *ex parte* application because, should the Court maintain
7  the existing class certification schedule, Plaintiff will be severely prejudiced as there is outstanding
8  class discovery that has been withheld by J. Jacobo. Defendant J. Jacobo's stonewalling on class
9  discovery has now pushed plaintiff to almost one month prior to the current date by which plaintiff
10 must currently submit her class certification moving papers. Filing a regularly noticed motion
11 seeking to continue the class certification schedule would push the Court's decision on such a matter
12 right up to the date by which plaintiff must file her certification papers, severely prejudicing plaintiff
13 and the class for defendant J. Jacobo's failure to produce documents and data it made contingent on
14 a protective order the parties have long since stipulated to and the Court has approved.

15

16 **B.     Plaintiff Has Not Caused the Situation Requiring *Ex Parte* Relief**

17 Plaintiff has been diligent in pursuing discovery in this matter, but, through no fault of her
18 own, has not obtained the discovery needed for class certification at this time. Unless the class
19 certification schedule is continued, plaintiff will suffer a due process violation, as she will be forced
20 to move for certification without an adequate opportunity for class certification discovery.

21 As noted in the accompanying attorney declaration filed herewith, Plaintiff has diligently
22 sought class-wide discovery from defendant J. Jacobo. See Sutton Decl. For example, plaintiff
23 propounded written discovery seeking (a) time records of putative class members; (b) payroll
24 records of putative class members; (c) documents relating to relevant policies and practices, such as
25 those governing compensation, rest and meal breaks, timekeeping procedures, payroll procedures,
26 and compensation; and (d) identity and contact information of putative class members and witnesses
27 on July 11, 2016. Sutton Decl. ¶3. In responses to this discovery J. Jacobo conditioned class-wide
28 discovery production on the parties entering into a court-approved, stipulated protective order. *Id.*,

1  ¶ 4. Based on this response, plaintiff's counsel forwarded a stipulated protective order to counsel
2  for Bedrosian Farms and J. Jacobo. *Id*. The parties agreed on a protective order and submitted it to
3  the Court on July 22, 2016 (Doc. 42). *Id*. The Court approved the protective order on July 27, 2016
4  (Doc. 43).

5  After the Court approved the parties protective order, plaintiff's counsel continued to pursue
6  the class-wide discovery in question with counsel for J. Jacobo, but received no response indicating
7  that it would follow through with its commitment to produce class-wide discovery following entry
8  into a protective order. Sutton Decl. ¶5. Following these efforts the Court issued its Scheduling
9  Order setting the class certification schedule. Doc. 52. After issuance of the Scheduling Order
10 plaintiff propounded more written discovery on J. Jacobo that was untimely responded to, waiving
11 its right to object. Sutton Decl. ¶8. Former counsel for J. Jacobo emailed plaintiff's counsel on April
12 21, 2017 stating that it was ceasing its representation of J. Jacobo and would be filing withdrawal
13 papers soon. Sutton Decl. ¶ 9. In the same email, former counsel for J. Jacobo sought that "that all
14 pending discovery be stayed  to allow the parties to obtain new counsel." Ex. 5 to Sutton Decl. J.
15 Jacobo's former counsel was not formally relieved until the Court's order on January 5, 2018.

16 Since J. Jacobo's new counsel, Mr. Roger Wilson, substituted in on January 5, 2018,
17 plaintiff's counsel has sent meet and confer correspondence and multiple email messages regarding
18 the outstanding discovery, but has not received a date certain by which the discovery made
19 contingent on the parties entry into a protective order would be produced. Sutton Decl. ¶¶ 11-13.
20 Further, plaintiff's counsel has proposed a continuance of the class certification schedule based on
21 J. Jacobo's failure to produce class discovery, but counsel for Bedrosian Farms has refused and
22 counsel for J. Jacobo has failed to respond. Sutton Decl. ¶12.

23 The factual record is clear that plaintiff is not responsible for the situation here requiring *ex*
24 *parte* relief--continuing the class certification schedule—and therefore *ex parte* relief is appropriate
25 here.

26

27 **III.   CONCLUSION**

28 For the forgoing reasons, plaintiff respectfully requests that the Court continue the class

4

Plaintiff's *Ex Parte* Application to Continue Class Certification Schedule         *Case No*. 1:15-cv-01489-AWI-MSJ

certification schedule as proposed by plaintiff.

Date: February 20, 2018                                    **MALLISON & MARTINEZ**
                                                           Attorneys for Plaintiff


                                                           By:   *Joseph D. Sutton*