# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL GOMEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J. JACOBO FARM LABOR CONTRACTOR, INC. and BEDROSIAN FARMS LLC,<br><br>Defendants. | Case No. 1:15-cv-01489-AWI-MJS<br><br>ORDER GRANTING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR ORDER CONTINUING CLASS CERTIFICATION SCHEDULE<br><br>(ECF No. 62) |

**I.     Procedural Background**

This is a wage-and-hour action brought by Plaintiff Marisol Gomez on behalf of herself and a proposed class of all individuals employed by Defendants J. Jacobo Farm Labor Contractor, Inc. and Bedrosian Farms LLC (hereinafter collectively "Defendants") in California at any time since September 30, 2011. Plaintiff and the class of individuals she seeks to represent under Rule 23, and those they represent through California's Private Attorneys General Act (PAGA), are current or former non-exempt agricultural and packing work employees of Defendants in California, who, Plaintiff alleges, were

subjected to unlawful labor and payroll policies in violation of various state and federal wage and hour laws. (ECF No. 1.)

Defendants generally deny the substance of the allegations of the Complaint. (ECF Nos. 40 & 48.)

This case was initiated on September 30, 2015, but the pleadings were not closed until November 9, 2016. A Scheduling Order was issued January 17, 2017. It generally limited initial discovery and other proceedings to class certification issues and set March 27, 2018 as the deadline for filing a motion for class certification. (ECF No. 52.)

Now before the Court is the February 20, 2018, "Notice of Ex Parte Application for an Order Continuing the Existing Class Certification Schedule and Awarding Costs and Fees to Plaintiff," filed by Plaintiff Marisol Gomez.[1] (ECF No. 62.) She seeks to extend the deadline for moving for class certification to July 31, 2018, and to adjust opposition, reply, and hearing dates accordingly.

The ex parte Application was discussed along with other topics during a February 23, 2018, informal Telephonic Discovery Dispute Conference and, opposition to the Application being expressed, it was agreed the Defendants would have until February 28, 2018 (a few days longer than initially requested) to file written opposition and the Plaintiff until March 2, 2018, to file a reply. (ECF No. 64.) The opposition and reply were filed by the agreed deadlines. (ECF No. 65 & 66.)

The court now deems the matter submitted on the record and briefs and without the need for oral argument. Local Rule 230(g).

**II.   Applicable Law**

   **A.   Scheduling Order Modification**

Districts courts must enter scheduling orders that "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P.

---

[1] Plaintiff refers to an award of fees and costs in the caption of her motion but does not otherwise refer to or support such a request. Accordingly, the Court will not grant Plaintiff fees and costs in relation to this ex parte motion.

2

16(b)(3)(A). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Id. (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)).

The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The "good cause" standard focuses primarily on the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. If the party was not diligent, the inquiry should end.

### B. Ex Parte Relief

"Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." Moore v. Chase, Inc., No. 1:14-CV-01178-SKO, 2015 WL 4393031, at *4 (E.D. Cal. July 17, 2015) (quoting Clark v. Time Warner Cable, No. CV-07-1797-VBF (RCx), 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007)). See also Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995)). The moving party must be "without fault" in creating the need for ex parte relief or establish that the "crisis [necessitating the ex parte application] occurred as a result of excusable neglect." Moore, 2015 WL 4393031, at *4 (quoting Clark, 2007 WL 1334965, at *1). An ex parte application seeks to bypass the regular noticed motion procedure; consequently, the

3

party requesting ex parte relief must establish a basis for giving the application preference. See id.

