STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar. No. 242340)
  MPalau@TheMMLawFirm.com
JOSEPH D. SUTTON (Bar No. 269951)
  JSutton@TheMMLawFirm.com
ERIC S. TRABUCCO (Bar No. 295473)
  ETrabucco@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Marío Martinez, (Bar No. 200721)
Edgar Aguilasocho (Bar No. 285567)
MARTÍNEZ, AGUILASOCHO, & LYNCH
P.O. Box 1998
Bakersfield, California 93303
Telephone: (661) 859-1174
Facsimile: (661) 840-6154

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTER DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL GOMEZ, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>J. JACOBO FARM LABOR CONTRACTOR, INC., AND BEDROSIAN FARMS LLC; and Does 1 through 20, inclusive,<br><br>Defendants. | Case No. 1:15-cv-01489-AWI-BAM<br><br>**JOINT STATEMENT RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANT J. JACOBO TO PRODUCE CLASS-WIDE DOCUMENT/DATA**<br><br>Date:       May 4, 2018<br>Time:      9:00 a.m.<br>Location:  Courtroom 8<br>               2500 Tulare Street, Fresno, CA<br><br><br>Before the Honorable Barbara McAuliffe |

I.   **INTRODCUTION**

   A.   **Plaintiff's Introductory Statement**

   This is a wage-and-hour class action and PAGA representative action brought by Plaintiff Marisol Gomez. Plaintiff is a farmworker who worked earning a piece rate from defendants, J. Jacobo Farm Labor Contractor, Inc. ("J. Jacobo") and Bedrosian Farms, LLC. This action arises from defendants' failure to pay plaintiff and class members for all hours worked, including rest breaks. See Labor Code § 226.2. This motion pertains to defendant J. Jacobo's discovery responses to plaintiff's Requests for Production of Documents/Data, Set 1.

   Plaintiff propounded a first set of written discovery on J. Jacobo on May 19, 2016, including requests for production of documents, interrogatories, and requests for admissions. The written discovery requests were aimed at obtaining: (a) time records of putative class members; (b) payroll records of putative class members; (c) documents relating to relevant J. Jacobo's wage and hour policies and practices; and (d) the identity and contact information of putative class members and witnesses.

   J. Jacobo served its responses to this first set of written discovery on July 11, 2016. In these responses, J. Jacobo conditioned class-wide discovery of putative class member timekeeping, payroll, wage statement documents/data, and putative class member contact information on the parties entering into a court-approved, stipulated protective order. For example, in response to Plaintiff's class-wide document and data requests numbers, J. Jacobo responded: ". . . Defendant will make such documents only with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar terms and conditions of employment available to PLAINTIFF'S counsel only after Court approval or a Protective Order agreed upon by the Parties for the purpose of shielding non-party employees private and confidential information."

   Based on this response, Plaintiff's counsel forwarded a stipulated protective order to counsel for Bedrosian Farms and J. Jacobo. The parties agreed on a protective order and submitted it to the Court on July 22, 2016. Doc. 42. The Court approved the protective order on July 27, 2016. Doc. 43. Following Court approval of the stipulated protective order, plaintiff's counsel sought further

1

responses and production from J. Jacobo regarding documents/data and class member contact information. Instead of producing documents/data and other class-wide discovery responsive to plaintiff's requests, J. Jacobo stalled, ignored email's and calls from plaintiff's counsel, and eventually notified plaintiff's counsel that counsel for defendant J. Jacobo would be filing withdrawal papers and would not be responding to additional discovery in the interim.

Finally, on January 5, 2018, the Court granted defense counsel's motion to withdraw, and Mr. Roger Wilson substituted in as counsel for J. Jacobo. On January 10, 2018, Plaintiff's counsel contacted Mr. Roger Wilson to introduce ourselves and to meet and confer regarding J. Jacobo's outstanding discovery. Still new to the case, Mr. Wilson responded that he had not yet received the client file in this matter from J. Jacobo's former attorneys and would need to review that file prior to any substantive conversation on discovery matters.

On February 6, 2018, Plaintiff's counsel sent a meet and confer letter outlining Plaintiff's issues with J. Jacobo's discovery responses to Mr. Wilson and seeking a date certain by which J. Jacobo would produce class-wide documents and data that it had conditioned on a protective order. Mr. Wilson responded by email on February 6, 2018 that he would "get [Plaintiff's counsel] an answer when we meet for [Plaintiff's] deposition [February 12, 2018]." As Plaintiff's deposition did not go forward on February 12, 2018, Plaintiff's counsel again contacted Mr. Wilson by email on February 13, 2018 seeking a date certain by which the class-wide discovery made contingent on a protective order would be produced. Mr. Wilson responded that he was meeting with his client over the weekend and would "contact [me] early next week to discuss."

Given the lack of a response indicating when responsive documents/data would be produced, and the fact that existing class certification deadline has Plaintiff filing her moving papers by March 27, 2018, Plaintiff's counsel asked Mr. Wilson for his available dates for a discovery conference with Magistrate Judge Seng, but received none. Magistrate Judge Seng set the matter for a February 23, 2018 discovery conference.

Following the telephonic discovery dispute conference with Judge Seng concerning J. Jacobo utter failure to provide documents responsive to Plaintiff's RFPs Set One and Two and

2

1  Interrogatories, Judge Seng issued a minute order opining: "Defendant Jacobo shall produce

2  responses to outstanding discovery within two weeks of today; absent substantial production and

3  arrangements for full production reasonably satisfactory to Plaintiff's counsel, Plaintiff's counsel is

4  authorized to proceed with a motion for sanctions, including terminating sanctions, without the need

5  for another TDDC." Doc. 64.

6       On March 9, 2018 J. Jacobo served supplemental discovery responses to Plaintiffs RFPs

7  Sets One and Two and Interrogatories. While Jacobo did apparently provide documents in its

8  possession responsive to wage and hour policies and practices, the production was sorely deficient

9  regarding: (a) time records of putative class members; (b) payroll records of putative class members;

10  (c) the identity and contact information of putative class members and witnesses; and (d)

11  documents/data detailing whether Jacobo has complied with Labor Code § 226.2's safe harbor

12  provision. Instead, Jacobo produced a scant 34 pages of payroll journal documents that cover

13  periods from August 23, 2014 to September 12, 2014 and September 15, 2015 to October 3, 2015.

14  As far as the witness and class member contact information sought in Plaintiffs' Interrogatories,

15  Jacobo produced a document entitled "J. Jacobo FLC, Inc. Returned Safe Harbor Payments" that

16  did not contain all putative class member contact information.

17       This production fails to fully satisfy the requests made in Plaintiffs' RFPs and

18  Interrogatories. In short, plaintiffs are entitled to timekeeping and payroll records for the entire

19  putative class from four years prior to the filing of the complaint; the identity and contact

20  information of putative class members and witnesses; and details regarding whether Jacobo has

21  complied with Labor Code § 226.2's safe harbor provision.

22       This motion seeks an order compel such production and further responses and sanctions

23  against Jacobo in accordance with Judge Seng's minute order (Doc. 64), as Jacobo's production was

24  not substantial and no arrangements were made for full production even after Plaintiffs' counsel

25  contacted defense counsel outlining how Jacobo's production was deficient.

26      **B.**    <u>**Defendant's Introductory Statement**</u>

27       The Complaint in this case was filed in September 2015.  Plaintiff propounded discovery

28

3

1   on Defendant J. Jacobo Farm Labor Contractor ("Jacobo") in July 2016.  On or about July 11,

2   2018, then-Counsel for Jacobo, Raimondo and Associates, provided responses to Plaintiff's

3   Request for Production of Documents—Set One, Requests for Admissions—Set One, and Special

4   Interrogatories—Set One.

5        In 2016 Defendant Bedrosian Farms LLC's counsel asked Plaintiff Marisol Gomez's

6   counsel to provide dates for Plaintiff's deposition. No dates were provided. Mr. Koligian did not

7   press the issue because the parties agreed to participate in an early mediation, which Plaintiff

8   subsequently cancelled four days before the mediation briefs were due.

9        The parties executed a Protective Order on July 22, 2016.

10       Counsel for Plaintiff and then-Counsel for Jacobo exchanged correspondence related to the

11  discovery off and on for the next 17 months.  On three separate occasions in 2017, Defendant

12  Bedrosian Farms LLC's counsel asked Plaintiff's counsel to identify available dates for Plaintiff's

13  deposition.  No response or dates were provided.

14       On or about January 5, 2018, following a hearing before the Honorable Judge Michael J.

15  Seng, the Court granted a motion by attorneys Anthony Raimondo and Gerardo Hernandez to

16  withdraw as attorneys of record for Jacobo.  Attorney Roger D. Wilson was granted permission to

17  substitute in as attorney for Jacobo.

18       On or about January 4, 2018, Mr. Wilson requested the Jacobo case files from prior counsel

19  Raimondo and Associates.  However, it was not until January 22, 2018, that Mr. Wilson, received a

20  compact disk from Raimondo and Associates containing what was purported to be Jacobo's case

21  file.  Promptly on January 23, 2018, Mr. Wilson emailed all parties of his receipt of the case file

22  from Jacobo's prior counsel.

23       On January 8, 2018, Counsel for Defendant Bedrosian Farms noticed Plaintiff's deposition

24  for January 26, 2018.

25       On January 11, 2018, Counsel for Plaintiff and Mr. Wilson discussed discovery, mediation

26  and the class certification schedule, but no firm dates were set.

27       On February 7, 2018, Plaintiff's counsel emailed Mr. Wilson stating that the parties

28                                                    4

1  "needed to close the discovery loop" and that he wanted an answer by Friday February 9, 2018.

2  Mr. Wilson immediately contacted Mr. Sutton and informed him that Mr. Wilson was in trial and

3  would be unable to get an answer to him by February 9.

4      Plaintiff's deposition was previously noticed for February 12, 2018.  Mr. Wilson informed

5  Mr. Sutton that they could discuss the discovery disputes on that date.  However, no one for

6  plaintiff appeared at the previously-noticed deposition.

7      On or about March 8, 2018, Mr. Wilson provided not only supplemental responses to

8  Plaintiff's Request for Production of Documents—Set One, but also supplemental responses to

9  Requests for Production—Set Two.  Additionally, Mr. Wilson served supplemental responses to

10  Plaintiff's Interrogatories—Set One on the same date.

11      Plaintiff's counsel's characterization of Jacobo's responses to discovery are disingenuous

12  and wholly without merit.  In the three-plus months Mr. Wilson has served as counsel for Jacobo

13  Jacob has provided discovery responsive the Plaintiff's requests as expeditiously as possible.

14  Indeed, Plaintiff's seemed content with the perceived lack of responsive discovery from Jacobo

15  for well over two years.

16      Jacobo's new counsel has demonstrated full cooperation with Plaintiff's counsel and has

17  provided timely discovery responses.  Despite this cooperation, Plaintiff's counsel confused and

18  somewhat belligerent apparently because Jacob does not possess items responsive to Plaintiff's

19  requests.  Jacobo has no ability and is under no obligation to produce documents that it neither

20  possesses or, alternatively, are not responsive to Plaintiff's discovery requests.

21      Plaintiff never alleged a discovery dispute in the previous two-plus years this case has

22  been litigated.  Moreover, the fact that Plaintiff waited over two years to assert discovery

23  deficiencies is meant only to mislead the court and is demonstrative of Plaintiff's creating its own

24  exigency.

25      Jacobo's new counsel has cooperated fully with Plaintiff's counsel and will continue to do

26  so.

27

28

5

## II.     PARTIES MEET AND CONFER EFFORTS

As detailed above, the parties have meet and conferred rather extensively prior to Plaintiff filing this motion, and the parties also participated in a telephonic discovery dispute conference with Judge Seng, in which he authorized Plaintiff to file this motion and seek sanctions should Jacobo fail to substantially produce documents and data responsive to Plaintiff's discovery requests. Following Defendant's woefully inadequate production on roughly March 9, 2018, Plaintiff filed this motion and then, following the filing of the notice of this motion, Plaintiff's counsel also emailed counsel for Defendant outlining the concerns regarding Jacobo's production. Plaintiff's counsel has not received any substantive response to that email outlining concerns regarding Jacobo's production.

Counsel for Jacobo contacted Plaintiff's counsel on April 16, 2018, wherein it was explained that counsel and Mr. Jacobo would meet to discuss the discovery issues.  Mr. Wilson asked Plaintiff's counsel to "please explain to me what, in particular, you are requesting from [Mr. Jacobo] that you believe you have not already received?"  Plaintiff's counsel's response was a very long letter wherein he asserted that Mr. Jacobo needed to provide: "payroll data in native electronic format, any timekeeping documents indicating shift start and stop time, meal or rest periods, all wage and hour policy documents or communications relating to such policies, wage statements, class member contact list, all documents showing that [defendant] compiled with LC § 226.2(b), [and] all documents showing work schedules (including rest and meal periods)."  Additionally, for the very first time, Plaintiff's Counsel informed Mr. Wilson that he had not received Attachment "C" to the Supplemental discovery responses.

Jacobo's counsel mailed another compact disk to Plaintiff's counsel containing the supplemental discovery responses and all attachments.

## III.    DISCOVERY IN DISPUTE

### A.     Request for Production of Documents, Sets One

REQUEST NO. 1.

Please produce all DOCUMENTS and electronically stored information constituting

6

1  PAYROLL RECORDS (i.e., records showing the total daily hours worked; gross and net wages

2  earned; wages paid at all applicable rates of pay; piece rate information, the name and address of

3  the employer) of all current or former EMPLOYEES during the RELEVANT TIME PERIOD.

4  **INITIAL RESPONSE TO REQUEST NO. 1 (Prior Counsel):**

5  Defendant objects on the ground that the information sought is not relevant to subject

6  matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

7  admissible evidence.  Defendant further objects on grounds that this Request is overbroad, unduly

8  burdensome, vague and ambiguous as to the terms. Defendant objects to this Request in that the

9  term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect

10  to operations where Plaintiffs never worked, and work groups that worked under entirely different

11  terms and conditions of employment.  Subject to and without waiving said objections, Defendant

12  responds as follows:

13  At this time, Defendant will produce DOCUMENTS and electronically stored information

14  constituting PAYROLL RECORDS for the named PLAINTIFF. Defendant will make documents

15  only with respect to employees who worked in locations where Plaintiffs worked with similar

16  terms and conditions of employment available to PLAINTIFF'S counsel only after Court approval

17  of a Protective Order agreed upon by the Parties for the purpose of shielding non-party employees'

18  private and confidential information.

19  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:**

20  Defendant objects on the ground that the information sought is not relevant to subject

21  matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

22  admissible evidence.  Defendant further objects on grounds that this Request is overbroad, unduly

23  burdensome, vague and ambiguous as to the terms. Defendant objects to this Request in that the

24  term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect

25  to operations where Plaintiffs never worked, and work groups that worked under entirely different

26  terms and conditions of employment.  Subject to and without waiving said objections, Defendant

27  responds as follows:

28

7

1    DOCUMENTS responsive to this request for the named PLAINTIFF are attached hereto as

2    Attachment "A".

3    REQUEST NO. 2.

4    Please produce all itemized wage statements ( as defined in Labor Code § 226) of all current

5    and former EMPLOYEES during the RELEVANT TIME PERIOD.

6    **INITIAL RESPONSE TO REQUEST NO. 2 (Prior Counsel):**

7    Defendant objects on the ground that the information sought is not relevant to subject

8    matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

9    admissible evidence.  Defendant further objects on grounds that this Request is overbroad, unduly

10   burdensome, vague and ambiguous as to the terms. Defendant objects to this Request in that the

11   term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect

12   to operations where Plaintiffs never worked, and work groups that worked under entirely different

13   terms and conditions of employment. Subject to and without waiving said objections, Defendant

14   responds as follows:

15   At this time, Defendant will produce all itemized wage statements (as defined in Labor

16   Code § 226) for the named PLAINTIFF. Defendant will make documents only with respect to

17   employees who worked in locations where Plaintiffs worked with similar terms and conditions of

18   employment available to PLAINTIFF'S counsel only after Court approval of a Protective Order

19   agreed upon by the Parties for the purpose of shielding non-party employees' private and

20   confidential information.

21   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

22   Defendant objects on the ground that the information sought is not relevant to subject

23   matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

24   admissible evidence.  Defendant further objects on grounds that this Request is overbroad, unduly

25   burdensome, vague and ambiguous as to the terms. Defendant objects to this Request in that the

26   term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect

27   to operations where Plaintiffs never worked, and work groups that worked under entirely different

28

8

1  terms and conditions of employment. Subject to and without waiving said objections, Defendant

2  responds as follows:

3      DOCUMENTS responsive to this request for the named PLAINTIFF are attached hereto as

4  Attachment "A".

5  REQUEST NO. 3.

6      Please produce all DOCUMENTS and electronically stored information constituting time

7  cards/sheets for all current or former EMPLOYEES during the RELEVANT TIME PERIOD.

8  **INITIAL RESPONSE TO REQUEST NO. 3 (Prior Counsel):**

9      Defendant objects on the ground that the information sought is not relevant to subject

10  matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

11  admissible evidence.  Defendant further objects on grounds that this Request is overbroad, unduly

12  burdensome, vague and ambiguous as to the terms. Defendant objects to this Request in that the

13  term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect

14  to operations where Plaintiffs never worked, and work groups that worked under entirely different

15  terms and conditions of employment.  Subject to and without waiving said objections, Defendant

16  responds as follows:

17      After diligent search and reasonable inquiry, Defendant has found no documents within its

18  sole custody and possession that are responsive to this request as to PLAINITFF. If documents

19  responsive to this request are found for EMPLOYEES, Defendant will make such documents only

20  with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar terms

21  and conditions of employment available to PLAINTIFF'S counsel only after Court approval of a

22  Protective Order agreed upon by the Parties for the purpose of shielding non-party employees'

23  private and confidential information.

24  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

25      Defendant objects on the ground that the information sought is not relevant to subject

26  matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

27  admissible evidence.  Defendant further objects on grounds that this Request is overbroad, unduly

28

9

1   burdensome, vague and ambiguous as to the terms. Defendant objects to this Request in that the

2   term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect

3   to operations where Plaintiffs never worked, and work groups that worked under entirely different

4   terms and conditions of employment.  Subject to and without waiving said objections, Defendant

5   responds as follows:

6          After diligent search and reasonable inquiry, Defendant has found no documents within its

7   sole custody and possession that are responsive to this request as to PLAINITFF. If documents

8   responsive to this request are found for EMPLOYEES, Defendant will make such documents only

9   with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar terms

10  and conditions of employment available to PLAINTIFF'S counsel.

11  REQUEST NO. 4.

12         For all current or former EMPLOYEES during the RELEVANT TIME PERIOD, please

13  produce all DOCUMENTS and electronically stored information showing EMPLOYEES'

14  beginning and ending of each work period.

15  **INITIAL RESPONSE TO REQUEST NO. 4 (Prior Counsel):**

16         Defendant objects on the ground that the information sought is not relevant to subject

17  matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

18  admissible evidence.  Defendant further objects on grounds that this Request is overbroad, unduly

19  burdensome, vague and ambiguous as to the terms. Defendant objects to this Request in that the

20  term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect

21  to operations where Plaintiffs never worked, and work groups that worked under entirely different

22  terms and conditions of employment. Subject to and without waiving said objections, Defendant

23  responds as follows:

24         After diligent search and reasonable inquiry, Defendant has found no documents within its

25  sole custody and possession that are responsive to this request as to PLAINITFF. If documents

26  responsive to this request are found for EMPLOYEES, Defendant will make such documents only

27  with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar terms

28

Plaintiff's Discovery Dispute Statement Re Def's Class Data Production        *Case No.* 1:15-cv-01489-AWI-BAM

1   and conditions of employment available to PLAINTIFF'S counsel only after Court approval of a

2   Protective Order agreed upon by the Parties for the purpose of shielding non-party employees'

3   private and confidential information.

4   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

5   Defendant objects on the ground that the information sought is not relevant to subject

6   matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

7   admissible evidence.  Defendant further objects on grounds that this Request is overbroad, unduly

8   burdensome, vague and ambiguous as to the terms. Defendant objects to this Request in that the

9   term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect

10  to operations where Plaintiffs never worked, and work groups that worked under entirely different

11  terms and conditions of employment. Subject to and without waiving said objections, Defendant

12  responds as follows:

13  After diligent search and reasonable inquiry, Defendant has found no documents within its

14  sole custody and possession that are responsive to this request as to PLAINITFF. If documents

15  responsive to this request are found for EMPLOYEES, Defendant will make such documents only

16  with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar terms

17  and conditions of employment available to PLAINTIFF'S counsel.

18  REQUEST NO. 5.

19  For all current or former EMPLOYEES during the RELEVANT TIME PERIOD, please

20  produce all DOCUMENTS and electronically stored information showing EMPLOYEES'

21  beginning and ending of each meal period.

22  **INITIAL RESPONSE TO REQUEST NO. 5 (Prior Counsel):**

23  Defendant objects on the ground that the information sought is not relevant to subject

24  matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

25  admissible evidence.   Defendant further objects to this Request in that the term EMPLOYEES is

26  overly broad and unduly burdensome, as it captures information with respect to operations where

27  Plaintiffs never worked, and work groups that worked under entirely different terms and conditions

28

11

1   of employment.  Subject to and without waiving said objections, Defendant responds as follows:

2   After diligent search and reasonable inquiry, Defendant has found no documents within its sole

3   custody and possession that are responsive to this request as to PLAINITFF. If documents

4   responsive to this request are found for EMPLOYEES, Defendant will make such documents only

5   with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar terms

6   and conditions of employment available to PLAINTIFF'S counsel only after Court approval of a

7   Protective Order agreed upon by the Parties for the purpose of shielding non-party employees'

8   private and confidential information.

9   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

10   Defendant objects on the ground that the information sought is not relevant to subject

11   matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

12   admissible evidence.   Defendant further objects to this Request in that the term EMPLOYEES is

13   overly broad and unduly burdensome, as it captures information with respect to operations where

14   Plaintiffs never worked, and work groups that worked under entirely different terms and conditions

15   of employment.  Subject to and without waiving said objections, Defendant responds as follows:

16   After diligent search and reasonable inquiry, Defendant has found no documents within its

17   sole custody and possession that are responsive to this request as to PLAINITFF. If documents

18   responsive to this request are found for EMPLOYEES, Defendant will make such documents only

19   with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar terms

20   and conditions of employment available to PLAINTIFF'S counsel.

21   REQUEST NO. 6.

22   For all current or former EMPLOYEES during the RELEVANT TIME PERIOD, please

23   produce all DOCUMENTS and electronically stored information showing EMPLOYEES'

24   beginning and ending of each rest period.

25   **INITIAL RESPONSE TO REQUEST NO. 6 (Prior Counsel):**

26   Defendant objects on the ground that the information sought is not relevant to subject

27   matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

28

admissible evidence.  Defendant further objects to this Request in that the term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect to operations where Plaintiffs never worked, and work groups that worked under entirely different terms and conditions of employment.  Subject to and without waiving said objections, Defendant responds as follows:

After diligent search and reasonable inquiry, Defendant has found no documents within its sole custody and possession that are responsive to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Defendant objects on the ground that the information sought is not relevant to subject matter of the action and is neither admissible nor reasonably calculated to lead to discovery of admissible evidence.  Defendant further objects to this Request in that the term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect to operations where Plaintiffs never worked, and work groups that worked under entirely different terms and conditions of employment.  Subject to and without waiving said objections, Defendant responds as follows:

After diligent search and reasonable inquiry, Defendant has found no documents within its sole custody and possession that are responsive to this request as to PLAINITFF. If documents responsive to this request are found for EMPLOYEES, Defendant will make such documents only with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar terms and conditions of employment available to PLAINTIFF'S counsel.

REQUESTNO. 7.

For all current or former EMPLOYEES during the RELEVANT TIME PERIOD, please produce all DOCUMENTS and electronically stored information showing EMPLOYEES' rate of pay for rest periods, recovery periods and non-productive time.

///

**INITIAL RESPONSE TO REQUEST NO. 7 (Prior Counsel):**

Defendant objects on the ground that the information sought is not relevant to subject matter of the action and is neither admissible nor reasonably calculated to lead to discovery of admissible evidence. Defendant further objects to this Request in that the term EMPLOYEES is

13

1  overly broad and unduly burdensome, as it captures information with respect to operations where

2  Plaintiffs never worked, and work groups that worked under entirely different terms and conditions

3  of employment.  Subject to and without waiving said objections, Defendant responds as follows:

4       Defendant will make documents only with respect to employees who worked in locations

5  where Plaintiffs worked with similar terms and conditions of employment available to

6  PLAINTIFF'S counsel only after Court approval of a Protective Order agreed upon by the Parties

7  for the purpose of shielding non-party employees' private and confidential information.

8  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

9       Defendant objects on the ground that the information sought is not relevant to subject

10 matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

11 admissible evidence. Defendant further objects to this Request in that the term EMPLOYEES is

12 overly broad and unduly burdensome, as it captures information with respect to operations where

13 Plaintiffs never worked, and work groups that worked under entirely different terms and conditions

14 of employment.  Subject to and without waiving said objections, Defendant responds as follows:

15      DOCUMENTS responsive to this request for the named PLAINTIFF are attached hereto as

16 Attachment "A".

17 REQUEST NO. 9.

18      For all current or former EMPLOYEES during the RELEVANT TIME PERIOD, please

19 produce all DOCUMENTS and electronically stored information that show Defendant has complied

20 with California Labor Code Section 226.2(b ).

21 **INITIAL RESPONSE TO REQUEST NO. 9 (Prior Counsel):**

22      Defendant objects on the ground that the information sought is not relevant to subject

23 matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

24 admissible evidence.  Defendant further objects to this Request in that the term EMPLOYEES is

25 overly broad and unduly burdensome, as it captures information with respect to operations where

26 Plaintiffs never worked, and work groups that worked under entirely different terms and conditions

27 of employment.  Subject to and without waiving said objections, Defendant responds as follows:

28

14

Defendant will make documents only with respect to employees who worked in locations where Plaintiffs worked with similar terms and conditions of employment available to PLAINTIFF'S counsel only after Court approval of a Protective Order agreed upon by the Parties for the purpose of shielding non-party employees' private and confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Defendant objects on the ground that the information sought is not relevant to subject matter of the action and is neither admissible nor reasonably calculated to lead to discovery of admissible evidence.  Defendant further objects to this Request in that the term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect to operations where Plaintiffs never worked, and work groups that worked under entirely different terms and conditions of employment.  Subject to and without waiving said objections, Defendant responds as follows:

DOCUMENTS responsive to this request for the named PLAINTIFF are attached hereto as Attachment "B".

REQUEST NO. 10.

Please produce all DOCUMENTS and electronically stored information that constitute or relate to work schedules for all current or former EMPLOYEES during the RELEVANT TIME PERIOD.

**INITIAL RESPONSE TO REQUEST NO. 10 (Prior Counsel):**

Defendant objects on the ground that the information sought is not relevant to subject matter of the action and is neither admissible nor reasonably calculated to lead to discovery of admissible evidence. Defendant further objects to this Request in that the term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect to operations where Plaintiffs never worked, and work groups that worked under entirely different terms and conditions of employment.  Subject to and without waiving said objections, Defendant responds as follows:

After diligent search and reasonable inquiry, Defendant has found no documents within its sole custody and possession that are responsive to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:**

15

1   Defendant objects on the ground that the information sought is not relevant to subject

2   matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

3   admissible evidence. Defendant further objects to this Request in that the term EMPLOYEES is

4   overly broad and unduly burdensome, as it captures information with respect to operations where

5   Plaintiffs never worked, and work groups that worked under entirely different terms and conditions

6   of employment.  Subject to and without waiving said objections, Defendant responds as follows:

7   After diligent search and reasonable inquiry, Defendant has found no documents within its

8   sole custody and possession that are responsive to this request as to PLAINITFF. If documents

9   responsive to this request are found for EMPLOYEES, Defendant will make such documents only

10   with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar terms

11   and conditions of employment available to PLAINTIFF'S counsel.

12   REQUEST NO. 11.

13   For all current or former EMPLOYEES during the RELEVANT TIME PERIOD, please

14   produce all DOCUMENTS and electronically stored information showing rest break schedules.

15   **INITIAL RESPONSE TO REQUEST NO. 11 (Prior Counsel):**

16   Defendant objects to the extent the request seeks information protected by the attorney-

17   client privilege and/or work product doctrine. Defendant further objects to this Request in that the

18   term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect

19   to operations where Plaintiffs never worked, and work groups that worked under entirely different

20   terms and conditions of employment.  Subject to and without waiving said objections, Defendant

21   responds as follows:

22   After diligent search and reasonable inquiry, Defendant has found no documents within its

23   sole custody and possession that are responsive to this request.

24   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:**

25   Defendant objects to the extent the request seeks information protected by the attorney-

26   client privilege and/or work product doctrine. Defendant further objects to this Request in that the

27   term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect

28

16

to operations where Plaintiffs never worked, and work groups that worked under entirely different terms and conditions of employment.  Subject to and without waiving said objections, Defendant responds as follows:

After diligent search and reasonable inquiry, Defendant has found no documents within its sole custody and possession that are responsive to this request as to PLAINITFF. If documents responsive to this request are found for EMPLOYEES, Defendant will make such documents only with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar terms and conditions of employment available to PLAINTIFF'S counsel.

REQUEST NO. 24.

Please produce a class list containing the names and last known contact information (address, telephone and e-mail) of all non-exempt EMPLOYEES during the RELEVANT TIME PERIOD.

**INITIAL RESPONSE TO REQUEST NO. 24 (Prior Counsel):**

Defendant objects on the ground that the information sought is not relevant to subject matter of the action and is neither admissible nor reasonably calculated to lead to discovery of admissible evidence.  Defendant further objects to this Request in that the term EMPLOYEES is overly broad and unduly burdensome, as it captures information with respect to operations where Plaintiffs never worked, and work groups that worked under entirely different terms and conditions of employment.  Subject to and without waiving said objections, Defendant responds as follows:

Defendant will make documents only with respect to employees who worked in locations where Plaintiffs worked with similar terms and conditions of employment available to PLAINTIFF'S counsel only after Court approval of a Protective Order agreed upon by the Parties for the purpose of shielding non-party employees' private and confidential information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 24:**

Defendant objects on the ground that the information sought is not relevant to subject matter of the action and is neither admissible nor reasonably calculated to lead to discovery of admissible evidence.  Defendant further objects to this Request in that the term EMPLOYEES is

17

1  overly broad and unduly burdensome, as it captures information with respect to operations where

2  Plaintiffs never worked, and work groups that worked under entirely different terms and conditions

3  of employment.  Subject to and without waiving said objections, Defendant responds as follows:

4         DOCUMENTS responsive to this request for the named PLAINTIFF are attached hereto as

5  Attachments "A" and "B".

6  REQUEST NO. 25.

7         All DOCUMENTS that constitute agreements between YOU and EMPLOYEES to consent

8  to on-duty meal periods during the RELEVANT TIME PERIOD.

9  **INITIAL RESPONSE TO REQUEST NO. 25 (Prior Counsel):**

10         Defendant objects on the ground that the information sought is not relevant to subject

11  matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

12  admissible evidence.  Defendant further objects on grounds that this Request is overbroad, unduly

13  burdensome, vague and ambiguous as to the terms. Subject to and without waiving said objections,

14  Defendant responds as follows:

15         After diligent search and reasonable inquiry, Defendant has found no documents within its

16  sole custody and possession that are responsive to this request.

17  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 25:**

18         Defendant objects on the ground that the information sought is not relevant to subject

19  matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

20  admissible evidence.  Defendant further objects on grounds that this Request is overbroad, unduly

21  burdensome, vague and ambiguous as to the terms. Subject to and without waiving said objections,

22  Defendant responds as follows:

23         After diligent search and reasonable inquiry, Defendant has found no documents within its

24  sole custody and possession that are responsive to this request as to PLAINITFF. If documents

25  responsive to this request are found for EMPLOYEES, Defendant will make such documents only

26  with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar terms

27  and conditions of employment available to PLAINTIFF'S counsel.

28

1   REQUEST NO. 26.

2       All DOCUMENTS that constitute agreements between YOU and EMPLOYEES to waive

3   meal periods during the RELEVANT TIME PERIOD.

4   **INITIAL RESPONSE TO REQUEST NO. 26 (Prior Counsel):**

5       Defendant objects on the ground that the information sought is not relevant to subject

6   matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

7   admissible evidence.  Defendant further objects on grounds that this Request is overbroad, unduly

8   burdensome, vague and ambiguous as to the terms. Subject to and without waiving said objections,

9   Defendant responds as follows:

10       After diligent search and reasonable inquiry, Defendant has found no documents within its

11   sole custody and possession that are responsive to this request

12   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 26:**

13       Defendant objects on the ground that the information sought is not relevant to subject

14   matter of the action and is neither admissible nor reasonably calculated to lead to discovery of

15   admissible evidence.  Defendant further objects on grounds that this Request is overbroad, unduly

16   burdensome, vague and ambiguous as to the terms. Subject to and without waiving said objections,

17   Defendant responds as follows:

18       After diligent search and reasonable inquiry, Defendant has found no documents within its

19   sole custody and possession that are responsive to this request as to PLAINITFF. If documents

20   responsive to this request are found for EMPLOYEES, Defendant will make such documents only

21   with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar terms

22   and conditions of employment available to PLAINTIFF'S counsel.

23   IV.    **DISPUTED ISSUES AND PARTIES' RESPECTIVE AUTHORITY**

24       A.    **Plaintiff's Position and Supporting Authority**

25       Plaintiff seeks production of records and/or data to establish liability for violations of the

26   California Labor Code and to meet the requirement for class certification under FRCP 23. The

27   evidence sought is properly within the scope of permissible discovery.

28

1                    1.       Legal Standard

2       The burden on a motion to compel discovery is generally on the moving party to satisfy the

3   relevance requirement of Rule 26(b).  *Soto v. City of Concord*, 162 F.R.D. 603,610 (N.D.Cal.1995).

4   The scope of discovery under Rule 26(b) is broad: "Parties may obtain discovery regarding any

5   matter, not privileged, which is relevant to the claim or defense of any party involved in the pending

6   action. Relevant information need not be admissible at trial if the discovery appears reasonably

7   calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b); *Campo v. Am.*

8   *Corrective Counseling Servs.*, No. C01-21151 JW (PVT), 2008 WL 3154754, at *2 (N.D. Cal. Aug.

9   1, 2008) ("The scope of discovery is broad and encompasses any matter that bears on, or that

10  reasonably could lead to another matter that could bear on, any issue that is or may be in the case.").

11  However, a court may limit discovery of relevant material if it determines that the discovery sought

12  is unreasonably cumulative or duplicative, or obtainable from some other source that is more

13  convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery

14  outweighs the likely benefit.  The party resisting discovery generally bears the burden to show that

15  the discovery requested is irrelevant to the issues in the case or is overly broad, unduly burdensome,

16  unreasonable, or oppressive. *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (2010).

17                  2.       Defendant J. Jacobo Agreed to Produce Class-Wide Discovery Following

18                          Entry of a Stipulated Protective Order

19      As noted in Plaintiff's introductory statement, J. Jacobo served its responses to this first set

20  of written discovery on July 11, 2016. In these responses, J. Jacobo conditioned class-wide

21  discovery of putative class member timekeeping, payroll, wage statement documents/data, and

22  putative class member contact information on the parties entering into a court-approved, stipulated

23  protective order. For example, in response to Plaintiff's class-wide document and data requests

24  numbers 1-5, 7, 9, 15, 16, 19 and , J. Jacobo responded: ". . . Defendant will make such documents

25  only with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar

26  terms and conditions of employment available to PLAINTIFF'S counsel only after Court approval

27  or a Protective Order agreed upon by the Parties for the purpose of shielding non-party employees

28                                          20

private and confidential information."

Based on this response, Plaintiff's counsel forwarded a stipulated protective order to counsel for Bedrosian Farms and J. Jacobo. The parties agreed on a protective order and submitted it to the Court on July 22, 2016. Doc. 42. The Court approved the protective order on July 27, 2016. Doc. 43. Now, Jacobo is refusing to producing class-wide payroll and timekeeping and full class member contact information even though the parties have entered into a court-approved protective order. The fact that Jacobo has new counsel does not alter the prior commitment Jacobo made to produce class-wide discovery.

In response to the all but four of the RFPs (Nos. 1, 2, 9, and 24) at issue here seeking class-wide payroll and timekeeping documents and data, Jacobo responded: "After a diligent search and reasonable inquiry, Defendant has found no documents within its sole custody and possession that are responsive to this request as to PLAINTIFF. If documents responsive to this request are found for EMPLOYEES, Defendant will make such documents only with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar terms and conditions of employment available to Plaintiff's counsel."

This response is inadequate for a number of reasons. First, Jacobo already agreed in its initial responses to provide class-wide documents in response to requests broadly seeking payroll and timekeeping related documents. Defendant cannot claw back this commitment in its prior responses. Further, additional supplemental responses should be ordered because Jacobo's response is ambiguous as to whether or not responsive documents or data for the putative are in its custody, control or possession and when those documents, if any, will be produced. If Jacobo has documents or data for putative class members that are responsive to the Request 3-7, 10, 11, 25, and 26, it must be ordered to amend its ambiguous responses and produce responsive documents and/or data.

        3.   <u>Plaintiff's Document Requests Seeking Payroll and Timekeeping</u>
            <u>Documents and Data (RFPs RFPs Nos. 1-7, 10, 11, 25 and 26) Are Essential</u>
            <u>for Class Certification Purposes</u>

"The propriety of a class action cannot be determined in some cases without discovery, as

21

for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in such an instance would be an abuse of discretion." *Kamm v. California City Development Company*, 509 F. 2d 205, 209-210 (9th Cir. 1975) *citations omitted*. Since often the pleadings alone will not resolve the question of class certification, the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action is maintainable. *Vinole v. Countrywide Home Loans, Inc*., 571 F. 3d 935, 942 (9th Cir. 2009).

In addition, this Court has held that putative class member timekeeping and payroll records are discoverable for purposes of class certification. *Chavez v. Petrissans* (E.D.Cal.) 2008 WL 4177797, 4 ("The requested information is relevant and discoverable for purposes of class certification since the documents provide information regarding the numbers of hours worked and the amount employees were paid," *quoting Hill v. Eddie Bauer*, 242 F.R.D. 556, 562-63 (C.D.Cal. 2007) (holding that "Documents consisting of time and wage records are relevant for purposes of class certification since they assist the court in showing numerosity and commonality").

Here, the timekeeping and payroll information sought by RFPs Nos. 1-7, 10, 11, 25 and 26 are not only relevant to Defendant's liability but also critical to establish numerosity, commonality and typicality for purposes of class certification. *See, e.g.*, *Bibo v. FedEx*, 2009 WL 1068880 (N.D. Cal. 2009) (class certified where time and payroll data served as common proof for purposes of Rule 23 elements and for calculating damages). For example, Plaintiff will use the timekeeping and payroll information contained in documents responsive to RFPs Nos. 1-7, 10, 11, 25 and 26 speak to the requirement of Rule 23 in the following ways:

- Numerosity FRCP 23(a)(1): instances of rest and meal period violations in the timekeeping and payroll records would show whether "the class is so numerous that joinder of all members is impracticable."
- Commonality FRCP 23(a)(2): the timekeeping and payroll records would demonstrate common factual questions, such as whether Defendants kept track of start and stop times, recorded meal and rest breaks, paid premium rest, meal and split

22

shift wages; or provided timely and complete rest and meal breaks. This will also highlight common issues of law, such as whether it is unlawful to provide meal breaks after five hours of work or unlawful to not provide at least three rest breaks for shifts of more than eight hours.

- Typicality FRCP 23(a)(3): time and payroll information will show whether Plaintiffs' claims (e.g., unpaid time, unpaid rest, meal premiums) are typical of those of the class.

- Predominance of Common Issues FRCP 23(b)(3): the time and payroll information will enable Plaintiffs to demonstrate whether, for example, the complete failure to pay premium wages for missed rest and meal periods predominates over any individualized inquiries, and whether Plaintiffs can provide common proof at trial to resolve the case on a class-wide basis.

Indeed, it would be an abuse of discretion to deny class certification where time and payroll records of employees were withheld. *See Lee v. Dynamex, Inc.*, 166 Cal.App.4th 1325, 1338 (2008) (remanding denial of class certification to trial court with directions to grant plaintiff's motion to compel disclosure of names and contact information of potential class members, so that plaintiff could "develop evidence capable of supporting his motion for class certification").

### 4. The Documents Jacabo has Produced in Response to RFPs Nos 1, 2, 9 and 24 Are Insufficient

In response to Plaintiff's RFPs Nos 1, 2, 9 and 24, Jacabo produced a scant 34 pages of payroll journal documents that cover periods from August 23, 2014 to September 12, 2014 and September 15, 2015 to October 3, 2015. In essence, Jacabo is positing that these are the only payroll and timekeeping documents that Plaintiff is entitled to for the class for the entire class period that stretches from September 30, 2011 to present. (The complaint was filed on September 30, 2015 and alleges violations of Cal. Bus. & Prof. Code § 17200, which allows Plaintiff to seek wages owed from four years prior to the filing of the complaint. See *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.App.4th 163.) This is nonsense. As detailed above, Plaintiff has a right to conduct

class discovery, and it is simply not credible that these 34 pages are somehow the only payroll and timekeeping documents in Jacobo's custody, control or possession that are responsive to RFPs 1 and 2.

With respect to RFP No. 9, which seeks documents and data showing that Jacobo has complied with Labor Code § 226.2's safe harbor provision, Jacobo produced an 18 page document entitled: "J. Jacobo FLC, Inc. Returned Safe Harbor Payments". Given the title of this document, one must assume that the worker names and mailing addresses are those workers whose safe harbor checks were returned to Jacobo as undeliverable. However, RFP No. 9 seeks all documents in Jacobo's control, custody or possession that show Jacobo has complied Labor Code § 226.2's safe harbor provision. Presumably, there must be documents or databases that calculate how much each employee is owed for their safe harbor payment, but no documents or data was produced reflecting this. Instead, Jacbobo only produced a list of mailing address for workers who checks were presumably return to Jacobo as undeliverable. This production is not sufficiently responsive to RFP No. 9.

Defendant relies on the same document ("J. Jacobo FLC, Inc. Returned Safe Harbor Payments") in response to RFP No. 24 which seeks putative class member contact information As far as the witness and class member contact information sought in Plaintiffs' Interrogatories, Jacobo produced a document entitled "J. Jacobo FLC, Inc. Returned Safe Harbor Payments" that did not contain all putative class member contact information. It iswell settled in California that contact information of witnesses and putative class members is discoverable in wage and hour class actions notwithstanding the employer's assertion of employee privacy rights. *See Crab Addison, Inc. v. Sup. Ct.*,169 Cal.App.4th 958 (2008) (contact information of putative class members discoverable); *Alch v. Sup. Ct.*, 165 Cal.App.4th 1412, 1427 (2008), *rev. denied* October 28, 2008 *accord*; *Puerto v. Sup. Ct. (Wild Oats)*, 158 Cal.App.4th 1242 (2008) (witness identification and contact information discoverable; no notice required, as witnesses may be involuntary participants in litigation).

Here, Jacobo has not asserted privacy concerns. Further, as noted above, the list of worker mailing addresses whose safe harbor payments were undeliverable does not stand-in for a list

24

containing the names, address, and phone numbers for all field workers employed or jointly employed by J. Jacobo from September 30, 2011 to present. Jacobo should be ordered to produce a full class list completely responsive to Plaintiff's request.

### B.   Defendant's Position and Supporting Authority

Plaintiff's motion should be summarily denied.  Jacobo has provided proper responses to Plaintiff's discovery requests.  Indeed, those responses provided Plaintiff with sufficient information to identify all employees working with Plaintiff Gomez when she worked for Jacobo and Defendant Bedrosian Farms LLC.

The general rule of law regarding the taking of discovery of absent class members is well settled.  Generally, such discovery is improper and should not be permitted.  FRCP Rules 33 and 34, do not provide for discovery against absent class members as a matter of course. See 4 A. J. Moore, *Moore's Federal Practice*, 933.06 at 33-33 (2d ed. 1982); *Andrulonis v. United States,* 96 F.R.D 43 (NDNY 1982). Further, several courts have recognized that absent class members are not parties within the meaning of FRCP Rule 23. *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, (1980).

In *Cox v. American Cast Iron Pipe Company,* 784 F.2d 1546 (11th Cir. 1986), the Court declined to permit discovery of absent class members. The Court decided that the discovery was not necessary and therefore improper and should not have been permitted by the trial court. In *Fischer v. Wolfinbarger,* 55 F.R.D. 129 (WD Ky. 1971) discovery of absent class members was disallowed in a Rule 10B(5) action.

In 2011, the Supreme Court raised the bar for plaintiffs seeking class certification by requiring lower courts to conduct a 'rigorous analysis' to determine whether the prerequisites for certification are met. *Wal-Mart*, 131 S. Ct. at 2551 (reversing the grant of class certification due to a lack of commonality under Fed. R. Civ. P. 23(a)(2)). This 'rigorous analysis,' the Court explained, often will 'entail some overlap with the merits of the plaintiff's underlying claim.' *Id.* In the words of the Court, a merits-entwined inquiry for purposes of class certification 'cannot be helped.' *Id.* at 2551-2552.

Plaintiff's Discovery Dispute Statement Re Def's Class Data Production          *Case No.* 1:15-cv-01489-AWI-BAM

Two years later, the Supreme Court doubled-down on its 'rigorous analysis' requirement for class certification, applying the teachings of *Wal-Mart* to prospective Rule 23(b)(3) classes as well. *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (reversing the grant of class certification due to a lack of predominance under Fed. R. Civ. P. 23(b)(3)). In *Comcast*, the Court criticized the lower court's 'refus[al] to entertain arguments against respondents' damages model that bore on the propriety of class certification, simply because those arguments would also be pertinent to the merits determination.' *Id.* at 1432-33. Rather, the Court's precedents 'flatly' require a determination that Rule 23 is satisfied, 'even when that requires inquiry into the merits of the claim.' *Id.* at 1433.

Similarly, in 2014 in *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014), the Supreme Court re-asserted its merits-based defenses at the class-certification stage. In *Halliburton*, the Court held that securities defendants can rebut the presumption of reliance under a fraud-on-the-market theory not only during the merits phase but also during class certification. *Id.* at 2414-2415.

Before *Wal-Mart/Comcast/Halliburton*, even when some discovery was necessary to determine whether the prerequisites for certification were met, courts routinely bifurcated discovery between certification issues and those relating to the merits of the allegations. *See*, e.g., *Cox v. Zurn Pex, Inc. (In re Zurn Pex Plumbing Prods. Liab. Litig.)*, 644 F.3d 604, 612-13 (8th Cir. 2011) (explaining that it is common in putative class actions for defendants to seek 'bifurcated discovery' between class certification and merits issues); *Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665 (D. Minn. 2002)

Plaintiff has not demonstrated that Jacobo's discovery responses were in some material way deficient, or that Jacobo failed to provide responses, or that Jacobo's responses were evasive; Plaintiff merely raises unwarranted allegations.

To reiterate, Plaintiff's motion should be summarily denied.  Jacobo has provided proper responses to Plaintiff's discovery requests.  Further, Jacobo's new counsel has demonstrated full cooperation with Plaintiff's counsel and has provided timely discovery responses despite having

been involved with the case less than four months.  Plaintiff never alleged a discovery dispute in the previous two-plus years this case has been litigated.  Jacobo has demonstrated his cooperation with Plaintiff will continue to do so.

Respectfully submitted,

Dated: April 27, 2018                              MALLISON & MARTINEZ

                                                   By:____/s/____Joseph D. Sutton_____
                                                   Stan S. Mallison
                                                   Hector R. Martinez
                                                   Marco A. Palau
                                                   Joseph D. Sutton
                                                   Eric. S. Trabucco
                                                   Attorneys for Plaintiffs

27