# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL GOMEZ, on behalf of herself and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>J. JACOBO FARM LABOR CONTRACTOR, INC. and BEDROSIAN FARMS LLC; DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 1:15-cv-01489-AWI-BAM<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 68. 71) |

## I. INTRODUCTION

Currently before the Court is Plaintiff Marisol Gomez's ("Plaintiff") motion to compel supplemental responses to her class discovery from Defendant J. Jacobo Farm Labor Contractor, Inc. ("Defendant" or "Jacobo"). Plaintiff also seeks the imposition of unspecified sanctions. (ECF No. 71). The matter came before the Court for hearing on May 11, 2018. Attorney Joseph Sutton appeared by telephone on behalf of Plaintiff. Attorney Roger Wilson appeared in person on behalf of Defendant J. Jacobo Farm Labor Contractor, Inc. Attorney Kevin Koligian appeared by telephone on behalf of Defendant Bedrosian Farms LLC. Having considered the parties' joint statement re: discovery, the arguments presented at the hearing, along with the record in this matter, the Court issues the following order.

## II. PROCEDURAL BACKGROUND

Plaintiff brings this wage-and-hour action on behalf of herself and a proposed class of all farmworkers employed since September 2011 by Defendants Jacobo and Bedrosian Farms LLC. Plaintiff alleges that she and the putative class of agricultural workers were subjected to unlawful labor and payroll policies in violation of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C §§ 1801, *et seq* and the California Labor Code. (ECF No. 1).

Plaintiff filed this case on September 30, 2015. (ECF No. 1). The scheduling order issued on January 17, 2017, limited initial discovery to class certification issues and set March 27, 2018 as the deadline for filing a motion for class certification. (ECF No. 52). On April 21, 2017, just four months after discovery opened in this matter, former counsel for Jacobo advised that he would be withdrawing from representation and asked "that all pending discovery be stayed to allow the parties to obtain new counsel." No formal motion to withdraw was filed until November 29, 2017. The withdrawal motion was not granted until January 5, 2018. (ECF No. 59).

Current counsel for Jacobo substituted in on January 5, 2018. (ECF No. 60). On January 10, 2018, Plaintiff's counsel promptly conferred with Jacobo's new attorney who asked for additional time to review the file before discussing outstanding discovery matters. Plaintiff followed up on February 6, 2018, and on three subsequent occasions; however, Defendant failed to respond to Plaintiff's discovery requests. On February 20, 2018, Plaintiff filed both an *ex parte* application to continue the existing class certification schedule (ECF No. 62) and a request for an informal discovery conference. (ECF No. 61). At the informal discovery conference held on February 23, 2018, formerly assigned Magistrate Judge Michael Seng ordered Jacobo to produce the requested discovery on or before March 9, 2018.[1] (ECF No. 64). Subsequently, in light of the discovery delays, the Court also granted a three month extension of the class certification briefing schedule. (ECF No. 67).

In compliance with the Court's informal order compelling discovery, on March 9, 2018, Jacobo produced documents responsive to Plaintiff's outstanding discovery. Upon receipt, Plaintiff determined that Defendant's responses to thirteen of the document requests were insufficient. Plaintiff

---

[1] Due to the retirement of Magistrate Judge Michael J. Seng from the bench of the Eastern District of California, this action was reassigned on April 20, 2018, to the undersigned for all further proceedings. (ECF No. 69).

2

now moves to compel further responses to her Requests for Production of Documents/Data, Set 1 from Defendant J. Jacobo.[2] Plaintiff also requests unspecified sanctions for Jacobo's failure to fully comply with her discovery requests.

## III. LEGAL STANDARD

A party may bring a motion to compel discovery when another party has failed to respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). As the moving party, plaintiff must inform the court which discovery requests are the subject of his motion to compel, why defendants' objections are not justified or why the response provided is deficient, and how proportionality and the other requirements of Federal Rule of Civil Procedure 26(b) are met.

Federal Rule of Civil Procedure 34 governs requests for production of documents. *See* Fed. R. Civ. P. 34. "The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

## IV. DISPUTED DISCOVERY REQUESTS

The parties' dispute involves Jacobo's Responses to Request For Production ("RFPs") Nos. 1-7, 9-11, 24-26. Plaintiff's discovery requests can be summarized as: (a) time records of putative class members; (b) payroll records of putative class members; (c) documents relating to Defendant's wage and hour policies and practices; and (d) the identity and contact information of putative class members and witnesses for the four years prior to the filing of the complaint ("the relevant time period.").

---

[2] Although counsel for Defendant Bedrosian Farms LLC appeared at the hearing, Plaintiff's motion to compel pertains exclusively to Jacobo's discovery responses.

3

### A. Plaintiff's Specific Requests for Production

RFP No. 1 – All documents and electronically stored information ("ESI") constituting payroll records for all current and former employees for the relevant time period.

RFP No. 2 – All itemized wage statements of all current and former employees during the relevant time period.

RFP No. 3 – All documents and ESI constituting timecards for all current of former employees during the relevant time period.

RFP No. 4 – All documents for current and former employees showing the beginning and ending of each work period.

RFP No. 5 - All documents and ESI for current and former employees showing the beginning and ending of each meal period.

RFP No. 6 – All documents for current and former employees showing the beginning and of each rest period.

RFP No. 7 – All documents and ESI showing employees rate of pay for rest periods, recovery periods, and non-productive time.

RFP No. 9 – All documents and ESI that show Defendant has complied with Cal. Labor Code Section 226.2(b).

RFP No. 10 – All documents and ESI that relates to work schedules for all current and former employees during the relevant time period.

RFP No. 11 – All documents and ESI showing rest break schedules.

RFP No. 24 - Produce "a class list containing the names and last known contact information (address, telephone, and email of all non-exempt employees during the relevant time period."

RFP No. 25 – Produce all documents that constitute an agreement between you and the employees to consent to on duty meal periods during the relevant time period.

RFP No. 26 - Produce all documents that constitute an agreement to waive meal periods between you and the employees during the relevant time period.

///

///

4

**B. Plaintiff's Argument**

In the motion, Plaintiff argues that early in the discovery process, prior counsel agreed to produce class-wide discovery on the condition that the parties enter into a court-approved protective order. Since the Court approved the stipulated protective order on July 27, 2016, Defendant has substituted in new counsel who is refusing to produce class-wide discovery on payroll and timekeeping information as well as a class list with member contact information even though the parties have entered into a court-approved protective order. According to Plaintiff, the presence of new counsel does not alter the prior commitment made by Defendant Jacobo to produce class-wide discovery. Further, to the extent that Defendant objected that it lacks responsive documents, Plaintiff argues that those discovery responses are insufficiently vague and ambiguous because it remains unclear as to whether Defendant maintains responsive documents to several of Plaintiff's discovery requests.

**C. Defendant's Response**

Defendant responds that Plaintiff has not demonstrated that its discovery responses are deficient. In Defendant's view, current counsel has demonstrated full cooperation with Plaintiff and has provided timely discovery responses despite having been involved with the case less than four months. To the extent that Plaintiff seeks documents that Defendant does not possess, Jacobo argues that it "has no ability and is under no obligation to produce documents that it" does not have. Defendant further argues that class-wide discovery should not be compelled because taking discovery of "absent class members" is "improper and should not be permitted." (ECF No. 71 at 26).

**V. DISCUSSION**

Plaintiff's motion to compel is largely an umbrella challenge to two issues: (1) whether Plaintiff is entitled to class–wide discovery beyond what pertains to the named Plaintiff (RFP Nos. 1, 2, 7, 9, 24) and (2) whether Defendant's sworn response to many of the document requests that, following a diligent search, Defendant has no documents to produce *at this time* (RFP Nos. 3-6, 10-11, 25-26) is sufficient. (emphasis added).

**A. Class-Wide Discovery Is Warranted (RFP Nos. 1, 2, 7, 9, 24)**

For the reasons stated below and on the record, the Court will compel Defendant to provide further responses to Plaintiff's class-wide discovery. As previously resolved by this Court, Plaintiff is entitled to seek discovery class-wide for the relevant time period. One month before Plaintiff filed the instant motion to compel, Judge Seng reviewed Plaintiff's discovery requests in conjunction with the February 23, 2018, informal discovery dispute conference and ruled that "the discovery Plaintiff seeks logically relates to issues of numerosity and commonality, proper subjects for discovery relevant—if not prerequisite—to a motion for class certification." (ECF No. 67); *see Chavez v. Petrissans*, No. 08 cv 00122 LJO GSA, 2008 WL 4177797, at *4 (E.D. Cal. 2008) ("The requested information is relevant and discoverable for purposes of class certification since the documents provide information regarding the numbers of hours worked and the amount employees were paid."); *Hill v. Eddie Bauer*, 242 F.R.D. 556, 562-63 (C.D. Cal. 2007) (holding that time and wage records are discoverable prior to class certification because they assist the plaintiff in showing numerosity and commonality); *Valenzuela v. MC2 Pool & Spa*, No. C09–01698 RS (HRL), 2010 WL 3489596, at **1-2 (N.D. Cal. 2010) (ordering defendant to produce all putative class member timecard and payroll records prior to class certification). This Court agrees with Judge Seng's ruling and finds that Plaintiff's class-wide discovery requests for documents including the class list, work schedules and payroll records goes directly to her ability to certify the class under Rule 23. (ECF No. 71 at 23-24).

While Defendant objects to class-wide discovery on the basis that "absent class member" discovery is improper and should not be permitted, this argument is inapplicable here. It is correct that "discovery of absent class members is ordinarily not permitted in class actions," however, Plaintiff is not seeking discovery from absent class members. Rather, Plaintiff seeks discovery from the named Defendant. *In re Worlds of Wonder Securities Litigation*, 1992 WL 330411 (N.D. Cal. July 9, 1992) ("Absent class members are not parties and separate discovery of individual class members not representatives is normally not permitted."). (ECF No. 71 at 26). Defendant's argument therefore provides no basis to preclude class-wide discovery here.

Accordingly, Plaintiff is entitled to supplemental responses to **RFP Nos. 1, 2, 7, 9, and 24.**

**B.     No Documents to Produce (RFP Nos. 3-6, 10-11, 25-26)**

1    Plaintiff's RFP Nos. 3-6, 10-11, and 25-26 request documents including timesheets, work schedules, rest break schedules, and meal period schedules. (ECF No. 71 at 10-20). To these requests, Jacobo produced approximately 34 pages of payroll journal documents that cover periods from August 23, 2014 to September 12, 2014 and September 15, 2015 to October 3, 2015. In responding to the remainder of the discovery, Jacobo stated "[after] diligent search and reasonable inquiry, Defendant has found no documents within its sole custody and possession that are responsive to this request as to PLAINITFF. If documents responsive to this request are found for EMPLOYEES, Defendant will make such documents only with respect to EMPLOYEES who worked in locations where Plaintiffs worked with similar terms and conditions of employment available to PLAINTIFF'S counsel." (ECF No. 71 at 20). Plaintiff responds that this explanation is unbelievable, arguing that, "it is simply not credible that these 34 pages are somehow the only payroll and timekeeping documents in Jacobo's custody." (ECF No. 71 at 25).

Having reviewed the requests at issue, the Court agrees with Plaintiff that Jacobo's inability to produce basic timesheets and work schedules is perplexing. However, credibility determinations are to be made by the ultimate finder of fact and Defendant cannot be compelled to produce what it does not have. The Court, however, will compel Defendant to clarify its responses to Plaintiff's requests. Jacobo's current response states that it has searched for, but has not found, responsive documents at this time. Defendant provides assurances that if responsive documents are found at a later date, they will be produced in a limited fashion. This, however, leaves unanswered the obvious question of whether responsive documents exist, but have not yet been located, or whether responsive documents have not been located because they do not exist. As written, Jacobo's responses are too ambiguous to permit Plaintiff or the Court to determine the extent to which Jacobo may be withholding responsive documents based on searching difficulties rather than clearly asserting that no documents have been produced because they do not exist. Accordingly, where appropriate, Defendant must serve a further response plainly and unequivocally stating that no documents exist in its possession, custody, or control responsive to Plaintiff's requests.

Accordingly, Plaintiff is entitled to supplemental responses to **RFP Nos. 3-6, 10-11, 25-26.**

**C.     Request for Sanctions**

Plaintiff moves for unspecified sanctions yet she is not clear as to what form she would like any sanctions to take. Nevertheless, in light of the underlying circumstances in this case, including current counsel's recent substitution, the Court does not find that sanctions are warranted at this time. However, Defendant is warned that the failure to provide supplemental documentation where possible and appropriate will result in sanctions, including an evidentiary exclusion.  Federal Rule of Civil Procedure 37(c)(1) provides: "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37.  "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples the Office Superstore*, *LLC*, 644 F.3d 817, 827 (9th Cir. 2011), *citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001)..

Plaintiff's current request for sanctions is DENIED.

**D.     *Ex Parte* Request to Modify the Scheduling Order**

Finally, at the hearing, Plaintiff made an oral *ex parte* request to continue the class certification deadline in light of the instant discovery dispute.  Defendant Jacobo did not oppose the motion; however, Defendant Bedrosian Farms argued that Plaintiff's *ex parte* request should be denied due to the already protracted delay in this case.  Given the procedural posture here, the Court finds that good cause exists to grant a brief extension of the class certification schedule.  Accordingly, the Court's Scheduling Order will be modified to give Plaintiff until July 30, 2018, to file her motion for class certification. The defense shall have until August 31, 2018 to file an opposition, and Plaintiff will have until September 14, 2018 to file a reply. The hearing on the motion shall be held before the Honorable Anthony W. Ishii, in Courtroom 2 of this Court, Fresno, at 1:30 p.m. on October 29, 2018.

**CONCLUSION AND ORDER**

For the reasons stated, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to compel further responses is GRANTED;

2. Within 14 days from the filed date of this Order, Defendant shall produce additional documents in response to Requests for Production numbered **1, 2, 7, 9, 24)** as to all farmworkers employed by Jacobo;
3. Within 14 days from the filed date of this Order, Defendant shall amend its responses to clarify whether responsive documents exist in response to Requests for Production numbered **3-6, 10-11, 25-26;**
4. Plaintiff's request for sanctions is DENIED.

IT IS SO ORDERED.

Dated: __**May 14, 2018**__            /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE