UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL GOMEZ, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J. JACOBO FARM LABOR CONTRACTOR, INC. and BEDROSIAN FARMS LLC,<br><br>Defendants. | Case No. 1:15-cv-01489-AWI-BAM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(Doc. 83).<br><br>SEVEN-DAY DEADLINE |

## I. INTRODUCTION

On July 19, 2018, Plaintiff Marisol Gomez ("Plaintiff") filed a motion seeking leave to file a first amended complaint adding, putative class member, Ignacio Osorio-Cruz as a named Plaintiff and proposed class representative pursuant to Federal Rule of Civil Procedure 15. (Doc. 83). On August 3, 2018, Defendant Bedrosian Farms, LLC filed an opposition to the motion and a supporting declaration. (Docs. 87, 88). On August 10, 2018, Plaintiff filed her reply. (Doc. 89). Defendant J. Jacobo Farm Labor Contractor, Inc. ("Jacobo") did not file a timely opposition to the motion. Finding the matter suitable for decision without oral argument, the Court vacated the August 17, 2018, hearing and took the matter under submission pursuant to Local Rule 230(g). (Doc. 92). Having considered the moving papers, opposition, reply, and the Court's file, Plaintiff's Motion to Amend is **GRANTED.**

1

## II. PROCEDURAL BACKGROUND

The Court dispenses with a detailed recitation of the facts as the factual background for this case is set forth in the Court's prior orders. Generally, this is a wage-and-hour action brought by Plaintiff Marisol Gomez on behalf of herself and a proposed class of all individuals employed by Defendants J. Jacobo Farm Labor Contractor, Inc. and Bedrosian Farms LLC (collectively "Defendants") in California at any time since September 30, 2011. Plaintiff and the class of individuals she seeks to represent under Rule 23, and those they represent through California's Private Attorneys General Act (PAGA), are current or former non-exempt agricultural and packing work employees of Defendants in California, who, Plaintiff alleges, were subjected to unlawful labor and payroll policies in violation of various state and federal wage and hour laws. (Doc. 1.)

## III. LEGAL STANDARD

Plaintiff seeks leave to file a first amended complaint under Rule 15(a)(2).[1] Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (*citing Jordan v. Cnty. of L.A.*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982)). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), *appeal dismissed* (Feb. 25, 2015). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."

---

[1] The Court's scheduling order of January 17, 2017 does not set a deadline for filing an amendment to the pleadings.

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*[2]

## IV. DISCUSSION

Plaintiff seeks leave to add Mr. Osorio-Cruz as a class representative. Plaintiff contends that following Defendant Jacobo's production of putative class member name and contact information on May 22, 2018, Plaintiff's counsel interviewed putative class members regarding Plaintiff's claims in anticipation of class certification. During this process, Plaintiff's counsel interviewed Mr. Osorio-Cruz, who expressed interest in joining the lawsuit. Plaintiff argues that adding Mr. Osorio-Cruz would not prejudice Defendants because the proposed FAC does not add any new claims or causes of action and is based upon facts and general allegations previously asserted against Defendants. Plaintiff further argues that there has been no delay in seeking amendment as she only recently received the class list from Jacobo, and her amendment is neither futile nor sought in bad faith.

### A. Futility

Defendant advances several arguments in support of its position that Plaintiff's amendment is futile. Namely, Bedrosian argues that given its currently pending summary judgment motion demonstrating that there are no contested material facts as to Bedrosian's potential liability, amendment is futile. In the alternative, Bedrosian argues that the amendment would be additionally futile because (1) Mr. Osorio-Cruz never worked for Bedrosian and (2) his claims are barred by the statute of limitations and do not relate back. Relatedly, in Defendant's view, defending this action against an employee Bedrosian never employed would be unduly prejudicial.

All of Defendant's arguments center around their position that Bedrosian never employed Mr. Osorio-Cruz in any capacity. In support of this contention, Defendant provides a declaration

---

[2] A "magistrate judge's decision to grant a motion to amend is not generally dispositive; whether the denial of a motion to amend is dispositive is a different question entirely. Just as 'it is of course quite common for the finality of a decision to depend on which way the decision goes,', so the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome." *Bastidas v. Chappell*, 791 F.3d 1155, 1164 (9th Cir. 2015) (quoting *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1694 (2015)). Any party may seek reconsideration of this order by the district judge within fourteen days of the issuance of this order. Local Rule 303.

from Davina Merkow, the Director of Human Resources for Bedrosian Farms, stating that "based upon [her] review of the records, no one by the name of 'Ignacio-Osorio' or 'Ignacio-Osorio-Cruz' ever performed work on Bedrosian property." *See* Declaration of Davinia Merkow ("Merkow Decl."), Doc. 88. Defendant claims that in light of this evidence, amendment is futile. (Doc. 87 at 4).

A district court may deny a motion for leave to amend where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988). The Ninth Circuit has alternatively stated that the test of whether amendment would be futile is "identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.* (*citing* 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974)).

Defendant presents a factual issue on the merits of Mr. Osorio-Cruz's employment history. However, resolving a factual dispute is improper on a motion for leave. The proper standard for evaluating whether the amendment is futile is whether the amendment would survive a motion to dismiss. *Miller,* 845 F.2d at 214. To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well pleaded factual allegations as true and determine whether those allegations plausibly give rise to an entitlement for relief. *Id.*

The proposed FAC alleges that "Plaintiff Ignacio Osorio-Cruz is a resident of Madera County, California. At relevant times herein, he has been employed directly or jointly by Defendants J. Jacobo Farm Labor Contractor, Inc. and Bedrosian Farms, LLC." Plaintiff's Proposed FAC ¶ 14, (Doc. 83-4 at 5). Plaintiff's proposed amendment alleges that Bedrosian employed Mr. Osorio-Cruz and any question to the contrary is a factual dispute that should not be resolved at this stage of the proceedings. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)*; Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)). Therefore,

the Court cannot say at this stage of the proceedings that Plaintiff's amendment would be futile.

In a related argument, Bedrosian opposes amendment on the grounds that it would be futile because the statute of limitations has run as to Mr. Osorio-Cruz's claims. Bedrosian argues that labor records produced in discovery demonstrate that Mr. Osorio-Cruz last worked for J. Jacobo in June 2014, and therefore the statute of limitations for Mr. Osorio-Cruz lapsed in June 2018. Bedrosian also argues that the "relation back" doctrine does not apply to bring Mr. Osorio-Cruz's claims within the statute of limitations, because his claims do not arise out of the same transaction or occurrence as the original complaint—employment with Bedrosian. (Doc. 87 at 5).

In certain circumstances, an amendment that adds otherwise time-barred claims "relates back" to the initial filing of the complaint. Rule 15(c)(1) provides, in relevant part that an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out ... in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). When the amendment proposes to add a new plaintiff, relation back is proper only when: "(1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; (2) the relation back does not unfairly prejudice the defendant; and (3) there is an identity of interests between the original and newly proposed plaintiff." *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1995) (*citing Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278–79 (9th Cir. 1982)).

Applying the relevant factors, the Court concludes that the statute of limitations for Mr. Osorio-Cruz's proposed claims relates back to the filing of the original complaint pursuant to Fed. R. Civ. P. 15(c). First, Bedrosian claims that the proposed amendment does not relate back to the original complaint because, having never worked for Bedrosian, Mr. Osorio-Cruz's allegations cannot arise from the same conduct, transaction, or occurrence as Plaintiff. This argument is again based on a factual determination. Amended pleadings "relate back" as to existing parties if there is an identity of interests between the parties. Identity of interests exists when "[t]he circumstances giving rise to the claim remained the same as under the original complaint." *See Immigrant Assistance Project of L.A. Cnty. Fed'n of Labor (AFLCIO) v. Immigration & Naturalization Serv.*, 306 F.3d 842, 857-58 (9th Cir. 2002) (existing class representative and putative class members

shared an identity of interests).

Here, the addition of Mr. Osorio-Cruz as a named Plaintiff does nothing to alter the claims alleged in the original complaint. Indeed, the allegations in the proposed FAC are identical to the original complaint: that Plaintiff and members of the putative class of agricultural workers were subjected to unlawful labor and payroll policies in violation of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C §§ 1801, *et seq* and the California Labor Code, including failure to pay minimum wages, overtime wages, timely and complete meal periods, paid rest breaks, and derivative violations stemming from those allegations.

Second, Plaintiff's original complaint gave adequate notice to Bedrosian regarding Mr. Osorio-Cruz's claims. A defendant has received adequate notice if the definition of the putative class includes the proposed class representative or the new class representative's claims are based upon the same or substantially similar underlying conduct. *See Immigrant Assistance*, 306 F.3d at 858 (approving amendment to elevate putative class members to class representative status where the putative class members fell within original complaint's definition of the class). Defendant was put on notice by the original complaint that it would have to defend against claims concerning its policies and practices with regard to overtime, timekeeping, and rest breaks. The proposed FAC merely alleges that Mr. Osorio-Cruz, a putative class member, was also affected by these practices. *See In re Network Assocs., Inc. II Sec. Litig.*, Case No. C–00–CV–4849, 2003 WL 24051280 (N.D. Cal. Mar. 25, 2003) (allegations of new class members related to same allegations of fraudulent accounting practices such that "new class members share sufficiently similar interests with the original class members to allow relation back"). Therefore, Plaintiff's proposed FAC relates back to the filing of the original complaint.

**B.      Prejudice**

Finally, Bedrosian rests much of its claim of prejudice on the argument that Mr. Osorio-Cruz never worked on the Bedrosian farm. Specifically, Defendant contends that it will be needlessly prejudiced by being be subjected to "unnecessary costs and attorneys' fees defending an action where the named plaintiff has no relationship whatsoever with Bedrosian." (Doc. 87 at 4).

Undue prejudice is "the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC*

*v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)) (internal quotation marks omitted). Consequently, "[p]ursuant to Ninth Circuit authority, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Cuevas v. City of San Luis*, No. CV04-0476-PHX-PGR, 2008 WL 4820113, at *2 (D. Ariz. Nov. 3, 2008) (*citing See DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "To overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be substantial." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

Bedrosian fails to carry its burden of demonstrating substantial undue prejudice if Plaintiff is granted leave to amend. "[L]itigation expenses alone do not equal prejudice." *Charcoal Companion, Inc. v. Target Corp.*, No. C09-01417 HRL, 2009 WL 3046020, at *1 (N.D. Cal. Sept. 23, 2009) (*citing Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). This is especially true given Bedrosian's arguments that Mr. Osorio-Cruz is not their current or former employee. If Mr. Osorio-Cruz is not an employee, any additional discovery related costs incurred should be minimal and therefore not grounds for denial of leave to amend. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

Moreover, the only change to the original complaint is the addition of Mr. Osorio-Cruz, a putative class member, as a representative Plaintiff. All factual allegations and causes of action, as well as the proposed class definition, are otherwise identical, and Mr. Osorio-Cruz does not seek to assert any claims beyond those that are included in the original complaint. Discovery is ongoing and Bedrosian's opposition to the motion for class certification is not due for another nine weeks. The Court does not find any undue prejudice under these circumstances. *See, e.g., McConnell v. Red Robin Int'l, Inc.*, Case No. C11–3026 WHA, 2012 WL 1357616, at *2 (N.D. Cal. Apr.17, 2012) ("This Court is not convinced that the addition of one named class plaintiff, four months before non-expert discovery ends, six months before the deadline for dispositive motions occurs, and nine months before trial is set to begin, will result in the sort of undue prejudice defendant contends is likely to occur."); *See In re Glacier Bay*, 746 F.Supp. 1379, 1379 (D. Alaska 1990)

("The addition of new plaintiffs who are similarly situated to the original plaintiffs does not cause defendants any prejudice except that defendants incur the potential for increase liability").

Finally, Defendant's showing of prejudice based only on the premise that Mr. Osorio-Cruz is not and was not a Bedrosian employee is not persuasive. As addressed above, it would be premature for the Court to engage in a factual determination beyond the allegations in the proposed FAC with respect to Mr. Osorio-Cruz's employment history at this stage of the litigation. Having found no evidence of futility, prejudice, bad faith, or undue delay, leave to amend will be granted.

## IV. CONCLUSION and ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a first amended complaint is GRANTED;
2. Plaintiff shall file her first amended complaint within seven days of the date of entry of this order.

IT IS SO ORDERED.

Dated: **August 21, 2018**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE