Michael J.F. Smith, #109426
John L. Migliazzo, #272066
**Michael J.F. Smith, A Professional Corporation**
1391 West Shaw Avenue, Suite D
Fresno, California 93711
(559) 229-3900
Fax (559) 229-3903

Attorneys for Defendant,
       J. Jacobo Farm Labor Contractor, Inc.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL GOMEZ and IGNACIO OSORIO, on behalf of themselves and all others similarly situated;<br><br>    Plaintiffs;<br><br>v.<br><br>J JACOBO FARM LABOR CONTRACTOR, INC.; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 1:15-cv-01489 AWI-BAM<br><br>**DEFENDANT J. JACOBO FARM LABOR CONTRACTOR, INC.'S OPPOSITION TO MOTION FOR RECONSIDERATION AND MODIFICATION OF THE ORDER GRANTING IN PART AND DENYING IN PART CLASS CERTIFICATION**<br><br>Date: December 23, 2019<br>Time: 1:30 p.m.<br>Dept.: Courtroom 2, 8th Floor<br><br>The Honorable Anthony W. Ishii |

       Defendant, J. Jacobo Farm Labor Contractor, Inc. ("Defendant"), respectfully submits the following Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Reconsideration and Modification of the Order Granting In Part and Denying In Part Class Certification:

///

**TABLE OF CONTENTS**

I.   INTRODUCTION…………………………………………………...…………...........1

II.  LEGAL ARGUMENT…………………..……………..….........................................2

    A.  Standard Applicable to a Motion for Reconsideration; Plaintiffs

       Do Not Set Forth "New or Different" Facts………………………………….2

    B.  The Court's Ruling to Grant and/or Deny Class Certification Will Not

       Be Disturbed Absent <u>Clear</u> Abuse of Discretion……………………………2

    C.  The Court Appropriately Held Common Issues Do <u>Not</u> Predominate;

       The Motion for Reconsideration Fails to Adequately Address This

       Glaring Deficiency……………………………………………………………3

       1)  *Wal-Mart Stores*, *supra*, Provides Workers with a Roadmap as to

           How to Satisfy "Commonality"; However, Plaintiffs Failed to

           Introduce Evidence of Company-Wide Policies……………………………4

       2)  The Declaration of Aaron Wolfson Does Not Adequately Address

           Commonality or Rebut the Court's Finding that Common Issues Do

            Not Predominate……………………………………………………………7

       3)  The Court Applied the Law Correctly; The Declaration of David

           Fairris Does Not Adequately Address Commonality………………………8

    D.  Plaintiffs Appear to Have Abandoned Some Claims; Plaintiffs also

       Misrepresent Which Sub-Classes are Derivative of the Rest Break Claim…….10

III. CONCLUSION……………………………………………........………..……….…11

1

## **TABLE OF AUTHORITIES**

**United States Supreme Court Cases**

*General Telephone Co. of Southwest v. Falcon* ("*Falcon*") (1982) 457 U.S. 147...............3

*Wal-Mart Stores, Inc. v. Dukes* (2011) 564 U.S 338.............................…..........1, 3, 4, 5, 6, 11

**Federal Court Cases**

*Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*

          (9th Cir. 2017) 867 F.3d 1093............................2

*Clark v. County of Tulare* (E.D. Cal. 2010) 755 F.Supp.2d 1075.............................2

*Desai v. Deutsche Bank Security Limited* (9th Cir. 2009) 573 F.3d 931...........................3

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*

          (9th Cir. 2009) 571 F.3d 873............................2

*Mazza v. Am. Honda Motor Co.* (9th Cir. 2012) 666 F.3d 581............................4

*Perez v. Sun Pac. Farming Co-op, Inc.*, Case No. 1:15-cv-259, 2015 WL 3604165..........9, 10

*Zinser v. Accufix Research Inst., Inc.* (9th Cir. 2001) 253 F.3d 1180............................3

**State Court Cases**

*Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864............................9

*Naranjo v. Spectrum Security Services, Inc.* (2019) 40 Cal.App.5th 444............................11

**California Statutes**

Business & Professions Code § 17200............................11

Labor Code § 203............................11

Labor Code § 226............................11

Labor Code § 226.2............................7

**Federal Statutes**

Federal Rule of Civil Procedure, Rule 23............................2, 3, 4, 10

California Government Code § 12940............................13, 19, 24

Civil Code § 3294............................24

Federal Rules of Civil Procedure, rule 56(a) ............................10

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.   <u>INTRODUCTION</u>

A motion for reconsideration is improper unless Plaintiffs show new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion…" (Local Rule 230(j).) Plaintiffs' motion simply re-argues the evidence and law already presented to the Court. No new facts or law are presented that did not exist prior to the motion, and the existing ruling is correct as to the denial of class certification.

The underlying motion is ***striking*** for its failure to include evidence of a "company-wide" policy. As pointed out by this Court, the motion specifically excludes any testimony from the employer's agents (whether by declaration or written discovery). This case involves several different worksites, several different forepersons, several different crews of workers, among other variables. (Doc. 114, Order at p. 2:57-3:11.) Despite a very clear roadmap as to how to prove "commonality" when such variables exist in *Wal-Mart Stores, Inc. v. Dukes* (2011) 564 U.S 338, Plaintiffs fail to introduce any evidence from the employer on Defendants' policies, including its application to Defendants' payroll records. This is presumably because further solicitation of testimony from the employer would only confirm the existence of individual issues. Testimony from the named Plaintiffs confirm this point.[1]

The Court applied the correct legal analysis when it issued its final order denying class certification on several issues. The evidence does not provide any basis, certainly none that passes rigorous analysis, for a finding of commonality. Absent proof of common representations and common policies, common issues do not predominate over individual issues, and the Court properly denied Plaintiffs' motion. The Court should not reconsider this final ruling denying class certification.

---

[1] Defendant will forego a lengthy summary of the testimony of the depositions Osorio and Gomez and how their testimony confirms the need for the Court to conduct individualized inquiries based on the theories advanced by Plaintiffs. Their testimony was thoroughly briefed by Defendant as part of the underlying motion and was incorporated throughout this Court's Order. (See Doc. 110-1, Supplemental Opposition Memorandum at pp. 3:9-11:13 [Summarizing deposition testimony of Osorio]; also see Doc. 109, Opposition Memorandum at pp 4:11-18:8 [summarizing deposition testimony of Gomez and employee declarations].)

## II. LEGAL ARGUMENT

### A. Standard Applicable to a Motion for Reconsideration; Plaintiffs Do Not Set Forth "New or Different" Facts.

When filing a motion for reconsideration, local rules require a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." (Eastern District Court of California ("EDCA"), Local Rule 230(j)). "A motion for reconsideration should not be granted, ***absent highly unusual*** circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." (Emphasis added.) (*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.* (9th Cir. 2009) 571 F.3d 873, 880.) "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."...of that which was already considered by the Court in rendering its decision." (*Clark v. County of Tulare* (E.D. Cal. 2010) 755 F.Supp.2d 1075, 1099-2000.)

Despite the assertion by Plaintiffs that "Plaintiffs meet this standard" (See Doc. 117, Memo at p. 6:25), **no evidence or arguments** are offered by Plaintiffs as to why the additional declarations were not brought sooner, nor have Plaintiffs provided "new or different facts" to justify reconsideration. Specifically, the recently filed declarations are based on facts and law already before this Court, and are now offered to essentially "re-argue" the motion.[2]

### B. The Court's Ruling to Grant and/or Deny Class Certification Will Not Be Disturbed Absent <u>Clear</u> Abuse of Discretion.

A district court decision to grant or deny class certification under Rule 23 generally is reviewed under the abuse of discretion standard. (*Civil Rights Education and Enforcement Center v. Hospitality Properties Trust* (9th Cir. 2017) 867 F.3d 1093, 1103.) The district court's ruling on class certification "is subject to **<u>very limited</u>** review, and will be reversed only upon a

---

[2] For reasons discussed *infra*, the declarations do not address the core reasons this Court denied class certification, including the *incorrect* assertion this Court committed "clear error of law."

strong showing of a **clear** abuse of discretion." (Emphasis added.) (*Desai v. Deutsche Bank Security Limited* (9th Cir. 2009) 573 F.3d 931, 937.)

Here, the Court properly exercised its discretion in denying class certification, and provided a very detailed opinion on the Motion for Class Certification. The Order confirms this Court conducted a "rigorous analysis" in determining that Plaintiffs failed to meet their burden. The Order denying class certification follows the law, and is correct.[3]

### C.  The Court Appropriately Held Common Issues Do Not Predominate; The Motion for Reconsideration Fails to Adequately Address This Glaring Deficiency.

The Parties seeking class certification bear the burden of demonstrating that each element of Rule 23 is satisfied. (*Wal-Mart Stores, Inc. v. Dukes, supra,* 564 U.S. at p. 350-351; *Zinser v. Accufix Research Inst., Inc.* (9th Cir. 2001) 253 F.3d 1180, 1186, *amended by* 273 F.3d 1266 (9th Cir. 2001).) The heart of the dispute in Plaintiffs' class certification motion is whether Plaintiffs have proven "commonality" and whether "common issues predominate over individual issues," which as the Court recognizes involves an overlapping analysis. (FRCP Rule 23(a)(2) [commonality]; FRCP 23(b)(3) [predominance] (Doc. 114, Order at p. 16:22-27.))[4]

---

[3] Plaintiffs' burden goes beyond what is set forth in the pleadings. A party seeking class certification must affirmatively demonstrate his compliance with [class action requirements]. "Sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," (*General Telephone Co. of Southwest v. Falcon* ("*Falcon*") (1982) 457 U.S. 147, 160) and that certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of [class certification] have been satisfied." (*Ibid.*) Frequently, that "rigorous analysis" will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. (*Wal-Mart Stores, Inc. v. Dukes* ("*Wal-Mart Stores*") (2011) 564 U.S 338, 351.) " '[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' " (*Falcon*, *supra*, at 160.)

[4] The "rigorous analysis" requires a detailed inquiry of the various elements of a class certification motion, including numerosity, commonality, adequacy of representation, among other factors. (See FRCP Rule 23). However, the gravamen of the Court's Order denying class certification is based on the lack of commonality and Plaintiffs' failure to prove common issues predominate. Defendant will focus its opposition on this primary issue (without re-briefing all of the factual issues).

1      **1)** ***Wal-Mart Stores*, *supra*, Provides Workers with a Roadmap as to How to**

2          **Satisfy "Commonality"; However, Plaintiffs Failed to Introduce Evidence of**

3          **Company-Wide Policies.**

4      Plaintiffs reiterate its theory in this motion: "Plaintiffs' rest break claim is premised on

5  the theory that Defendants **failed to provide** Plaintiffs and the class the opportunity to take paid

6  rest periods." (Bold added.) (Doc. 117, Memo in Support of Motion ("Memo") at p. 11:22-23)

7  **As part of this Court's rigorous analysis,** this Court was tasked with determining whether

8  Plaintiffs' theory of liability is subject to common proof. Here, the Court applied the law

9  correctly in denying class certification for reasons set forth below.

10      In *Wal-Mart Stores*, *supra*, the United States Supreme Court emphasized that

11  commonality requires that the class members' claims depend upon a common contention such

12  that determination of its truth or falsity will resolve an issue that is central to the validity of each

13  claim in "one stroke." (*Wal-Mart Stores, Inc. v. Dukes*, *supra*, 564 U.S. at p. 350; *Mazza v. Am.*

14  *Honda Motor Co.* (9th Cir. 2012) 666 F.3d 581, 588.)

15      In *Wal-Mart Stores*, *supra*, the Supreme Court provided workers with a roadmap to class

16  certification (under Rule 23) when the proposed class includes variables such as different

17  managers, different decisionmakers, etc. In that case, class certification was ultimately denied in

18  a Title VII action on behalf of a nationwide class of current and former female Wal-Mart

19  employees who claimed the company's local managers exercised discretion in

20  disproportionately paying male employees more than disparately impacted female workers.

21  (*Wal-Mart Stores, Inc. v. Dukes*, *supra*, 564 U.S. at p. 359.) Plaintiffs in that case did not

22  identify a common approach to exercising discretion that pervaded Wal-Mart as a company.

23  (*Ibid*.) Commonality was not met because a core inquiry in a Title VII claim is "the reason" for

24  the employment decision. (*Id*. at p. 352) The case involved "literally millions of employment

25  decisions at once." (*Ibid*.) Without some "glue" holding the alleged reasons for those decisions

26  together, plaintiffs did not provide proof of a companywide discriminatory policy. (*Ibid*.)

27      Plaintiffs must have substantial proof of commonality. If, for example, in the

28  discrimination context, discriminatory practices ***vary*** through the exercise of discretion of

numerous and geographically separated individual managers, merely presenting statistical and

sociological studies or evidence of a "strong corporate culture that makes it vulnerable to gender

bias" is insufficient. (*Wal-Mart Stores, Inc. v. Dukes, supra,* 564 U.S. at pp. 353-356.) Class

certification will be denied in such circumstances unless there is evidence of a "common mode

of exercising discretion that pervades the entire company." (*Ibid.*)

In *Wal-Mart Stores, supra,* the majority found that the only common corporate policy

was one of "allowing discretion by local supervisors over employment matters", and "[o]n its

face… that is just the opposite of a uniform employment practice that would provide

commonality needed for a class action…." (*Wal-Mart Stores, Inc. v. Dukes, supra,* 564 U.S. at

p. 355)

Even though *Wal-Mart Stores*, *supra*, involved an action under Title VII, it provides

clear direction on what must be showing prove commonality in any employment case,

especially when the application of employment policies is delegated to various forepersons,

workers are assigned varying forepersons, workers work at varying locations, etc.

In this Action, this Court correctly found that individual issues predominate over

common issues in light of the variations among absent class members:

> "Here … the evidence shows that some employees – and likely
> <u>most</u> employees – were provided with and permitted to take
> numerous rest breaks during their shifts. In other words, contrary
> to Plaintiffs' suggestion, the evidence does not that that Defendant
> had a uniform policy or practice of not authorizing or not
> providing rest breaks for the entire class. To the extent that an
> employee was not provided with or permitted to take a rest break,
> such appears to be the result of the employee's particular
> foreperson at the time. To compound the individualized factual
> issue, it also appears that Defendant's employees worked under
> multiple forepersons for varying lengths of time throughout the
> course of their employment, and the length of an employee's
> particular shift under a particular foreperson varies depending on
> numerous variables, such as the crop season and the weather."
> (Doc. 119, Order at p. 27:7–12.)

As the Court points out: "There are important individualized questions: namely, which

employees were not provided with rest breaks, and to what extent were these employees not

provided with rest breaks." (Doc. 114, Order at p. 27:13-16.) The Court further explained that

"[r]esolving these individualized questions will require determining, for example, which particular forepersons, how many shifts those particular employees worked under those particular forepersons, and how long each particular shift was under those forepersons. (Doc. 114, Order at p. 28:3-7.)

In light of the variations, the motion is **<u>striking</u>** for its failure to produce evidence of any of Defendant's policies, let alone a uniform policy, as they apply to the proposed class:

> "Plaintiffs' certification motion repeatedly asserts that class certification is warranted in light of Defendant's company-wide policies. But despite the heavy reliance on these alleged company-wide policies, Plaintiffs never provided the Court with any deposition testimony or specific interrogatory answers from someone qualified to speak about Defendant's company-wide policies, such as Rule 30(b)(6) witness or the present of the company. Presumably Javier Jacobo could have filled that role." (Doc. 114, Order at p. 54: 9-14.)

Here, the framework set forth in *Wal-Mart Stores*, *supra*, when such variations exist among forepersons, was ignored by the Plaintiffs.[5]

The lack of a uniform policy inexplicably leads to individual inquiries, which is discussed in more detail below in the context of the expert declarations filed by Plaintiffs. Even Plaintiffs acknowledge the rest break claims "could require individualized inquiries as to who actually took breaks, and how often." (Doc. 117, Memo at p. 11:19-21) Plaintiffs submit two declarations from "expert witness" in an attempt to re-argue the same evidence. However, these declarations do not address Plaintiffs' failure to prove common issues predominate (referring to lack of a uniform policy subject to common proof).

///

///

---

[5] Likewise, Plaintiffs do not solicit any testimony from Defendant's agents regarding the application and use of Defendant's payroll records as it applies to Defendant's policies.

**2)  The Declaration of Aaron Wolfson Does Not Adequately Address Commonality or Rebut the Court's Finding that Common Issues Do Not Predominate.**

As a preliminary matter, Plaintiffs fail to explain why the declaration constitutes "new or different" facts. In fact, Mr. Wolfson's declaration confirms that the only documentation that may be "different" that Mr. Wolfson reviewed in support of the Motion for Reconsideration is the following documentation: "[d]ocuments identifying immunity payments under the provisions established by Cal. Labor Code 226.2(b)." (See Doc 117-4, Wolfson Decl. at Page 5, ¶ 11; Compare Doc. 108-18, Wolfson Decl. at p. 6, ¶ 12.) Regardless, the additional documentation reviewed by Mr. Wolfson does not appear to be relevant to this motion (because the title of the documentation implies they only apply to the Safe Harbor payments, not to the core issue of whether common issues predominate).

Mr. Wolfson's declaration is based entirely on Defendant's payroll records and the pleadings. (Doc. 117-4, Wolfson Decl. at Page 5, ¶ 11)  However, this Court has already explained that reliance on the payroll records **alone** does not nullify the Court's obligation to conduct individualized inquiries based on the theories advanced by the Plaintiffs:

> "In order to determine whether and to what extent Defendant is liable for failing to pay for provided rest breaks, an individualized inquiry will be required to determine, first, which employees in the class took unpaid rest breaks, second, how many unpaid rest breaks these employees took (which, by the flip-side of the same token, largely addresses how many rest breaks these employees worked through). Although it appears that Defendant's payroll records can reveal whether and to which employees Defendant made rest break payments (as well as safe-harbor payments), **the payroll records do not appear to reveal which particular employees elected to forego provided rest breaks and which and how many rest breaks were foregone by each particular employee.** Consequently, even in light of Defendant's payroll records and policies for paying (or not paying) for provided rest breaks, extensive individualized inquiries will still be required." (Bold added.) (Doc. 114, Order at p. 17:27)

Even through Mr. Wolfson attempts to provide some clarity as to "when" these payments were made (Doc. 117-4, Wolfson Decl. at p. 5-6, ¶¶ 13-14), the declaration skirts past the Court's ruling that the Court must still conduct individualized inquiries to "reveal which

particular employees elected to forego provided rest breaks" and "which and how many rest breaks were foregone by each particular employee." In other words, a summary of the "timing of the payments" (which was already available to Plaintiffs when it filed this motion) does not address the Court's finding that commons issues do not predominate.

On a broader scale, it would be impossible for Mr. Wolfson to address to the Court's concerns regarding commonality in the context of evaluating the payroll records. Mr. Wolfson does not appear to rely on evidence confirming whether Defendants' policies were uniformly applied to absent class members, or whether Defendants had a policy of providing paid rest breaks, including any sworn deposition testimony or interrogatory responses from Defendant's agents (such as Mr. Jacobo). (Doc 117-4, Wolfson Decl., in its entirety; Compare Doc. 108-18[6])

### 3) The Court Applied the Law Correctly; The Declaration of David Fairris Does Not Adequately Address Commonality.

As a preliminary matter, Mr. Fairris operates on the assumption that Defendant is operating "unlawfully." (See for example, Doc 117-3, Fairris Decl. at p. 5-6, ¶ 14-17.) For example, Mr. Fairris states "…workers were clearly harmed by **Defendants' policy** whether they took uncompensated rest breaks OR worked through their rest breaks." (Bold added.) (See for example, Doc 117-3, Fairris Decl. at p. 3,  ¶ 8)

However, Mr. Fairris' declaration does not address the primary issue of the dispute: whether liability (or lack thereof) is subject to common proof. Again, there is no evidence as to whether workers were subject to a "company-wide" practice, and the payroll records alone do not negate individualized inquiries (discussed *supra*). **This is simply not addressed by Mr. Fairris' declaration, nor is it clear as to what "policy" is being relied on in offering an opinion on this matter.**

---

[6] Interestingly, Mr. Wolfson's declaration in support of class certification relied on the boilerplate declarations filed in support of Plaintiffs' motion (Doc. 108-18, Wolfson Decl. at pp. 14-16 ¶ 26(f) and (l)). However, this Court has already noted that there are "reliability concerns" with the declarations, especially when the named Plaintiff's declaration is contradicted by his deposition testimony. (Doc. 114, Order at p. 3, footnote 2.)

On the merits, Mr. Fairris' summary of the law is harmonized with this Court's legal analysis. The Court analyzed the law in the context of Plaintiffs' theory of the case: whether workers were not **provided** a paid rest break. The Court went into an extensive discussion about the law applicable to rest breaks (Doc. 114, Order at p. 25:19-27:2), and discussed the interplay between Plaintiffs' allegation of a failure to authorize and permit rest breaks and Plaintiffs' allegation of a failure to provide a paid rest break. (*Id.* at p. 29:14-30:7.)

This Court, evaluated Plaintiffs' Motion for Class Certification based on a correct interpretation of the law, including reliance on case law interpreting *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864. In the end, Plaintiffs simply have not carried its burden that common issues predominate over individual issues in light of Plaintiffs' theory of the case:

> "Insofar as the rest break claim is premised on the theory that Defendant failed to pay its employees for the rest breaks – a theory that is distinct from, although related to, the foregoing theory that Defendant failed to provide rest breaks – there are additional individualized issues. As outlined supra, a significant contingent of the class elected to forego their rest breaks by working through the provided rest breaks, and they did so to make more money on a piece-rate basis. See, e.g., Doc. Nos. 91-2, 109-1 (deposition of Plaintiff Marisol Gomez) (testifying that "half" of the employees that she worked with elected to forego rest breaks). The identities of the employees who comprise of this significant contingent are largely unknown and, moreover, cannot be known absent extensive individualized inquiries. That is problematic because such employees were paid a piece-rate for the work they conducted during the foregone rest breaks; therefore, liability is not triggered and these employees are not entitled to additional compensation for the foregone rest breaks. Perez v. Sun Pac. Farming Co-op, Inc., Case No. 1:15-cv-259, 2015 WL 3604165, at *7 ("When an employer pays its employees by the piece, however, those employees cannot add to their wage during rest breaks; a break is not for rest if piece-rate work continues.") (Doc. 114, Order at p. 29: 11-16)

Additionally, although not clear to Defendant, Mr. Fairris (like Mr. Wolfson) is presumably offering his opinion based on payroll records submitted by Plaintiffs in support of Plaintiffs' motion. As discussed *supra*, the payroll records alone do not negate the need for this

Court to conduct individualized inquiries presented to this Court in light of the theory advanced by Plaintiffs in this case.[7]

The Court correctly articulated the law applicable to Plaintiffs' theory, and the ruling was correct.

### D. Plaintiffs Appear to Have Abandoned Some Claims; Plaintiffs also Misrepresent Which Sub-Classes are Derivative of the Rest Break Claim.

Plaintiffs' motion does not request this Court to reconsider the minimum wage sub-class or overtime sub-class. However, the motion does suggest that the Court found that the "Meal Period Sub-Class" was derivative of the rest break claim. (Doc. 117, Memo at p. 15:22-28.) This is not true. The Meal Period Sub-Class is **not** a derivative claim as these are separate claims wholly independent of each other. The Court simply found that for "same reasons" the rest break claim lacks sufficient commonality and predominance, so too does the meal break claim. (Doc 114, p. 32:14-15.)[8]

Likewise, the Court denied certification of the MAWPA violations on the merits; not solely because of Plaintiffs' assertion it was a derivative claim. (Doc. 114, Order at p. 41:1-8 ["Because Plaintiffs take the position that their MAWPA claim is purely derivative, and because Plaintiffs did not even attempt to demonstrate that the MAWPA claim independently warrants certification under Rule 23(b)(3), the Court will not independently consider this claim for certification under Rule 23(b)(3)."])

---

[7] In *Perez v. Pacific Farming Co-Op Inc.*, *supra*, 2015 WL 3604165 at *7,  the Court recognized in the context of the record-keeping provision of the wage order that it was the wage order's "intent to avoid imposing a pointless recordkeeping burden on employers", and that requiring an employer to note time and frequency of a break would impose an unnecessary cost. (*Ibid*.) The Court's reliance on *Perez*, *supra*, confirms that the payroll records simply are not helpful to this Court in analyzing whether absent class members decided to forego their rest breaks, which further obviates the need for individualized inquiries.

[8] In Plaintiff's Motion for Class Certification, Plaintiffs do not argue that the meal period claim is derivative. (Doc. 108-1, Memo at pp. 15:1-17:12) Compare, for example, Plaintiffs argument that the AWPA subclass is derivative of Plaintiffs' rest break claim. (*Id*., at p. 20:12-18)

1   To the extent they are derivative of the paid rest break claim, the motion appears limited

2   to reconsideration of the a) Wage Statement Subclass (Labor Code § 226), b) Business and

3   Professions Code § 17200 Sub-Class, and c) the Final Paycheck Subclass (Labor Code § 203).[9]

4   Regardless, the Motion for Reconsideration of the Order Denying Class Certification

5   should be denied for reasons set forth above.

6   **III.   <u>CONCLUSION</u>**

7   Similar to the evidence presented in *Wal-Mart Stores, supra*, the "combination of

8   individualized and class-wide relief is inconsistent with [class action requirements]." (*Wal-Mart*

9   *Stores, Inc. v. Dukes, supra,* 564 U.S. at p. 361.) The Court exercised sound discretion in

10   denying Plaintiffs' Motion for Class Certification because common issues do not predominate

11   over individual issues. The Court applied the law correctly, and the order denying certification

12   should be affirmed.

13

14

15   **MICHAEL J. F. SMITH, APC**

Dated: December 9, 2019

16

17   <u>/s/John L. Migliazzo</u>
     John L. Migliazzo,
18   Attorney for Defendant,
     J. Jacobo Farm Labor Contractor, Inc.
19

20

21

22

23

24

25

26

27   [9] In *Naranjo v. Spectrum Security Services, Inc.* (2019) 40 Cal.App.5th 444, the Court held that premium pay under Labor Code § 226.7 does not entitle employees to derivative penalties under Labor Code §§ 203, 226. (*Naranjo, supra,* 40 Cal.App.5th at p. 474) To the extent Plaintiffs seek penalties based on Defendant's failure to provide "premium pay" for failing to provide meal and rest breaks, the request should be denied as a matter of law.

28