UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL GOMEZ and IGNACIO OSORIO,<br><br>                Plaintiffs,<br><br>      v.<br><br>J. JACOBO FARM LABOR CONTRACTOR, INC.<br><br>                Defendant. | CASE NO. 1:15-cv-01489-AWI-BAM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND MODIFYING THE REST BREAK CLASS DEFINITION**<br><br>(Doc. Nos. 126, 129) |

# I. Introduction

In this class action lawsuit, a farm labor contractor is being sued by its employees for violating California's wage-and-hour laws and the federal Migrant and Seasonal Agricultural Workers Protection Act of 1983 ("MAWPA"). The farm labor contractor is Defendant J. Jacobo Farm Labor Contractor, Inc. ("Defendant"). The named plaintiffs are two employees of Defendant, Plaintiffs Marisol Gomez and Ignacio Osorio (collectively "Plaintiffs").

Now before the Court is Defendant's motion to reconsider the Court's previous order certifying Plaintiffs' rest break claim for class aggregation under Rule 23(b)(3) of the Federal Rules of Civil Procedure. See Doc. No. 126 (order); Doc. No. 129 (Defendant's motion for reconsideration). For clarity, the previous order that Defendant's motion takes issue with will be referred to below as the "first modification order," which is distinct from the Court's "original certification order" — both of which will be summarized below. See Doc. No. 126 ("first modification order"); Doc. No. 114 ("original certification order"). Ultimately, the Court will deny Defendant's motion to reconsider the first modification order, but the Court will slightly modify the first modification order.

///

## II.  Facts

Plaintiffs pleaded several claims against Defendant, including the following itemized wage statement claim and rest break claim:

1) Itemized wage statements: Defendant failed to issue properly itemized wage statements to its employees in violation of Cal. Lab. Code §§ 226(B), 1174, 1175.

2) Rest breaks: Defendant failed to provide timely and complete rest breaks to its employees or pay additional wages to its employees in lieu of providing rest breaks in violation of Cal. Lab. Code §§ 226.7, 512, and IWC Wage Orders 8, 13, 14.

Plaintiffs also pleaded several claims that are "derivative" of the rest break claim.  In other words, Plaintiffs alleged that because Defendant failed to provide timely and complete rest breaks or pay additional wages in lieu of providing rest breaks, Defendant is also liable for the following derivative claims:

3) Wages upon termination or resignation: Defendant failed to pay wages to its terminated or resigned employees in violation of Cal. Lab. Code §§ 201, 202, and 203.

4) MAWPA violations: Defendant violated its employees' rights under MAWPA, 29 U.S.C. § 1801 et seq., by:
   a. providing false and misleading information regarding terms and conditions of employment;
   b. violating the terms of the employees' working arrangements;
   c. failing to pay wages when due; and
   d. failing to provide accurate itemized written statements.

5) Itemized wage statements (as a derivative claim): Defendant failed to issue properly itemized wage statements to its employees in violation of Cal. Lab. Code §§ 226(B), 1174, 1175.

6) Unfair business competition: Defendant engaged in unfair business competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq. by engaging in the foregoing wage-and-hour violations.

Plaintiffs moved to certify the foregoing claims for class aggregation pursuant to Rule 23(b)(3). See Doc. No. 108 (Plaintiffs' motion for class certification). The Court then issued two separate orders that together partially granted Plaintiff's motion for class certification. Specifically, in the first order — the "original certification order" — the Court certified the non-derivative wage statement claim for class aggregation. The Court defined the class for the non-derivative wage statement claim as follows:

> All individuals who were employed as a non-exempt field worker or agricultural worker from September 30, 2012, to November 5, 2019, by J. Jacobo Farm Labor Contractor, Inc.

Doc. No. 114.

In defining the class, the Court specifically established the end date of the class period as November 5, 2019. This is notable because in the parties' briefing on Plaintiffs' motion for class certification, Plaintiffs proposed that the end date should be "to the present," whereas Defendant did not squarely address the issue. The Court obviously rejected Plaintiffs' proposed end date, and the Court did so because such a date is not clearly ascertainable, which in turn creates a class period with a "moving target" that in turn "presents potential case management problems," Taylor v. Autozone, Inc., Case No. 10-cv-8125, 2011 WL 2357652, at *1 (D. Ariz. June 14, 2011), as well as problems for assessing whether the proposed class meets the requirements of Rule 23. On that basis, the Court determined in the original certification order that the end date for the non-derivative wage statement class period will be November 5, 2019 — which is the date of the original certification order.

After the Court issued the original certification order, Plaintiffs moved the Court to reconsider the original certification order. In response to Plaintiffs' motion for reconsideration, the Court issued the "first modification order." In the first modification order, the Court certified the rest break claim and derivative claims for class aggregation, and the Court defined the class for those claims as follows:

> All individuals who have been employed, or are currently employed, by Defendant as a non-exempt "field worker" or agricultural worker, who worked on a piece rate basis at any time from September 30, 2011 up to the present and were not separately compensated for rest periods during their piece rate shifts.

3

Doc. No. 126 (emphasis added).

In the first modification order — unlike in in the original certification order — the Court neglected to establish the end date for the rest break class period as November 5, 2019.  Instead, the Court used the end date that was supplied by Plaintiffs — and not objected to by Defendant — namely, "to the present."  This was an oversight by the Court.

Defendant now moves the Court to reconsider the first modification order, specifically with respect to the end date of the rest break class period.

## III.   Defendant's Motion for Reconsideration

**A.**   **Defendant's arguments.**

Defendant argues that the end date for the rest break class period should be changed from "to the present" to February 27, 2016.  According to Defendant, this is because Plaintiffs' payroll database expert, Aaron Wolfson, declared during the briefing on Plaintiffs' motion for class certification that Defendant began paying its employees for rest breaks on February 27, 2016, and beyond.  Therefore, according to Defendant, the rest break class period should not encompass the time after February 27, 2016, because employees after that date were not "subject to the same unlawful practice" that occurred prior to that date — namely, not being paid by Defendant for rest breaks.  Doc. No. 134.  According to Defendant, if the rest break class period includes the time after February 27, 2016, then there will no longer be commonality amongst the class members.

**B.**   **Plaintiffs' arguments.**

Plaintiffs argue that Defendant's motion should be denied on procedural grounds because Defendant is raising an argument for the first time in a motion for reconsideration, and Defendant could and should have previously raised the argument in its opposition briefing to Plaintiffs' motion for class certification.  Plaintiffs also argue that Defendant's motion should be denied on substantive grounds because, first, there is no legal requirement that a class be ascertainable in order to be certified under Rule 23 and, second, commonality will not be destroyed by including the time period after February 27, 2016.

/ / /

**C.     Discussion.**

The Court rejects Defendant's argument that the end date for the rest break class period should be changed to February 27, 2016. This is because Defendant failed to raise this argument in its opposition briefing to Plaintiffs' motion for class certification. "Motions for reconsideration serve a very limited purpose. They are appropriate only to correct manifest errors of law or fact or to present newly discovered evidence. They are not to be used to test new legal theories that could have been presented when the original motion was pending." F.D.I.C. v. Jackson-Shaw Partners No. 46, Ltd., 850 F. Supp. 839, 845 (N.D. Cal. 1994) (citations and quotations omitted). See also Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) ("In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation.").

Ever since Plaintiffs first moved for class certification, Plaintiffs proposed that the end date for the class period should be "to the present." Yet, in Defendant's opposition briefing to Plaintiffs' motion for class certification, Defendant failed to address the issue of the end date, let alone the specific end date of February 26, 2016. It appears clear to the Court that Defendant could have raised this issue in its opposition briefing, and Defendant has provided no explanation in its reconsideration motion for why it did not do so. Consequently, Defendant's argument is deemed waived and procedurally improper for reconsideration.

However, pursuant to the Court's "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citations omitted), the Court will modify the first modification order with respect to the end date of the rest break class period. As noted above, it was due to the Court's oversight that the first modification order established the end date of the rest break class period as "to the present." That oversight will be remedied here. For the same reasons that the Court established November 5, 2019, as the end date for the non-derivative wage statement class period in the original certification order — reasons that the original certification order clearly explained and supported with extensive case law — the Court

will modify the end date for the rest break class period to be November 5, 2019.  See Doc. No. 114 at 14-15 (original certification order establishing November 5, 2019, as the end date for the class period) (reported at Gomez v. J. Jacobo Farm Labor Contractor, Inc., 334 F.R.D. 234, 250 (E.D. Cal. 2019)); see also 3 Newberg on Class Actions § 7:28 (5th ed.) (discussing the importance of the class definition being "precise, objective, and presently ascertainable," and discussing the district court's authority to clarify the class definition so as to avoid protentional concerns) (citing Manual for Complex Litigation at § 21.222 (4th ed.); Wachtel ex rel. Jesse v. Guardian Life Ins. Co. of America, 453 F.3d 179, 187 (3d Cir. 2006)).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant's motion for reconsideration (Doc. No. 129) is DENIED.

2. The Court's first modification order (Doc. No. 126) is MODIFIED, in part, as follows:

    a. The class for Plaintiffs' rest break claim and derivative wages upon termination claim, accurate itemized wage statement claim, MAWPA claim, and unfair business practices claim is defined as follows:

    > All individuals who have been employed, or are currently employed, by Defendant as a non-exempt "field worker" or agricultural worker, who worked on a piece rate basis at any time from September 30, 2011, to November 5, 2019, and were not separately compensated for rest periods during their piece rate shifts.

3. The parties must promptly MEET AND CONFER about the submission of a joint stipulated class notice and distribution plan.  Within twenty-one days of this order, the parties must FILE either a stipulated class notice and distribution plan or a notice that no stipulation can be agreed to.  If the parties cannot agree to a class notice or distribution plan, then Plaintiffs must FILE a proposed class notice and distribution plan within thirty-five days of this order, and Defendant shall have fourteen days following Plaintiffs' filing to FILE any objections, and Plaintiffs shall have seven days following Defendant's filing to FILE a reply.

4. This case is REFERRED BACK to the assigned magistrate judge for further scheduling and other proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   July 17, 2020                                          /s/ [signature]
                                                                SENIOR DISTRICT JUDGE