# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL GOMEZ and IGNACIO OSORIO,<br><br>Plaintiffs,<br><br>v.<br><br>J. JACOBO FARM LABOR CONTRACTOR, INC.,<br><br>Defendant. | CASE NO. 1:15-cv-01489-AWI-BAM<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND DIRECTING AMENDMENT OF THE CLASS NOTICE<br><br>(Doc. No. 149) |

After approving the parties' joint stipulation to amend the class notice by modifying the class period in two subclass definitions, the Court ordered the parties to show cause as to why the subclass definition for Plaintiffs' rest period claim should not be modified in the same fashion. The parties timely filed a joint response. For the following reasons, the Court will discharge the order to show cause and direct the parties to further amend the class notice.

## BACKGROUND

Plaintiffs pleaded nine causes of action, and effectively moved to certify six class claims. In its original certification order, the Court certified only Plaintiffs' claim for wage statement violations under California Labor Code § 226. The Court defined the class for this claim as follows:

> All individuals who were employed as a nonexempt field worker or agricultural worker from September 30, 2012, to November 5, 2019, by J. Jacobo Farm Labor Contractor, Inc.

Doc. No. 114 at 56. In so doing, the Court rejected Plaintiffs' proposal to use "September 30,

2011" as the class period start date. Id. at 39–40.  This date, the Court explained, was four years before the original complaint was filed, and therefore in conflict with the statutes of limitations governing wage statement claims, Cal. Civ. Proc. Code § 338 (three years for actual damages) and § 340 (one year for statutory penalties). Id.  The Court also set a specific end date for the class period—November 5, 2019, i.e., the date the order was issued—instead of Plaintiffs' proposal to use "to the present." Id. at 13–15.

After Plaintiffs moved for reconsideration, the Court certified Plaintiffs' claim that Defendant violated California Labor Code § 226.7 by failing to pay piece rate employees for rest periods.  The Court also certified Plaintiffs' four claims that are wholly derivative of their rest period claim:  federal Migrant and Seasonal Agricultural Workers Protection Act ("AWPA") violations under 29 U.S.C. § 1801 et seq.; California unfair competition law ("UCL") violations under Cal. Bus. & Prof. Code § 17200 et seq.; (derivative) wage statement violations under Cal. Labor Code § 226; and separation wages violations under Cal. Labor Code § 203.  For purposes of all five newly certified claims, the Court defined a subclass as follows:

> Piece Rate Rest Period Subclass:  All individuals who have been employed, or are currently employed, by Defendant as a non-exempt "field worker" or agricultural worker, who worked on a piece rate basis at any time from September 30, 2011 up to the present and were not separately compensated for rest periods during their piece rate shifts.

Doc. No. 126 at 13.

In a second order modifying the original certification order, the Court revised this subclass definition to include the same specific end date as the class definition for Plaintiffs' non-derivative wage statement claim:

> All individuals who have been employed, or are currently employed, by Defendant as a non-exempt "field worker" or agricultural worker, who worked on a piece rate basis at any time from September 30, 2011, *to November 5, 2019*, and were not separately compensated for rest periods during their piece rate shifts.

Doc. No. 138 at 6 (emphasis added).

Thereafter, the parties presented for approval a stipulated class notice that included the following definitions of a general class and subclasses that have been certified:

///

**6. What General Class Has been Certified?**

All individuals who have been employed or are currently employed by Defendant J. Jacobo Farm Labor Contractor Inc. as a non-exempt "field worker" or agricultural laborer who worked at any time from September 30, 2011 to November 5, 2019.

**7. What Subclasses Have Been Certified?**

**Piece Rate Rest Period Subclass:**
All individuals who have been employed, or are currently employed, by Defendant as a non-exempt "field worker" or agricultural worker, who worked on a piece rate basis at any time from September 30, 2011 to November 5, 2019 were not separately compensated for rest periods during their piece rate shifts.

**Inaccurate/Incomplete Wage Statement Subclass:**
All individuals who were employed as a non-exempt field worker or agricultural worker from September 30, 2012, to November 5, 2019, by J. Jacobo Farm Labor Contractor, Inc.

**AWPA Subclass:**
All individuals who have been employed, or are currently employed, by Defendant as a non-exempt "field worker" or agricultural worker, any time from September 30, 2011 to November 5, 2019, who, due to the violations claimed herein, were not paid wages due or provided employment consistent with the terms of the employee's "working arrangements."

**Business and Professional Code section 17200 Subclass:**
All individuals who have been employed, or are currently employed, by Defendant as a non-exempt "field worker" or agricultural worker, any time from September 30, 2011 to November 5, 2019, who, due to the violations claimed herein, were employed under "unlawful or unfair business acts or practices."

**Final Paycheck Subclass:**

All individuals who have been employed, or are currently employed, by Defendant as a non-exempt "field worker" or agricultural worker, any time from September 30, 2011 to November 5, 2019, who were not paid all wages due when they were laid off, discharged or quit as required by the California Labor Code.

Doc. No. 140-1.

The Court approved the class notice on December 8, 2020. Doc. No. 144. On January 21, 2020, the parties filed a joint stipulation to amend the class notice by modifying the class periods for the AWPA and Final Paycheck Subclasses. Doc. No. 148. Specifically, the parties agreed that the class periods should be modified to "September 30, 2012, to November 5, 2019," because "both of these subclasses are subject to a 3-year statute of limitations." Id. at 2. The Court approved the parties' request and directed the parties to amend the class notice to reflect that the correct class period for the AWPA and Final Paycheck Subclasses is "from September 30, 2012, to November 5, 2019." Doc. No. 149 at 3. At the same time, the Court also ordered the parties to

3

show cause as to why the definition for the Piece Rate Rest Period Subclass should not be modified in the same fashion and for the same reason. Id.

**DISCUSSION**

The Court has specifically directed the parties to address the California Supreme Court's determination in *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1099 (2007), that the remedy for rest period violations under California Labor Code § 226.7 is subject to the three-year statute of limitations under California Code of Civil Procedure § 338(a). As the Court explained in the order to show cause, *Murphy* appears to require modification of the definition for the Piece Rate Rest Period Subclass on the same basis that the other subclass definitions are to be modified.

Aside from repeating the Court's direction, the parties have not addressed *Murphy*. Instead, in their joint response, the parties assert that the Piece Rate Rest Period Subclass is properly defined in the class notice because Plaintiffs' rest period claim is subject to the four-year statute of limitations governing claims under the UCL, Cal. Bus. & Prof. Code § 17208. In support of this assertion, the parties cite *Maravilla v. Rosas Brothers Construction, Inc.*, 401 F. Supp. 3d 886, 901 (N.D. Cal. 2019). Their application of this law to their case reads in full as follows:

> Section 17208 of the UCL establishes a four-year statute of limitations, providing that "[a]ny action to enforce any cause of action under this chapter shall be commenced within four years after the cause of action accrued." (Emphasis added.).[1] In *Maravilla v. Rosas Brothers Constructions, Inc.* the Northern District of California found that a Plaintiff who brought a wage claim under the California Labor Code and also pled a cause of action under the UCL was entitled to an additional year's worth of wages. 401 F. Supp. 3d 886, 901 (N.D. Cal. 2019). The Northern District found that the UCL's restitution provision allowed the employees to reach back one year further than the limitations period for the wage claim. *Id.* As such, the class period for Plaintiffs' rest period claim is subject to a four-year statute of limitations.

Flatly, this conclusion is wrong. In *Maravilla*, the court granted judgment in the plaintiff's favor on his claim for unpaid wages under California Labor Code § 1194 *and* on his UCL claim for an "additional year's worth of unpaid wages based on hours banking for which he cannot

---

[1] Despite the parenthetical, no emphasis is added to the quotation of the statute.

4

1 recover under his section 1194 claim." 401 F. Supp. 3d at 899, 901. In other words, although his
2 § 1194 claim was subject to a three-year statute of limitations, the plaintiff could obtain
3 "additional" relief because his UCL claim was subject to the four-year limitations period under
4 § 17208. Id. (relying on Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 178–79
5 (2000)).

6       The same dynamic is at play here. The correct class period start date for Plaintiffs' rest
7 period claim is September 30, 2012, as this claim is subject to the three-year statute of limitations
8 under California Code of Civil Procedure § 338(a). Murphy, 40 Cal. 4th at 1099. The correct
9 class period start date for Plaintiffs' UCL claim is September 30, 2011, as this claim is subject to
10 the four-year statute of limitations under California Business and Professions Code § 17208. See
11 Blanks v. Seyfarth Shaw LLP, 171 Cal. App. 4th 336, 364 (2009) (explaining that a plaintiff can
12 "bring a UCL cause of action even though the Labor Code statute used as the basis for the UCL
13 cause of action ha[s] a shorter statutory limitations period" (citing Cortez, 23 Cal. 4th at 178–
14 79)). While § 17208 provides the statute of limitations for UCL claims and Plaintiffs have a UCL
15 claim that the Court has certified and Plaintiffs' certified UCL claim is in part derivative of their
16 allegations that Defendant's rest period practices violated Labor Code § 226.7, Plaintiffs' UCL
17 claim is distinct from their rest period claim. The Court's order to show cause directed the parties
18 to address Plaintiffs' rest period claim, not their UCL claim. In so far as the class notice
19 separately defines individual subclasses for all of the certified class claims, the Piece Rate Rest
20 Period Subclass must be modified.

21       Rather than order for this change to be made, however, the Court will direct the parties to
22 modify the class notice in such a way that clears up other possible confusion arising from the class
23 and subclass definitions. See Fed. R. Civ. P. 23(c)(2)(B)(ii) (explaining that Rule 23(b)(3) class
24 notice "must clearly and concisely state in plain, easily understood language" the "definition of the
25 class certified"). Specifically, the parties shall strike from the class notice the general class
26 definition and the definitions of the AWPA Subclass, the Business and Professional Code section
27 17200 Subclass, and the Final Paycheck Subclass. In other words, the above-quoted portion of the
28 stipulated class notice shall be revised to read as follows:

**6. What Classes have been Certified?**

**Inaccurate/Incomplete Wage Statement Subclass:**
All individuals who were employed by J. Jacobo Farm Labor Contractor Inc. as a non-exempt field worker or agricultural worker at any time from September 30, 2012, to November 5, 2019.

The Inaccurate/Incomplete Wage Statement Subclass applies to the certified claim for Defendant's alleged violation of the California Labor Code for failure to provide accurate wage statements.

**Piece Rate Rest Period Subclass:**
All individuals who were employed by J. Jacobo Farm Labor Contractor Inc. as a non-exempt field worker or agricultural worker at any time from September 30, 2011, to November 5, 2019, and who worked on a piece rate basis and were not separately compensated for rest periods during their piece rate shifts.

The Piece Rate Rest Period Subclass applies to the certified claim for Defendant's alleged violation of California Labor Code and Industrial Wage Order provisions regarding employee rest periods. The subclass also applies to the following certified claims that are derivative of the rest period claim: alleged violations of the federal Agricultural Workers Protection Act, California's unfair competition law under California Business and Professions Code, and California Labor Code and Industrial Wage Order provisions regarding wage statements and separation wages.

Along with some minor consistency modifications, this revision ensures the class notice accurately reflects the two subclasses that the Court defined in its certification orders.[2] Doc. Nos. 114 at 56 & 138 at 6. Under this revision, the class period for the Piece Rate Rest Period Subclass covers the multiple class claims for which this subclass definition applies. This includes Plaintiffs' rest period claim and their derivative AWPA, wage statement, and separation wages claims, all of which are governed at least in part by a three-year statute of limitations. Murphy, 40 Cal. 4th at 1099 (rest period); Medrano v. D'Arrigo Bros. Co. of Cal., 125 F. Supp. 2d 1163, 1168–69 (N.D. Cal. 2000) (AWPA); Novoa v. Charter Commc'ns, LLC, 100 F. Supp. 3d 1013, 1024–25 (E.D. Cal. 2015) (wage statement); Pineda v. Bank of Am., N.A., 50 Cal. 4th 1389, 1398 (2010) (separation wages). It also includes Plaintiffs' derivative UCL claim, which is governed by the four-year statute of limitations under § 17208. Cortez, 23 Cal. App. 4th at 178–79; Blanks, 171 Cal. App. 4th at 364.

Revising the class notice in this manner also eliminates another problem with the subclass

---

[2] Although the Court has previously treated the class for Plaintiffs' non-derivative wage statement claim as an "overarching class," the two defined classes are better described as individual subclasses given that neither fully subsumes the other. See Fed. R. Civ. P. 23(c)(5) ("When appropriate, a class may be divided into subclasses that are each treated as a class under this rule.").

definitions for the derivative claims. When these claims were certified, the Court recognized Plaintiffs' position that these claims are wholly derivative of their rest period claim. Doc. No. 126 at 4, 6. Yet, in providing a unique subclass definition for each claim, the parties' stipulated class notice omits this connective tissue. As things stand, the class notice effectively defines the subclasses for the derivative claims as though the claims are free-standing. Without tying back to the rest period allegations, the class notice could give a mistaken impression that certain class claims exist, when such claims have never been certified. While the class notice could be modified to indicate that the respective subclasses are based on derivative claims, the simpler and cleaner solution is to entirely remove the separate subclass definitions from the class notice. Doing so aligns with the Court's previous certification orders, and comes at no cost given that the class notice otherwise describes the different alleged violations that are at issue in this class action lawsuit. See Fed. R. Civ. P. 23(c)(2)(B)(iii) (explaining that Rule 23(b)(3) class notice "must clearly and concisely state in plain, easily understood language" the "the class claims, issues, or defenses").

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause issued on January 26, 2021 (Doc. No. 149 at 3) is DISCHARGED;
2. The original certification order (Doc. No. 114) and the second modification order (Doc. No. 138) are MODIFIED to the extent that the certified class claims are further defined in this order; and
3. The class notice shall be AMENDED in a manner that is consistent with this order.

IT IS SO ORDERED.

Dated:  February 8, 2021

SENIOR DISTRICT JUDGE