Michael J.F. Smith, #109426
John L. Migliazzo, #272066
jmigliazzo@mjfsmith.com
**Michael J.F. Smith, A Professional Corporation**
1391 West Shaw Avenue, Suite D
Fresno, California 93711
(559) 229-3900
Fax (559) 229-3903
Attorneys for Defendant, J JACOBO FARM LABOR CONTRACTOR, INC.

STAN S. MALLISON (Bar No. 184191)
StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
HectorM@TheMMLawFirm.com
HEATHER HAMILTON (Bar No. 332545)
HHamilton@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, CA 94612
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiffs, MARISOL GOMEZ and IGNACIO OSORIO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL GOMEZ and IGNACIO OSORIO, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs;<br><br>v.<br><br>J JACOBO FARM LABOR CONTRACTOR, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 1:15-cv-01489 AWI-BAM<br><br>**STIPULATION AND ORDER CONSTRUING IT AS A STIPULATION TO AMEND THE FIRST AMENDED COMPLAINT TO OMIT THE PAGA CLAIMS (Doc. 159)** |

///

THE PARTIES, BY AND THROUGH THEIR RESPECTIVE ATTORNEYS OF RECORD, HEREBY STIPULATE AS FOLLOWS:

1. On September 9, 2015, Plaintiff, MARISOL GOMEZ, filed a Complaint in this action. Among other things, the Complaint included representative claims under the California Private Attorney General Act of 2004 (Ninth Cause of Action). (Labor Code §§ 2698 et. seq.)

2. On August 28, 2018, Plaintiffs, MARISOL GOMEZ and IGNACIO OSORIO, filed a First Amended Complaint in this action. Among other things, the First Amended Complaint included representative claims under the California Private Attorney General Act of 2004. (Labor Code §§ 2698 et. seq.)

3. Plaintiffs wish to dismiss the State of California claims without prejudice to and their personal PAGA claims with prejudice.

NOW THEREFORE, Plaintiffs and Defendant hereby stipulate and agree that the State's PAGA claims are dismissed without prejudice.  Plaintiffs individual PAGA claims are dismissed with prejudice.

**MALLISON & MARTINEZ**

Dated: February 17, 2023        By:    /s/Heather Hamilton
                                        Stan S. Mallison,
                                        Heather Hamilton
                                        Attorney for Plaintiffs


**MICHAEL J.F. SMITH, APC**

Dated: February 17, 2023        By:     /s/John L. Migliazzo
                                        John L. Migliazzo,
                                        Attorney for Defendant

**ATTESTATION**

Concurrence in the filing of this document has been obtained from each of the individual(s) whose electronic signature is attributed above.


Dated: February 17, 2023        By:     /s/John L. Migliazzo
                                        John L. Migliazzo,
                                        Attorney for Defendant

**ORDER**

On proof made to the satisfaction of the Court and good cause appearing, the Court **ORDERS**:

1. The stipulation (Doc. 159) is construed as a joint request to amend the First Amended Complaint under Fed.R.Civ.P. Rule 15, to delete the PAGA claims and all references to it.[1]

2. As construed, the Court **GRANTS** the stipulation (Doc. 159) and **deems** the First Amended Complaint (Doc. 95) to be amended to delete the PAGA claim set forth in the Ninth Claim for Relief and to delete all references to PAGA made throughout the complaint.

3. The operative answers to the First Amended Complaint are deemed responsive to the amendments described above.

Dated: November 28, 2023

Jennifer L. Thurston
U.S. District Judge

---

[1] Although the stipulation does not invoke a Federal Rule of Civil Procedure, the Court assumes the parties intended it to be a Rule 41(a)(1)(A)(ii) stipulated dismissal of certain claims. However, Rule 41(a) is not the appropriate mechanism to dismiss claims from a case, where other claims remain against the same defendants. *See Gen. Signal Corp. v. MCI Telecommunications Corp*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims."). The Court does not suggest that how it has addressed the stipulation here is an ideal model, but takes this action in the interest of expediency.