**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARISOL GOMEZ, individually and on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>J. JACOBO FARM LABOR CONTRACTOR, INC.,<br><br>          Defendant. | Case No.: 1:15-cv-01489 JLT BAM<br><br>ORDER DIRECTING PLAINTIFF TO FILE A NOTICE OF SUGGESTION OF DEATH ON THE RECORD, COMPLY WITH RULE 25 OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND SUBMIT SUPPLEMENTAL BRIEFING ON THE MOTION FOR PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT |

      Marisol Gomez and Ignacio Osorio-Cruz initiated this action on behalf of themselves and others similarly situated, asserting violations of California wage and hour laws and the federal Agricultural Workers Protection Act. (*See generally* Docs. 1, 95.) Previously, the Court granted a motion for class certification in part and certified a class and sub-class related to specific claims raised in this action. (*See* Docs. 114, 126.) At the pre-trial conference, the parties reported they reached a settlement and were finalizing the terms. (Doc. 185.) Gomez now seeks preliminary approval of the settlement agreement. (Doc. 190.)

      Significantly, in a footnote Gomez notes that she "remains the only Plaintiff and Class Representative, due to the passing of Ignacio Osorio." (Doc. 190-1 at 6, n.6) (citing Mallison Decl. ¶ 12 [Doc. 190-2 at 8].) However, this does not satisfy the requirements of Rule 25(a)(1) for filing a notice of suggestion of death on the record. There is nothing to indicate the appointed Class Counsel

served Osorio's nonparty successor or representative, and Class Counsel do not qualify as such. *See Castillo v. Western Range Assoc.*, 2024 WL 1376989 (D. Nev. Mar. 29, 2024) ("Plaintiff's counsel are not Rule 25 representative of [the deceased plaintiff]"); *see also Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969) (explaining that a deceased party's attorney prior to death "is not a 'representative of the deceased party' in the sense contemplated by Rule 25(a)(1)"). Moreover, the parties have not addressed whether the claims of Osorio survive in this action.

In addition, a review of the terms of the proposed settlement causes concern. The "Settlement Agreement and Release" includes the following release:

> Plaintiff and every member of the Settlement Class (except those who opt out, as described herein) will fully release and discharge Defendant, its past, current, and future officers (including Javier Jacobo), directors, shareholders, employees, agents, principals, heirs, representatives, and its respective successors, predecessors in interest, parents subsidiaries, affiliates, and attorneys (collectively the "Released Parties") from all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, damages, attorney's fees and costs, based on the certified claims during the Class Period, which are plead in the FAC or which could have been plead on the factual allegations in the FAC, including alleged violations of California Labor Code sections 201, 202, 203, 204, 205.5, 206, 210, 214, 216, 218, 218.5, 218.6, 221, 225.5, 226, 226.2, 226.3, 226.6, 226.7, 256, 510, 512, 558, 558.1, 1174, 1174.5, 1185, 1194, 1194.2, 1197, 1197.1, 1199, the applicable wage order, or under the Migrant and Seasonal Agricultural Worker Protections Act (29 U.S.C. § 1801, et seq.) (collectively, the "Released Claims"). Released claims also includes a) claims that could have been brought under the Fair Labor Standards Act or similar federal or state governmental agencies regulating wage and hour or labor and employment laws. For members of the Settlement Class who do not validly opt out, the release period shall run from September 30, 2011, through November 5, 2019 ("Class Period").The release applies regardless of whether the Class Member deposits his/her settlement check.

(Doc. 190-3 at 17-18, Settlement § IV.) Thus, the Settlement terms specify the release of claims arising under the Fair Labor Standard Act, though no such claims were raised in this action.

Gomez does not address the propriety of such a release in the motion for preliminary approval of the class settlement. (*See generally* Doc. 190-1.) Notably, the purposes of the FLSA may be frustrated where a plaintiff seeks to release a claim not previously raised in the complaint. *See Gonzalez v. CoreCivic of Tenn., LLC*, 2018 WL 4388425, at *4-6 (E.D. Cal. Sept. 12, 2018). In *Gonzalez*, the Court observed at a hearing on the plaintiff's motion for preliminary approval that the proposed settlement included a release of FLSA claims, though no such claim was alleged in the initial

complaint. *Id.* at *4. In response, the plaintiff requested leave "to amend the complaint to add an FLSA claim for the purpose of settling it." *Id.* The Court observed that amending a complaint under such circumstances "raises red flags in large part because it appears plaintiff agreed to settle the FLSA claim before he ever considered litigating it." *Id.* In addition, the "atypical circumstances create a potentially indelible stain for the settlement agreement as drafted, because they point toward collusion between the parties." *Id.* Similarly, here, there was no FLSA claim raised in the complaint, and it appears the specific mention of the claim in the release thwarts the purposes of the FLSA. Under such circumstances, the Court is unable to find the release is proper.[1]

The proposed settlement also indicates that if terms "are materially modified" by the Court, it any party "may declare th[e] Settlement null and void." (Doc. 190-3 at 12, Settlement § III.F.1.c.) The material modifications include those related to the releases. (*Id.*) Thus, it is unclear if the Court striking the reference to the Fair Labor Standards Act would render the Settlement null and void. Based upon the foregoing, the Court **ORDERS**:

1. Class Counsel **SHALL** file a notice of suggestion of death on the record related to Plaintiff Ignacio Osorio **within 7 days** of the date of service of this order, and file proof of service of the notice upon Osorio's nonparty successor or representative.

2. Class Counsel **SHALL** file supplemental briefing regarding the release of claims arising under the FLSA **within 21 days** of the date of service of this order. In the alternative, the parties may file a stipulation to amend the settlement and strike the sole mention of the FLSA from the proposed Settlement.

IT IS SO ORDERED.

Dated:   **April 18, 2024**                                   /s/ Jennifer L. Thurston
                                                              UNITED STATES DISTRICT JUDGE

---

[1] Notably, "courts that have approved settlements releasing both FLSA and Rule 23 claims generally do so only when the parties expressly allocate settlement payments to FLSA claims." *Anderson v. Safe Streets USA, LLC*, 2022 WL 17821702, at *6 (E.D. Cal. Dec. 20, 2022) (quoting *Thompson v. Costco Wholesale Corp.*, 2017 WL 697895, at *8 (S.D. Cal. Feb. 22, 2017)); *Priyanka Khanna v. Intercon Sec. Sys.*, 2014 WL 1379861, at *2 (E.D. Cal. Apr. 8, 2014) (approving a settlement that allocated two-thirds the settlement amount to the state claims and one-third of the settlement to FLSA claims).