# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL GOMEZ, individually and on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. JACOBO FARM LABOR CONTRACTOR, INC.,<br><br>　　　　　Defendant. | Case No.: 1:15-cv-01489 JLT BAM<br><br>ORDER DISMISSING THE CLAIMS OF PLANTIFF IGNACIO ORSORIO-CRUZ PURSUANT TO RULE 25 OF THE FEDERAL RULES OF CIVIL PROCEDURE |

　　　　Marisol Gomez and Ignacio Osorio-Cruz state claims on behalf of themselves and others similarly situated, seeking to hold the defendants liable for violations of California wage and hour laws and the federal Agricultural Workers Protection Act. (*See generally* Docs. 1, 95.) After Class Counsel reported that Mr. Osorio-Cruz is deceased, the Court ordered counsel to comply with the requirements of Rule 25 of the Federal Rules of Civil Procedure, including identifying his nonparty successor or representative and serving the notice. (Doc. 190-1 at 6, n.6; Doc. 192.)

　　　　Class Counsel filed the "Notice of Suggestion of Death upon the Record" on April 25, 2024. (Doc. 193.) On May 14, 2024, Counsel served the notice upon the Jose Osorio, the adult son of Mr. Osorio-Cruz as the legal successor and filed proof of service with the Court. (Docs. 197, 197-1 at 7.)

　　　　Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, an action may continue with a decedent's successor or representative. However, a decedent's successor or representative must file

a motion for substitution to proceed. "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Thus, there are two requirements under Rule 25(a) for the 90-day period to be triggered: a formal notice of suggestion of death must be (1) filed on the record and (2) served upon other parties and the nonparty successor or representative. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

Class Counsel filed "Notice of Suggestion of Death of Plaintiff" with the Court on April 25, 2024. (Doc. 193.) The 90-day period began to run when Plaintiff's successor-in-interest received service on May 14, 2024. *See Barlow*, 39 F.3d at 233; *see also Silas v. Sheriff of Broward Cnty.*, 55 F.4th 872, 876 (11th Cir. 2022) ("nonparties must be notified to begin the 90-day period provided by Rule 25(a)(1)"); *Summerfield v. Fackrell,* 2012 WL 113281, at *2 (E.D. Cal. Jan. 11, 2012) (before the 90-day period begins to run, the suggestion of death must be filed on the record and served to the other parties); *see also Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Thus, any motion to substitute was due no later than August 12, 2024. Because a motion was not filed, the claims of Mr. Osorio-Cruz must be dismissed. *See* Fed. R. Civ. P. 25(a)(1). Based upon the foregoing, the Court **ORDERS**:

1. The claims of Plaintiff Ignacio Osorio-Cruz are **DISMISSED** pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.
2. The action **SHALL** proceed with Marisol Gomez as the sole named plaintiff and previously appointed class representative.

IT IS SO ORDERED.

Dated:   **August 14, 2024**                                   _____
UNITED STATES DISTRICT JUDGE

2