UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL GOMEZ, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>J. JACOBO FARM LABOR CONTRACTOR, INC.,<br><br>                Defendant. | Case No.: 1:15-cv-1489 JLT BAM<br><br>ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING |

      Marisol Gomez asserts J. Jacobo Farm Labor Contractor, Inc. violated the federal Agricultural Workers Protection Act and California's wage and hour laws. (*See generally* Doc. 95.)  Plaintiff now seeks preliminary approval of a class settlement reached in this action.  (Doc. 190.)

      Pursuant to the proposed Settlement Agreement and Release ("the Settlement"), the parties agreed to certify a settlement class including "[a]ll individuals who have been employed or are currently employed by Defendant J. Jacobo Farm Labor Contractor Inc. as a non-exempt 'field worker' or agricultural laborer who worked at any time from September 30, 2011 to November 5, 2019."  (Doc. 190-3 at 2, Settlement § I.A.)  Currently, the parties estimate there are approximately 3,267 individuals qualify as class members.  (Doc. 190-1 at 4.)

      The parties agreed to a maximum gross settlement amount of $100,000.00, based upon the

remaining total assets for Jacobo, which has ceased its business and operations.  (Doc. 190-1 at 7; Doc. 190-3 at 4, Settlement § III.Q.)  The Settlement provides for separate payments to Class Counsel, the Settlement Administrator, and Plaintiff as the class representative.  (Doc. 190-3 at 7-9, Settlement § III.C.)  The remaining funds will be distributed to the Settlement Class on a pro rata basis based upon "the total number of pay periods worked by each class member during the Class Period."  (*Id.* at 9-10, Settlement § III.E.)

Plaintiff contends the Settlement is "fair, adequate, and reasonable" under California law, asserting a settlement is presumed is fair when: "(1) the parties reached settlement after arms-length negotiations; (2) investigation and discovery were sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small."  (Doc. 190-1 at 15, citing *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1801 (1996); *see also id.* at 15-17, citing *Consumer Priv. Cases*, 175 Cal.App.4th 545, 558 (2009); *Kullar v. Foot Locker Retail, Inc*., 168 Cal.App.4th 116, 129 (2008).)  Significantly, however, federal law governs the Court's evaluation of class settlement terms, as Rule 23(e) identifies requirements for evaluating class settlements.  *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (holding Rule 23 of the Federal Rules of Civil Procedure governs evaluations of class actions before the federal court, state law notwithstanding); *see also Marlo v. UPS, Inc*., 639 F.3d 942, 947 (9th Cir. 2011) ("Federal Rule of Civil Procedure Rule 23 governs the class-certification issue even if the underlying claim arises under state law").  Thus, the Court must apply the factors identified in Rule 23(e)(2) to evaluate the settlement terms.

Toward that end, "Congress and the Supreme Court amended Rule 23(e) to set forth specific factors to consider in determining whether a settlement is 'fair, reasonable, and adequate.'" *Briseño v. Henderson*, 998 F.3d 1014, 1023 (9th Cir. 2021); *see* Fed. R. Civ. P. 23(e)(2) (effective Dec. 1, 2018).  Rule 23(e)(2) directs the Court to consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

       (iii) the terms of any proposed award of attorney's fees, including
       timing of payment; and
       (iv) any agreement required to be identified under Rule 23(e)(3); and
  (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2); *see also Briseño*, 998 F.3d at 1023-24.  Although many factors previously identified by the Ninth Circuit to evaluate settlement terms "fall within the ambit of the revised Rule 23(e)," the Ninth Circuit determined the revision requires courts "to go beyond [its] precedent." *Briseño*, 998 F.3d at 1026.   Thus, Plaintiff must address whether the settlement is "fair, reasonable, and adequate" under current federal law.

  Notably, the parties agreed that "[n]o payments shall be made to Participating Class Members who receive a payment in the amount of $5.00 or less to conserve resources and promote efficiency of distribution."[1]  (Doc. 190-3 at 10, Settlement § III.E.3.)  With this minimum payment, Plaintiff anticipates approximately 2,000 members of the class will receive settlement shares.  (Doc. 190-1 at 13, n.4.)  The parties also agreed that "all Participating Class Members will still be deemed to have released claims against Released Parties specified herein, *regardless of whether they receive payment under this Agreement*."  (Doc. 190-3 at 10, emphasis added.)  Consequently, approximately 1,267 class members are expected to not receive any payment yet are expected to release claims against Defendant.  (*See id.*; *see also* Doc. 190-1 at 13, n.14.)  Plaintiff must address whether the settlement is fair and adequate for these class members—which include nearly 40% of the anticipated class—who will not receive even a nominal settlement share under the proposed terms.  *See* Fed. R. Civ. P. 23(e)(2)(C).

  Finally, Rule 23(e)(3) requires parties seeking approval to "file a statement identifying any agreement made in connection with the proposal."  The Court was unable to locate a such a statement in the motion or supporting documents concerning Rule 23(e)(3).

---

[1] There is no explanation of how the $5.01 minimum payment promotes efficiency of distribution or conserves resources. To the contrary, the proposed settlement administrator assumed distribution to nearly the entirety of the settlement class, rather than only 2,000 individuals.  (Doc. 190-5 at 2.)  Specifically, Phoenix Class Action Settlement Administration Solutions calculated the cost for distribution to 3,200 individuals as $10,633.38 and indicated the "Value Pricing Total" for was $10,000.00 (*Id.* at 2.)  Consistent with the "value" pricing, Plaintiff seeks preliminary approval a payment up to $10,000 to the settlement administrator.  (Doc. 190-1 at 4, 10.)  Thus, it does not appear that additional funds would be required to be taken from the gross settlement amount whether payments go to 2,000 or 3,200 individuals.

Accordingly, the Court **ORDERS**:

1. Plaintiff **SHALL** file a supplemental briefing addressing each of the factors identified in Rule 23(e)(2) **no later than September 6, 2024**.
2. Plaintiff **SHALL** address whether the proposed settlement is fair and adequate for class members who will not receive any payment yet must release their claims against Defendant under the terms of the Settlement.
3. **If Plaintiff fails to comply with any part of this order, the motion for preliminary approval will be denied without prejudice.**

IT IS SO ORDERED.

Dated: __August 19, 2024__                                    _____
                                                              UNITED STATES DISTRICT JUDGE

4