# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by and between, on the one hand, plaintiff Marisol Gomez ("Plaintiff" or "Class Representative"), on behalf of herself, the class members ("Class Members"), and the allegedly aggrieved employees they claim to represent and, on the other hand, by defendant J. Jacobo Farm Labor Contractor, Inc., ("Defendant" and/or "Jacobo") (collectively referred to as the "Parties"). The Parties hereby agree to the following Settlement which, if approved by the Court, resolves the pending case: Eastern District of California, Case No. 1:15-cv-01489-JLT-BAM (the "Action" or "Lawsuit").

## I.   DEFINITIONS

In addition to other terms defined in this Agreement, the terms below have the following meaning in this Agreement:

A.    "Class" means the combined class members as proposed in the Lawsuit, consisting of the following employees:

"All individuals who have been employed or are currently employed by Defendant J. Jacobo Farm Labor Contractor Inc. as a non-exempt "field worker" or agricultural laborer who worked at any time from September 30, 2011 to November 5, 2019."

B.    "Class Counsel" means Mallison & Martinez, and Martinez, Aguilasocho & Lynch.

C.    "Class Counsel Fees Payment" and "Class Counsel Litigation Expenses Payment" mean the amounts awarded to Class Counsel by the Court to compensate them for, respectively, their attorneys' fees and litigation expenses incurred in connection with the Lawsuit, including their pre-filing investigation, their filing of the Lawsuit and all related litigation activities, this Settlement, and all post-Settlement compliance and approval procedures.

D.    "Class Member" is any individual who worked for Jacobo in the State of California as a non-exempt employee at any time between September 30, 2011 to November 5, 2019.

E.    "Class Notice" means the Notice of Proposed Settlement of Class Action Lawsuit, which will be submitted by Plaintiff along with the Motion for Preliminary Approval.

H.    "Class Notice Packet" means the Class Notice and Election Not to Participate in Settlement form, which will be submitted by Plaintiff along with the Motion for Preliminary Approval.

I.    "Class Representative Payment" means the payment made to Plaintiff Marisol Gomez in her capacity as proposed Class Representative to compensate her for initiating the Lawsuit, performing work in support of the Lawsuit and undertaking the risk of liability for attorneys' fees and expenses in the event she was

unsuccessful in the prosecution of the Lawsuit as well as the risk of retaliation from future employers. Jacobo will not object to Plaintiff's request for court approval of the Class Representative Payment of up to $5,000, nor will Jacobo object to Plaintiff's appointment as class representative for purposes of settlement.

J.     "Defense Counsel" means Migliazzo Law, PC.

K.     "Covered Position" means the position worked by the Class, which includes any individual who worked for Jacobo in the State of California as a non-exempt employee at any time between September 30, 2011 to November 5, 2019 ("the Class Period").

L.     "Court" means the United States District Court in the Eastern District of California.

M.     "Defendant" means J. Jacobo Farm Labor Contractor, Inc.

N.     "Effective Date" of this Settlement Agreement shall mean seven (7) calendar days after *all* of the following conditions have been satisfied:

1.     Execution of this Settlement Agreement by all Parties, Class Counsel and Defense Counsel.

2.     Submission of this Settlement Agreement to the Court, along with appropriate motions and requests for approval of this Settlement Agreement by the Court.

3.     Preliminary Approval of the settlement by the Court.

4.     Mailing of the Class Notice Packet to the Class Members in accordance with the Court's Order of Preliminary Approval.

5.     Expiration of the date by which Class Members must submit a completed Election Not to Participate in Settlement form, as stated in the Class Notice.

6.     A Final Approval Hearing, and entry of a written final order by the Court approving this Settlement Agreement and entering final judgment with respect to the Lawsuit. Except that, in the event there are written objections made prior to the Final Approval Hearing, or an appeal of the Court's approval of the Settlement notwithstanding whether an objection is taken, then the Effective Date shall be the later of the following events: (i) when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement has expired following entry of the Court's final order approving this Settlement (the "Final Approval Order") and no appeal has been taken contesting the Final Approval Order; or (ii) if any appeal has been filed contesting this Settlement and/or the Final Approval Order, then the date which is five (5) days after any appeal opposing or contesting this Settlement and/or Final Approval Order has been dismissed finally and

conclusively with no right to pursue similar remedies or relief, or any appeal has been resolved to uphold the Final Approval Order.

O.    "Election Not to Participate in Settlement" means the form by which a Class Member may elect to exclude themselves from the Settlement. Plaintiff will draft for Defense Counsel's review, revision, and approval, and submit an Election Not to Participate in Settlement form to the Court, along with the Motion for Preliminary Approval.

P.    "Final Approval Hearing" means the hearing to be conducted by the Court to determine whether to approve finally and implement the terms of this Agreement.

Q.    "Gross Settlement Amount" means the maximum amount of $100,000. The Gross Settlement Amount is the maximum total amount that Jacobo is obligated to pay for any and all purposes under this Agreement, except that Jacobo will be required to pay its share of any payroll taxes in addition to the Gross Settlement Amount.

R.    "Final Approval Order" means an order finally and unconditionally granting final approval of this Settlement Agreement, entering final judgment with respect to the Lawsuit, and authorizing payments to the Settlement Administrator, the Participating Class Members, Plaintiff, and Class Counsel as provided in this Settlement Agreement.

S.    "Judgment" means the Order of Final Judgment entered by the Court. The judgment and release of claims specified herein shall have *res judicata* effect. The Parties will draft and submit a proposed Final Judgment to the Court along with the Motion for Final Approval in the Lawsuit.

T.    "Net Settlement Amount" means the Gross Settlement Amount to be paid by Jacobo pursuant to this Settlement, less (i) the Class Representative Payment, as described in this Agreement and approved by the Court; (ii) the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment, as described in this Agreement and approved by the Court; (iii) the Settlement Administrator's reasonable fees and expenses, as described in this Agreement and approved by the Court; and (iv) any other fees or expenses (other than attorneys' fees and expenses) incurred in implementing the terms and conditions of this Agreement and securing dismissal of the Lawsuit as awarded by the Court.

U.    "Non-Participating Class Member" means a Class Member who submits a valid and timely Election Not to Participate in Settlement.

V.    "Participating Class Member" means a Class Member who does not submit a valid and timely Election Not to Participate in Settlement.

W.    "Pay Periods" means the pay periods during the Settlement Class Period in which the Class Member worked for Jacobo in a Covered Position.

SETTLEMENT AGREEMENT AND RELEASE

X.   "Preliminary Approval of the Settlement" means the Court's preliminary approval of the Settlement, including appointment of Plaintiff Marisol Gomez as class representative for purposes of settlement.

Y.   "Settlement" means the disposition of the Lawsuit and all related claims as detailed in, and to be effectuated by, this Agreement.

Z.   "Settlement Administrator" means the administrator proposed by the Parties and appointed by the Court to provide notice of this proposed class action settlement to the Class and to perform other related functions to administer the Settlement as described herein.

AA.  "Settlement Class Period" means the period of time from September 30, 2011 to November 5, 2019.

BB.  "Settlement Share" means each Participating Class Member's share of the Net Settlement Amount as provided by this Agreement.

## II.   RECITALS

A.   Plaintiffs Marisol Gomez and Ignacio Osorio filed a class action and Private Attorneys General Act (PAGA) complaint in the United States District Court in the Eastern District of California on September 30, 2015. The operative complaint brings claims for the following: (1) violation of the Agricultural Workers Protection Act, (2) failure to pay minimum wage; (3) failure to pay overtime; (4) rest period violations; (5) meal period violations; (6) failure to maintain accurate wage statements; (7) failure to timely pay wages due at termination; (8) violations of Business & Professions Code § 17200 et seq. The Parties previously agreed to dismiss PAGA Representative claims and the Parties previously executed and filed a Stipulation re same on February 17, 2023 (Doc. No. 159). The operative complaint is the First Amended Complaint filed on August 28, 2018 ("FAC").

B.   On November 6, 2019, the Court granted, in part, and denied in part, Plaintiff's Motion for Class Certification. On April 20, 2020, the Court granted Plaintiff's Motion for Reconsideration and Order Certifying the Class, and certified additional claims. On July 20, 2020, the Court issued an Order that clarified the scope of the Class Period.

C.   Jacobo denies that it is liable or owes damages to Plaintiff, the Class or anyone with respected to the alleged facts or cause of action asserted in the Lawsuit.

D.   In connection with the Lawsuit, Jacobo produced documents, payroll data, and payroll records for the Class Members during the Settlement Class Period. Class Counsel engaged in an extensive review of these records in advance of and for purposes mediation.

E.   On August 23, 2023, the Parties participated in a mediation with mediator Hon. Donald Black and on August 23, 2023 accepted his mediator's proposal to resolve

the Lawsuit. This Agreement replaces any other agreements, understandings, or representations between the Parties, and is fully admissible to prove the terms and conditions of the Settlement.

F.    Class Counsel represents it has conducted a thorough investigation into the facts of the Lawsuit. Notwithstanding Defendant's denial of liability, the primary basis for the Settlement is financial constraint of the Defendant. Financial condition information was produced from the Defendant demonstrating financial state. Defendant also is no longer conducting business. Based on the foregoing and their own independent investigation and evaluation, Class Counsel and the Class Representative are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Jacobo, or that Class Counsel anticipates could be raised by Jacobo, and potential appellate issues.

G.    It is the mutual desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims raised in or related in any way to the Lawsuit. In order to achieve a full and complete release of the released persons, the Class, including Plaintiff and each Class Member, acknowledge that this Settlement is intended to include and resolve all claims arising from or related to the Lawsuit as more fully set forth in this Agreement.

H.    This Agreement represents a compromise and settlement of highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission by Jacobo that the claims in Plaintiff's Lawsuit have merit or that Jacobo bears any liability to Plaintiff or the Class on those claims or any other claims, or as an admission by Plaintiff that Jacobo's defenses in the Lawsuit have merit. Jacobo denies each and all of the claims alleged by Plaintiff in the Lawsuit. Nevertheless, Jacobo has taken into account the uncertainty and risks inherent in any litigation and has also concluded that further defense of the Lawsuit would be protracted and expensive. Jacobo, therefore, has determined that it is desirable and beneficial that the Lawsuit be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

Based on these Recitals, the Parties agree as follows:

## III.    SETTLEMENT TERMS AND CONDITIONS

A.    **Gross Settlement Amount.** Subject to the terms and conditions of this Agreement, and in consideration for settlement of the Lawsuit and the release of claims of the Class, Jacobo agrees to pay or cause to be paid the Gross Settlement Amount as defined above. Any Class Representative Payment, Class Counsel Fees and Litigation Expenses payments, Participating Class Members' Settlement Shares, and the Settlement Administrator's reasonable fees and expenses in administering the Settlement, as approved by the Court, shall be deducted from the Gross Settlement Amount. All of the Gross Settlement Amount will be disbursed pursuant

to this Agreement, and none of it will revert to Jacobo. Any late payments will incur interest at the statutory rate for a judgment for wages under California Labor law. The Gross Settlement Amount shall be paid into a Qualified Settlement Fund ("QSF") created by the Settlement Administrator as set forth below in Section III.B. The Settlement Administrator shall handle such monies pursuant to the terms of the Settlement.

1. **Maximum Amount Paid**. The Gross Settlement Amount is the maximum total amount that Jacobo is obligated to pay for any and all purposes under this Agreement, except that Jacobo will be required to pay its share of any payroll taxes in addition to the Gross Settlement Amount.

2. **Effect of Nonpayment by Jacobo.** If Jacobo does not pay into the QSF as provided above, Class Counsel and Defense Counsel agree to meet and confer in an attempt to secure prompt payment and to preserve the intent of this Agreement. Class Counsel reserves the right to petition the court for a finding that any and all releases provided for in this Agreement are voided.

3. **Late Payments by Jacobo.** Any late payment(s) will incur interest at the statutory rate for a judgment for wages under California Labor law. Any interest incurred is included in the Gross Settlement Amount.

B. **Schedule for Payment for the Gross Settlement Amount.** The Gross Settlement Amount shall be made in two equal installments. Subject to the terms of this Agreement, Jacobo shall pay the first installment ($50,000) into the QSF created by the Settlement Administrator within the later of 15 days of preliminary approval or December 31, 2023, whichever is later. The second installment ($50,000) shall be made within 15 days of final approval or May 15, 2024, whichever is later.

C. **Payments from the Gross Settlement Amount.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will make the following payments out of the Gross Settlement Amount subject to timing as directed by counsel for the Parties and/or the Court:

1. **To the Class Representative:** In addition to the amounts determined to be due to Plaintiff as a Participating Class Member under this Settlement Agreement, the Class Representative/Plaintiff Marisol Gomez will apply to the Court for the Class Representative Payment of up to $5,000, to be paid out of the Gross Settlement Amount promptly after the effective date. Jacobo will not oppose a request for the Class Representative Payment for Plaintiff. The Settlement Administrator will pay the Class Representative Payments approved by the Court out of the Gross Settlement Amount. Payroll tax withholding and deductions will not be taken from the Class Representative Payment and instead a Form 1099 will be issued to Plaintiff by the Settlement Administrator reflecting the Class Representative Payment.

2.    **To Class Counsel:** In consideration for settling this matter, Jacobo will not oppose Class Counsel's application to the Court for an award of 1/3 of the Gross Settlement Amount as their Class Counsel Fees Payment, plus an additional amount for reasonable costs. The ultimate amount of any award for Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment is to be determined by the Court. Class Counsel will submit an application for fees, costs, and expenses to the Court for approval prior to the date of the hearing for final approval of the Settlement. The Settlement Administrator will pay the amount approved by the Court out of the Gross Settlement Amount promptly upon receipt by the Settlement Administrator. If the Court approves a Class Counsel Fees Payment of less than 1/3 or approves an amount less than the reasonable costs and expenses (Class Counsel Litigation Expenses Payment) requested from the Court, the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members. Payroll tax withholding and deductions will not be taken from the Class Counsel Fees and Expenses Payment and instead one or more Forms 1099 will be issued by the Settlement Administrator to Class Counsel with respect to those payments.

   a.    The Parties agree that, over and above the total amount of the Court-approved award for the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment, Plaintiff and Jacobo shall each bear their own fees and costs incurred by them or arising out of the Lawsuit; the negotiation, execution, or implementation of this Settlement; and/or the process of obtaining, administrating or challenging an order granting preliminary approval or final order and judgment. The Parties will not seek reimbursement of any such fees and/or costs from any party to this Settlement Agreement or the Released Parties.

   b.    Any order, finding, ruling, holding or proceeding relating to any such applications for an award for the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to them or reversal or modification of them, shall not operate to terminate or cancel this Settlement or otherwise affect or delay the finality of the final order and judgment or this Settlement.

   c.    All claims for attorneys' fees and costs that Class Counsel and Plaintiff may possess against Jacobo has been compromised and resolved in this Settlement and shall not be affected by any appeal that Class Counsel may file.

3.    **To the Settlement Administrator.** The parties agree to pay a Settlement Administrator chosen by Class Counsel and approved by Jacobo for its reasonable fees and expenses related to administering this Settlement,

including, but not limited to, printing, distributing, and tracking forms for this Settlement, calculating estimated amounts per Class Member, tax reporting, distributing all payments from the Gross Settlement Amount (including conducting skip trace address searches, as necessary), and providing necessary reports and declarations, and other duties and responsibilities set forth herein to process this Settlement, as requested by the Parties. The amount paid to the Settlement Administrator for its reasonable fees and expenses will be paid out of the Gross Settlement Amount. Every effort will be undertaken to minimize this cost and the Settlement Administrator will ensure proper notice and administration of the fund.

D. **Responsibility for Taxes.** As to the portion of Participating Class Members' settlement proceeds that constitute wages, Jacobo will be separately responsible for only its share of any employer payroll taxes, including the employer FICA, FUTA, and SDI contributions, which shall not be paid from the Gross Settlement Amount.

E. **Settlement Share.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will pay a Settlement Share from the Net Settlement Amount to each Participating Class Member who does not submit a timely and valid Election Not to Participate in Settlement (i.e. Participating Class Members).

1. **Calculation.** After deducting the Class Representative Payment, Class Counsel Fees and Litigation Expenses payments, and the Settlement Administrator's fees and expenses, each Participating Class Member shall be eligible to receive a pro rata share of the balance of the Net Settlement Amount, to be calculated as follows:

    a. As for each Class Period, the Net Settlement Amount shall be divided by total number of pay periods worked by all Class Members during the applicable Class Period, and the resulting quotient thereof, shall be the **"Pay Period Value."**

    b. Each Class Member's Settlement Share will be determined by multiplying the Pay Period Value by the number of pay periods worked by the Class Member.

    c. The pro rata distribution for a Participating Class Member who worked during multiple Class Periods in California (e.g., the Class Period) is not exclusive and will be calculated as separate pay period distributions according to the claims applicable to the relevant Class Period to be added together.

2. The settlement payments will be reduced by any required legal deductions (including taxes and withholdings) for each Participating Class Member. The payments to the Settlement Class are to be distributed from the Net Settlement Amount on a pro rata basis, calculated by dividing the Net

Settlement Amount by the total number of pay periods worked by each class member during the Class Period.

3. No payments shall be made to Participating Class Members who receive a payment in the amount of $5.00 or less to conserve resources and promote efficiency of distribution. Notwithstanding this provision, all Participating Class Members will still be deemed to have released claims against Released Parties specified herein, regardless of whether they receive payment under this Agreement. To the extent Participating Class Members do not receive their settlement share because payment is not equal to or more than $5.00, their settlement share will be re-distributed pro rata to Participating Class Members who are due to all remaining Participating Class Members.

4. **Settlement Payment Allocation**. All Settlement Shares will be allocated as follows: 10% to settlement of wage claims, 45% to settlement of claims for interest, and 45% to settlement of claims for penalties. The portion allocated to wages shall be subject to all applicable withholdings and reported on an IRS Form W-2 and the portion allocated to interest and penalties shall be reported on an IRS Form 1099 by the Settlement Administrator. After appropriate tax withholding from each Participating Class Member's Settlement Share, the net payment to be received by each Participating Class Member as required by law via a W-2 Form, the Settlement Administrator shall immediately pay all such withheld funds to the appropriate state and federal taxing authorities. The Settlement Administrator shall provide each Participating Class Member with appropriate documentation setting forth the amount of any tax or other deductions in accordance with state and federal tax requirements.

5. **Tax Obligations.** Each Party and Participating Class Member will be responsible for their own tax obligations. The Parties agree and understand that Jacobo has not made any representations regarding the tax obligations or consequences, if any, related to this Settlement. The Parties agree that each Participating Class Member is solely responsible for determining the tax consequences of payments made pursuant to this Settlement and for paying taxes, if any, which are determined to be owed by each of them or on such payments (including penalties and interest related thereto) by any taxing authority, whether state, local, or federal.

6. **No Determination of Eligibility for Employee Benefits.** Jacobo will not use the settlement payments for determination of eligibility for, or calculation of, any employee benefits (e.g., vacations, holiday pay, retirement plans, etc.) of the Participating Class Members, and Jacobo will not modify the Participating Class Members' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare plan sponsored by Jacobo, unless otherwise required by law.

7. **No Reversion.** Participating Class Members are entitled to 100% of the Net Settlement Amount. Jacobo maintains no reversionary right to any portion of the Net Settlement Amount.

8. **Effect of Non-Participating Class Members.** Non-Participating Class Members will receive no Settlement Share. Their shares will be part of the Net Settlement Amount distributed to Participating Class Members.

9. **Employer's Share of Payroll Taxes.** The Settlement Administrator will give Jacobo an estimate of the employer's share of payroll taxes within five (5) calendar days of sending out the Class Notice. Upon calculation of each Participating Class Member's Settlement Share, the Settlement Administrator shall advise Jacobo of the amount of the employer's share of payroll taxes. Jacobo will provide that amount to the Settlement Administrator within ten (10) days after the Final Approval.

F. **Procedure for Approving Settlement**. The Parties stipulate and agree to the following schedule and procedures for obtaining the Court's approval of the Settlement, including notifying the Class, and processing all benefits provided under this Settlement Agreement:

1. **Motion for Preliminary Approval of Settlement by the Court.**

   a. Plaintiff will move the Court for (collectively, "Motion for Preliminary Approval):

      (i) Conditional certification, solely for settlement purposes, of a Class, pursuant to Federal Rules of Civil Procedure 23. Solely for settlement purposes, Plaintiff agrees to seek, and Jacobo consents to, certification by the Court of the Class as defined in this Agreement.

      (ii) Preliminary approval of the terms of this Settlement.

      (iii) Approval of the Class Notice Packet, settlement procedure, and appointment of the Settlement Administrator.

      (iv) Scheduling of a Final Approval Hearing on the question of whether the terms of this Settlement should be finally approved as fair, reasonable, and adequate as to Plaintiff and the Class Members.

      Jacobo will not oppose said motion, so long as the motion and supporting papers are consistent with the terms of this Settlement Agreement.

b.      The Parties have agreed to the certification of the Class identified in this Agreement for the sole purpose of effectuating this Settlement. The conditional certification of the Class identified above shall be binding only with respect to the settlement of the Lawsuit. In the event that this Settlement Agreement is canceled or voided pursuant to its terms, or not approved by the Court, or should Judgment not become final, the certification of this Class shall be vacated, the Lawsuit shall proceed as though the Class had never been certified for settlement purposes, this Settlement Agreement shall be of no force or effect and the fact that the Parties were willing to stipulate to certification of this class as part of the Settlement will have no bearing on, and will not be admissible in connection with, the issue of whether either or any class should be certified in a non-settlement context in the Lawsuit or any other action, and in any of those events Jacobo expressly reserves the right to oppose class certification and/or seek decertification.

c.      In the event that the terms or conditions of this Settlement, other than the terms pertaining to the Class Counsel Award, Class Representative Payment, are materially modified by any Court, any party in its sole discretion to be exercised within fourteen (14) days after such a material modification may declare this Settlement null and void. For purposes of this subparagraph, material modifications mean any modification to the Settlement Class Period, Released Parties, or Released Claims.

d.      At the Hearing on the Motion for Preliminary Approval, the Parties will appear and support the granting of the motion, so long as the motion and supporting papers are consistent with the terms of this Settlement Agreement. Class Counsel will draft and submit with the Motion for Preliminary Approval and a Proposed Order Granting Preliminary Approval of Settlement and Setting Hearing

2.      **Notice to Class Members.** If the Court enters an Order granting Preliminary Approval of the Settlement, every Class Member who can be located will be provided with the Class Notice Packet (which will include the Class Notice completed to reflect the order granting Preliminary Approval of the Settlement and each Class Member's estimated Settlement Share based on his or her Class Data) as follows:

a.      **Notice Packet.** Plaintiff will prepare the Class Notice and Election Not to Participate in Settlement, for Defense Counsel's review, revision, and approval, which Plaintiff will then submit to the Court for approval with the Motion for Preliminary Approval. The Class Notice will include, non-exclusively, information regarding the nature of the Lawsuit; a summary of the substance of the Settlement's terms; the Class definition; the procedure for

SETTLEMENT AGREEMENT AND RELEASE

submitting Elections Not to Participate in Settlement; the procedure for objecting to the Settlement, the date for the final approval hearing; and the formula used for the Settlement Shares. The Class Notice shall include the Class Member's estimated Settlement Share.

b.  **Settlement Administrator.** The parties agree that the Settlement Administrator shall have the authority to establish and maintain an interest-bearing Qualified Settlement Fund, mail the Class Notice; process opt outs ("Elections Not to Participate in Settlement"), objections, and disputes; and disburse sums from the Qualified Settlement Fund.

c.  **Elections Not to Participate in Settlement.** The Class Members will have forty-five (45) calendar days after the date on which the Settlement Administrator mails the Class Notice Packets (or the first business day after this deadline, if the deadline falls on a weekend or holiday) (the "Submission Deadline") to complete and submit to the Settlement Administrator the Election Not to Participate in Settlement Form. Plaintiff does not have a right to elect not to participate.

   i.  In the event that an Election Not to Participate form is submitted timely but is deficient in one or more respects, the Settlement Administrator will return the form to the Class Member within seven (7) business days of receipt with a notice explaining the deficiencies and stating that the Class Member will have ten (10) business days from the date of the deficiency notice to correct the deficiency and resubmit the form. The envelope containing the resubmitted form must be postmarked within ten (10) business days of the date of the deficiency notice to be considered timely. However, any cure period will not extend the Submission Deadline. If, after the cure period, the Election Not to Participate in Settlement form is not cured, it will be determined that the Class Member did not exclude himself or herself from the Settlement and will be bound by the Settlement.

   ii.  The Settlement Administrator shall not review or consider any Election Not to Participate in Settlement form postmarked after the Submission Deadline, except upon mutual agreement by the Parties or as required by the Court.

   iii.  In the event that a Class Member inadvertently does not receive a Class Notice, and requests to be included in the Settlement, no requests for inclusion may be accepted where funding has been exhausted by payment of other claims but may be satisfied based

SETTLEMENT AGREEMENT AND RELEASE

upon uncashed check funds prior to their distribution to an approved cy pres recipient.

d.    **Objections.** To object to the Settlement, a Class Member must, no later than the Submission Deadline, complete and submit to the Settlement Administrator a written objection (along with any supporting documents). The written objection must set forth (i) the objecting person's full name, address, and telephone number; (ii) the words "Notice of Objection" or "Formal Objection"; (iii), in clear and concise terms, the legal and factual arguments supporting the objection; (iv) list identifying witness(es) the objector may call to testify at the Final Approval hearing; and (v) provide true and correct copies of any exhibit(s) the objector intends to offer at the Final Approval hearing. Class Members who fail to make objections in this manner shall be deemed to have waived any and all objections and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement or this Settlement Agreement. Class Members may not both object to the Settlement and request to be excluded from the Settlement. Class Members who timely and properly submit a written objection have the option to appear at the Final Approval Hearing, either in person or through their own counsel at their own expense. To appear, Class Members must include a statement about the intent to appear at the Final Approval Hearing ("Notice of Intention to Appear") in the objection. No Class Member shall be entitled to be heard at the Final Approval Hearing without permission of the Court unless the Class Member includes the Notice of Intention to Appear. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

e.    **Provision of Class Member Names to Settlement Administrator.** Within five (5) calendar days of Preliminary Approval of the Settlement, Jacobo shall provide the Settlement Administrator and Class Counsel with the names, most recent known mailing address and telephone number (if available), Social Security Number and the respective number of pay periods that each Class Member worked for Jacobo in a Covered Position during the Settlement Class Period in a readable Microsoft Office Excel spreadsheet (collectively "Class List and Data"). The Settlement Administrator will then have an opportunity to review the data provided and to calculate each Class Member's estimated Settlement Share. If there is an unanticipated delay in the Settlement Administrator's review of the data, the Parties agree to jointly apply to the Court for an extension of the schedule provided herein to allow the Parties to resolve any issues with the Class List and Data. The above-described information will be provided to the Settlement

Administrator on a confidential basis, and the Settlement Administrator shall not use this information for any purpose other than the administration of this settlement in accordance with the terms of this Settlement Agreement. The Settlement Administrator shall not disclose the information to any third party.

f.    **Class List and Data Confirmation Checks**. Prior to mailing, the Settlement Administrator will perform a search based on the National Change of Address Database or any other similar services available, such as provided by Experian, to update and correct for any known or identifiable address changes. If a new address is obtained by a way of a returned Class Notice, then the Settlement Administrator shall promptly forward the original Class Notice to the updated address via first-class regular U.S. Mail indicating on the original Class Notice the date of such remailing. Where a Class Notice is returned as undeliverable, without a forwarding address, the Settlement Administrator will perform a computer/SSN and "skiptrace" search to obtain an updated address. If no current address is located, the Class Notice for that individual will be deemed undeliverable. If the procedures herein are followed, Jacobo, Class Counsel and the Settlement Administrator shall be deemed to have satisfied their obligation to provide the Class Notice to the Class, and any Participating Class Members shall be deemed to have released the Released Claims against the Released Parties, regardless of whether they actually received the Class Notice or their settlement check.

g.    **Mailing of Notice**. Within ten (10) calendar days after receipt of the Class List and Data, the Settlement Administrator shall mail the Class Notice Packet to Class Members via first-class regular U.S. Mail. Class Members will have forty five (45) calendar days from the mailing of the Class Notice to submit Elections Not to Participate in Settlement or objections to the Settlement.

h.    **Class Member Disputes**. If a Class Member disagrees with the number of pay periods used to calculate his or her estimated Settlement Share, the Class Member must complete and send a notice of dispute to the Settlement Administrator, together with any supporting written documentation. Such documentation may consist of official records, pay stubs, weekly schedules or personal logs. To be considered, the notice of dispute and supporting written documentation must be received by the Settlement Administrator no later than forty five (45) calendar days after the postmark date of the Class Notice. The Settlement Administrator shall immediately notify Class Counsel and Defense Counsel of any such disputes by sharing with both Class Counsel and Defense Counsel the notice of dispute and any documentation submitted by a Class Member in

support of his or her dispute. The Settlement Administrator shall make the final determination regarding the dispute based on the written documentation submitted by the Class Member and any materials submitted by Class Counsel and/or Defense Counsel within ten (10) calendar days of receipt of the notice of dispute and supporting written documentation, or no later than forty (40) calendar days after the postmark date of the Class Notice, whichever is later. The Settlement Administrator shall inform Class Counsel, Defense Counsel, and the Class Member of the final determination by a telephone call and by an email or regular U.S. Mail if no email for that Class Member is available. The Class Member will then have an additional ten (10) calendar days following notification by the Settlement Administrator of the final determination of the dispute to submit an Election Not to Participate in Settlement form.

i.   **Certification of Opt-Outs**. All Elections Not to Participate will be submitted to the Settlement Administrator, who will certify jointly to Class Counsel and Defense Counsel the Elections Not to Participate that were timely submitted.

j.   **Expiration of Settlement Checks**. Any checks issued by the Settlement Administrator to Class Members shall be negotiable for 180 calendar days from issuance.

k.   **Declaration of Due Diligence**. At least sixteen (16) Court days before the Final Approval Hearing, the Settlement Administrator shall prepare a declaration of due diligence and proof of mailing with regard to the mailing of the Class Notice, and any attempts by the Settlement Administrator to locate the members of the Class ("Due Diligence Declaration"), to Class Counsel and Defense Counsel for presentation to the Court. Class Counsel shall be responsible for filing the Due Diligence Declaration with the Court.

3.   **Waiver of Right to Appeal.** Provided that the Judgment is consistent with the terms and conditions of this Agreement, Plaintiff and Participating Class Members who did not timely submit an objection to or Election Not to Participate in the Settlement, and Jacobo hereby waives any and all rights to appeal from the Judgment, including all rights to any post-judgment proceeding and appellate proceeding, such as, but not limited to, a motion to vacate judgment, a motion for new trial, a motion for relief and any extraordinary writ, and the Judgment therefore will become non-appealable at the time it is entered. The waiver of appeal does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings. This paragraph does not preclude Plaintiff or Class Counsel from appealing from a refusal by the Court to award the full Class Representative Payment, the Class Counsel Fees Payment, or the Class Counsel Litigation Expenses Payment sought by them.

4. **Uncashed or Returned Settlement Share Checks.** The Settlement Administrator will provide notice to Class Counsel and Defense Counsel of any settlement checks returned as undeliverable and any settlement checks remaining un-cashed for more than 180 calendar days after issuance. In the event any Class Member cannot be located within 180 days of the expiration of the initial settlement checks, funds represented by uncashed settlement check(s) will be distributed to a proposed cy pres recipient.

5. **Final Report by Settlement Administrator to Court.** Within seven (7) business days after final disbursement of all funds from the Gross Settlement Amount, the Settlement Administrator will serve on the Parties and Plaintiff will file with the Court a declaration proving a final report on the disbursements of all funds from the Settlement Amount.

G. **Settlement Administration.**

1. **Monitoring and Reviewing Settlement Administration.** The Parties have the right to monitor and review the administration of the Settlement to verify that the monies allocated under the Settlement are distributed in the correct amount, as provided for in this Agreement.

2. **Disbursement Summary.** Prior to disbursement of any funds, the Settlement Administrator will provide a disbursement summary of the calculations the Class Representative Payment, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, Settlement Administrator Payment and payments to the Participating Class Members for review by Class Counsel and Defense Counsel. Settlement Administrator remains solely liable for any of its errors.

IV. **Release of Claims.**

A. **Releases by Settlement Class Members.** Plaintiff and every member of the Settlement Class (except those who opt out, as described herein) will fully release and discharge Defendant, its past, current, and future officers (including Javier Jacobo), directors, shareholders, employees, agents, principals, heirs, representatives, and its respective successors, predecessors in interest, parents subsidiaries, affiliates, and attorneys (collectively the "Released Parties") from all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, damages, attorney's fees and costs, based on the certified claims during the Class Period, which are plead in the FAC or which could have been plead on the factual allegations in the FAC, including alleged violations of California Labor Code sections 201, 202, 203, 204, 205.5, 206, 210, 214, 216, 218, 218.5, 218.6, 221, 225.5, 226, 226.2, 226.3, 226.6, 226.7, 256, 510, 512, 558, 558.1, 1174, 1174.5, 1185, 1194, 1194.2, 1197, 1197.1, 1199,  the applicable wage order, or under the

Migrant and Seasonal Agricultural Worker Protections Act (29 U.S.C. § 1801, et seq.) (collectively, the "Released Claims"). Released claims also includes a) claims that could have been brought under the Fair Labor Standards Act or similar federal or state governmental agencies regulating wage and hour or labor and employment laws. For members of the Settlement Class who do not validly opt out, the release period shall run from September 30, 2011, through November 5, 2019 ("Class Period").The release applies regardless of whether the Class Member deposits his/her settlement check.

3.   **Plaintiff.** In consideration of their Settlement Shares, and the other terms and conditions of the Settlement, Plaintiff hereby fully and finally releases Jacobo and Released Parties from any and all claims, rights, demands, liabilities, obligations, penalties, costs, expenses, attorneys' fees, rights, damages, suits, indemnities, actions and causes of action of every nature and description whatsoever in law, equity or otherwise, or any other monetary or non-monetary relief, that any of them had, now have, or may have in the future, including any arising in any way from Plaintiff's employment with Jacobo or the cessation thereof, whether such claims are known or unknown, suspected or unsuspected, arising on or before the date on which Plaintiff sign this Agreement (except for any claims that cannot be released by law).

Plaintiff further expressly waives any rights against Jacobo and Javier Jacobo and the Released Parties conferred upon them by California Civil Code Section 1542, and expressly consents that this Agreement shall be given full force and effect according to all of its terms, including those terms relating to unknown and unsuspected claims, if any. Section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

4.   **Jacobo's Release.** Jacobo hereby releases Plaintiff and Plaintiff's respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors in interest from any and all known claims, actions, rights, obligations or causes of action of any kind whatsoever it had or now has, arising on or before the date on which it signs this Agreement, except as to claims related to enforcement of this Settlement.

5. **Participating Class Members.** In consideration of, and subject to, Jacobo's payment of the Gross Settlement Amount and other terms and conditions of this Agreement, each Class Member who does not submit a timely and valid Election Not to Participate in Settlement, shall, upon the Effective Date, be deemed to have released Released Parties from any and all claims related to, or which were made or which could have been made against Released Parties based on the facts or claims alleged in the Lawsuit.

6. **Participating Class Members' Released Claims Period.** The Participating Class Members' Released Claims are those that accrued during the Settlement Class Period.

7. **Release Binding on Participating Class Members.** The Parties intend that this Settlement Agreement, including the Release of Claims set forth in this Agreement, shall be binding on all Class Members who do not timely submit a valid Election Not to Participate in Settlement, whether or not they actually receive a Notice or payment pursuant to this Settlement Agreement. This Settlement Agreement shall constitute, and may be pleaded as, a complete and total defense to any Released Claims if raised in the future.

H. **No Effect on Other Benefits.** The Settlement Shares will not result in any additional benefit payments (such as 401(k) or bonus) beyond those provided by this Agreement to Plaintiff or Participating Class Members, and Plaintiff and Participating Class Members will be deemed to have waived all such claims, whether known or unknown by them, as part of their release of claims under this Agreement. In addition, Plaintiff and Participating Class Members may not contribute any portion of their Settlement Shares to Jacobo's 401(k) or other benefit plans if they exist.

I. **Miscellaneous Terms.**

1. **No Admission of Liability.** Jacobo denies each and all of the claims alleged by Plaintiff sand Class Members in the Lawsuit. In addition, Jacobo contends that it has complied with its obligations under California law. Neither this settlement, nor any document referred to or contemplated therein, nor any action taken to carry out this Settlement, is, may be construed as, or may be used as an admission, concession, or indication by or against Jacobo of any fault, wrongdoing or liability whatsoever. This Settlement and the fact that Plaintiff and Jacobo were willing to settle the Lawsuit will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with the Settlement).

2. **Neutral Employment Reference for Plaintiff.** Jacobo agrees to provide a neutral employment reference for Plaintiff.

3. **Integrated Agreement.** After this Agreement is signed and delivered by all Parties and their counsel, this Agreement will constitute the entire

agreement between the Parties relating to the Settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, covenants, and inducements expressly stated in this Agreement. All prior or contemporaneous agreements, understandings, and statements, whether oral or written, whether express or implied, and whether by a Party or a Party's counsel, are merged herein.

4.   **Attorney Authorization.** Class Counsel and Defense Counsel warrant and represent that they are authorized by Plaintiff and Jacobo, respectively, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.

5.   **Modification of Agreement.** This Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their successors-in-interest.

6.   **Agreement Binding on Successors.** This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties.

7.   **Cooperation in Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement. This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

8.   **Fair Settlement.** The Parties and their respective counsel believe and warrant that this Settlement reflects a fair, reasonable, and adequate settlement of the Lawsuit and have arrived at this Settlement and this Agreement through arms-length negotiations, taking into account all relevant factors, current and potential, and will so represent to the court. In addition, the mediator may execute a declaration supporting the Settlement and the reasonableness of this Settlement, and the Court may, in its discretion, contact the mediator to discuss the Settlement and whether or not the Settlement is fair and reasonable.

9.   **Headings.** The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

10.   **Counterparts.** This Settlement Agreement may be executed by one or more of the Parties on any number of separate counterparts and delivered electronically, and all of said counterparts taken together shall be deemed to constitute one and the same instrument.

11.     **Notice.** All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

To Plaintiff and the Class:

Stan S. Mallison, Esq.
Hector R. Martinez, Esq.
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Mario Martinez, Esq.
Edgar I. Aguilasocho, Esq.
MARTINEZ, AGUILASOCHO, & LYNCH
P.O. Box 1998
Bakerfield, California 93303
Telephone: (661) 859-1174
Facsimile: (661) 840-6154

To Defendant Jacobo Farm Labor Contractor, Inc.:

John L. Migliazzo, Esq.
MIGLIAZZO LAW, PC
5088 N. Fruit Ave., Ste. 102
Fresno, California 93711
Telephone: (559) 319-5080
Facsimile: (559) 319-5079

**IN WITNESS WHEREOF**, the undersigned Settling Parties and their duly-authorized representatives accept and agree to the terms of this Agreement and hereby execute it voluntarily and with a full understanding of its consequences.


_____          _____

Marisol Gomez                                                          Date
Plaintiff



_____          _____

By: Javier Jacobo, President                                      Date
On Behalf of Defendant
J.   Jacobo Farm Labor Contractor, Inc.