**III.    Arguments of the Parties**

    **A.    Plaintiff**

Plaintiff claims that the request to delay the certification motion deadline is attributable to the asserted failure of Defendant J. Jacobo Farm Labor Contractor, Inc. ("Jacobo") to respond to discovery. More specifically, Plaintiff asserts: Plaintiff served interrogatories, document production demands, and requests for admission on both Defendants in June 2016, even before the pleadings were settled and the Scheduling Order issued. Plaintiff's written discovery sought time and payroll records and identity and contact information for putative class members and documents reflecting Defendants' policies and procedures for compensation, rest and meal breaks, record keeping, etc. Jacobo conditioned its responses to this discovery upon first entering into a court-approved stipulated protective order. That was secured on July 27, 2016. According, to Plaintiff's counsel, he followed up with Jacobo's counsel on August 31, 2016, to secure the production promised once the protective order was obtained. Jacobo requested more time due to "solvency issues." Plaintiff followed up again on September 19, 2016. Counsel received no response.

On January 17, 2017, the date the Scheduling Order was entered, Plaintiff served additional discovery on the Jacobo. Jacobo requested, and Plaintiff granted, an extension of time to March 24, 2017 to respond to the new discovery. Eventually, on April 21, 2017, Jacobo responded to the second set of discovery requests. However, on the same date, Jacobo's counsel advised that it would be withdrawing its representation and asked "that all pending discovery be stayed to allow the parties to obtain new counsel." No formal motion to withdraw was filed until November 29, 2017. It was not granted until January 5, 2018. Plaintiff's counsel promptly, on January 10, 2018, conferred with Jacobo's new attorney who asked for a couple of weeks to review the file

4

and get up to speed before discussing outstanding discovery matters. Plaintiff's counsel then followed up on February 6, 2018, and on three subsequent occasions to secure a date on which the requested documents would be produced. It was not until the February 23, 2018, Telephonic Discovery Dispute Conference that Plaintiff was able to secure a commitment from Jacobo to produce the requested documents by March 9, 2018.

Plaintiff asserts that it needs these responses in order to establish the elements of numerosity and commonality necessary to class certification. If responses are produced on March 9, 2018, Plaintiff would have marginal time to analyze, compile and incorporate same into a class certification motion. If documents are not produced and a discovery motion must to be filed, the class certification deadline would most assuredly pass before a discovery motion could be resolved. Hence, the instant motion to continue the class certification schedule was filed ex parte.

### B. Defendant Bedrosian

The essence of the opposition filed by Bedrosian Farms LLC ("Bedrosian") is its assertion that Plaintiff was far from diligent in delaying for 20 months the challenge to the sufficiency of Jacobo's responses. Bedrosian also argues that Plaintiff herself brought about the circumstances that caused her to seek this relief, and she has failed to demonstrate irreparable harm if the relief is denied.

More specifically, Bedrosian insists that Plaintiff "**has done nothing**" with regard to this issue. (Emphasis in original.) Bedrosian faults Plaintiff for not earlier pursuing the discovery via an informal Telephonic Discovery Dispute Conference or by filing a formal motion to compel supplements to Jacobo's July 2016 and April 2017 discovery responses. Bedrosian claims the delay is prejudicial to it because it was done "simply to enlarge the relevant time period and accrued interest for Plaintiff's class claims" and because delay makes it difficult for Bedrosian to secure favorable witnesses at trial.

Bedrosian further argues Plaintiff should be denied relief because she has acted in bad faith by frustrating the taking of her own deposition.

Finally, Bedrosian argues that the ex parte nature of Plaintiff's request for relief deprived Defendant of a fair opportunity to oppose Plaintiff's requests.

**IV. Analysis**

**A. Diligence**

Certainly, Plaintiff could have attempted to bring these discovery issues to a head earlier than she did. However, the failure to do so, the failure to be as diligent as humanly possible, is not the same as a failure of diligence sufficient to justify denial of this motion. The Court is satisfied that Plaintiff acted with sufficient diligence under all the circumstances presented in the history of this case.

The responses which appear to have been and remain challenged are those provided by Jacobo in June 2016. Once received, Plaintiff apparently objected and, in response, was led to believe further full responses would be provided once a protective order was entered. The protective order was entered on July 27, 2016. The delay between June 2016 and July 27, 2016, is reasonable, appropriate, and does not reflect lack of diligence.

Plaintiff engaged in further efforts to secure Jacobo's responses in August, 2016, but was asked to be patient because Jacobo had "solvency issues." Professional courtesy alone might have justified delay in pushing the issue; common sense and self-interest dictated Plaintiff not hasten a possible insolvency. She did follow up in September. The Court finds no lack of diligence there.

On January 17, 2017, Plaintiff served additional discovery. Its topics and how it differed from or supplemented the earlier discovery is far from clear. Bedrosian suggests, without refutation, that this new discovery dealt only with Defendants' affirmative defenses, not issues relevant to numerosity and commonality necessary to a class certification motion. Plaintiff does not dispute this. Thus, it may be that subsequent

discussions between Plaintiff and Jacobo about supplemental answers related to the more recent discovery. The conflation of issues relating to the two sets of discovery is not helpful.

However, it is clear that the responses Jacobo had promised back in 2016 were still outstanding – they remain outstanding even now. Plaintiff continued to follow up and seek additional discovery responses and, at Jacobo's request, Plaintiff granted an extension of time to March 24, 2017, for Jacobo to provide further responses. While it is somewhat unclear whether this extension pertained to the first or second set of discovery requests, or both, this again suggests to the Court that Plaintiff's counsel was affording Jacobo a common professional courtesy; it does not suggest a lack of diligence.

Then, though the second round of discovery finally was responded to on April 21, 2017, Jacobo's attorney advised that he would soon be withdrawing as counsel and he requested that "all pending discovery be stayed" while Jacobo obtained new counsel. Again, it is unclear whether the reference to pending discovery was to the first or second round initiated by Plaintiff, to both, or to new discovery. However, as noted, issues remained regarding responses to the initial set of discovery, and it must be assumed that Jacobo's counsel's request for a "stay" applied to all outstanding discovery issues. Once again, common courtesy and professionalism favor granting Jacobo's request, particularly given that Jacobo's attorney offered to stipulate to or join in any requests for continuances of deadlines or hearings to avoid prejudice to Plaintiff. Good judgment would inform experienced counsel that a Court would frown on an aggressive disregard of this request absent some impending deadline. No lack of diligence yet.

Regrettably, it was some months before a motion to withdraw was filed, and then finally granted on January 5, 2018. While Plaintiff would not likely have been faulted for revisiting the issue sooner, the above-noted justifications for not acting remained. Once

1 new counsel was secured by Jacobo, the record reflects Plaintiff pursued the matter
2 diligently with him and then brought things to a head with the instant ex parte application.

Under all these circumstances, the Court cannot find Plaintiff lacked reasonable diligence.

**B.     Prejudice.**

As the Court mentioned during the informal discussion of this mater on February 23, 2018, it would nevertheless have considerable concern about Plaintiff's request if a party demonstrated that genuine prejudice might result from the delay requested. Despite the invitation, Bedrosian has presented nothing to suggest any real prejudice. It simply suggests Plaintiff had an improper motive for seeking delay and that delay will make it more difficult to secure favorable witnesses.

The Court has absolutely no interest in, and firmly disapproves of, Bedrosian's speculation as to Plaintiff's motivation.  Both parties need to stick to citing and arguing facts and law in support of their position, not surmising about improper motives.

Further, Bedrosian does not explain, and the Court does not envision, how anything Plaintiff has done or not done to date would have prevented Bedrosian from identifying, interviewing and lining up favorable witnesses.

There is no prejudice to Bedrosian.

**C.     Bad Faith**

The issues raised by Plaintiff's failure to make herself available for a deposition have been addressed (see ECF No. 64) and, if they continue, likely will be addressed further and with potentially quite adverse consequences for Plaintiff. In the Court's view, those issues exist independently of the issues presented here. They do not provide a basis for denying the instant request.

**D.     Opportunity to Oppose**

Bedrosian's counsel was asked during the February 23, 2018 telephone conference how long he would like to have to respond in writing to Plaintiff's ex parte

1 application. He was granted more time than he requested. He may not now be heard to
2 complain he had insufficient time to respond. More importantly, he had adequate time to
3 properly and fully setting out the history of the case and alerting the Court to delays to
4 date. That history is neither extensive nor contested. It is unlikely more time would have
5 provided more enlightenment.

### E. Justification for Request

The discovery Plaintiff seeks logically relates to issues of numerosity and commonality, proper subjects for discovery relevant – if not prerequisite – to a motion for class certification. See Chavez v. Petrissans, No. 08 cv 00122 LJO GSA, 2008 WL 4177797, at *4 (E.D. Cal. 2008) ("The requested information is relevant and discoverable for purposes of class certification since the documents provide information regarding the numbers of hours worked and the amount employees were paid."); Hill v. Eddie Bauer, 242 F.R.D. 556, 562-63 (C.D. Cal. 2007) (holding that time and wage records are discoverable prior to class certification because they assist the plaintiff in showing numerosity and commonality); Valenzuela v. MC2 Pool & Spa, No. C09–01698 RS (HRL), 2010 WL 3489596, at **1-2 (N.D. Cal. 2010) (ordering defendant to produce all putative class member timecard and payroll records prior to class certification).

Absent compelling circumstances, the Court would not put Plaintiff or the putative class in the position of having to seek class certification without such information. The Court finds no compelling reasons to do so here.

### F. Propriety of Ex Parte Relief

Plaintiff's request to proceed ex parte in her effort to modify the schedule is not ideal. Such motions allow litigants to bypass normal procedures to "go to the head of the line in front of all other litigants and receive special treatment." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F.Supp. 488, 489 (C.D. Cal. 1995).

Nonetheless, as stated above, the Court is unwilling to fault Plaintiff for affording Jacobo's attorneys the professional courtesy of additional time to respond to the

discovery requests, particularly in light of Jacobo's potential insolvency and its prolonged efforts to obtain new counsel. By the time it became apparent that Jacobo's new attorney was unable promptly to produce the requested discovery, Plaintiff was left with insufficient time to file a properly noticed motion, obtain relief, and review the discovery before the deadline for filing her class certification motion.

One could question whether these facts are sufficient to show the type of necessity and lack of fault required to support proceeding ex parte with such a request. At the same time, as stated above, Defendant has not shown it is prejudiced by the ex parte request. The motion itself is relatively straightforward, and Bedrosian had ample time to file a comprehensive opposition.

Thus, even if Plaintiff has offered only borderline support for her request to proceed ex parte, the Court is unwilling to deny a continuance on this ground.

### G. Relief Requested

Plaintiff requested until July 31, 2018 to file her motion for class certification. However, the Court believes a three month extension will be sufficient to enable Plaintiff to secure, analyze and incorporate into a class certification motion the information it seeks through the contested discovery. Accordingly, the Court's Scheduling Order will be modified to give Plaintiff until June 29, 2018, to file her motion for class certification. The defense shall have until July 30, 2018 to file opposition, and Plaintiff will have until August 14, 2018 to file a reply. The hearing on the motion shall be held before the Honorable Anthony W. Ishii, in Courtroom 2 of this Court, Fresno, at 1:30 p.m. on October 1, 2018.

### IV. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's ex parte request to continue the class certification schedule is GRANTED IN PART as stated herein;

2. Any motion for certification of a class must be filed not later than June 29, 2018;

3. Opposition to such a class certification shall be filed on or before July 30, 2018;

4. A reply to the opposition may be filed at any time before August 14, 2018; and

5. Hearing on the motion shall be before the Honorable Anthony W. Ishii on October 1, 2018 at 1:30 p.m. in Courtroom 2.

IT IS SO ORDERED.

Dated: March 9, 2018  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE