1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 MARISOL GOMEZ, individually and on behalf of all others similarly situated, | ) Case No.: 1:15-cv-1489 JLT BAM |
| | ) |
| 12 Plaintiff, | ) ORDER DIRECTING PLAINTIFF TO FILE ) SUPPLEMENTAL BRIEFING TO SUPPORT |
| 13 v. | ) THE REQUEST FOR APPOINTMENT OF ) CLASS COUNSEL NO LATER THAN |
| 14 J. JACOBO FARM LABOR | ) SEPTEMBER 19, 2024 ) |
| 15 CONTRACTOR, INC., | ) |
| | ) |
| 16 Defendant. | ) ) |
| 17 | ) |

18         Marisol Gomez asserts J. Jacobo Farm Labor Contractor, Inc. violated the federal Agricultural

19 Workers Protection Act and California's wage and hour laws.  (*See generally* Doc. 95.)  Plaintiff now

20 seeks preliminary approval of a settlement reached in this action.  (Docs. 190, 202-2.)  As part of the

21 Settlement, the parties agreed "Class Counsel" include "Mallison & Martinez, and Martinez,

22 Aguilasocho & Lynch."  (Doc. 202-2 at 3, Settlement § I.B.)

23         To certify the Settlement Class, the Court must find proposed counsel satisfy the adequacy

24 requirement of Rule 23(a) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 23(a)(4).

25 Toward that end, the Court evaluates whether proposed counsel "have any conflicts of interest" with

26 the Settlement Class members, and if counsel will "prosecute the action vigorously on behalf of the

27 class." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000) (citation omitted).  Further,

28 the Court considers the adequacy of representation—including whether counsel "are experienced and

1

competent"—to determine whether proposed settlement terms are fair and reasonable.  *See* Fed. R. Civ. P. 23(e)(2); *see also Cottle v. Plaid Inc.*, 240 F.R.D. 356, 376 (N.D. Cal. 2021); *Bowen v. Jea Senior Living Health & Welfare Ben. Plan LLC*, 2023 WL 8527732, at *4 (E.D. Cal. Dec. 8, 2023) (same).

Although Gomez filed declaratory evidence related to the experience and qualifications of counsel, the evidence only discusses the attorneys at Mallison & Martinez.  (*See* Doc. 190-2 at 2-7, ¶¶ 3-10; Doc. 202-2 at 2-7, ¶¶ 3-10.)  The Court lacks any information concerning the attorneys at Martinez, Aguilasocho & Lynch.[1]  Without such evidence, the Court is unable to determine whether Mario Martinez and Edgar Aguilasocho have any conflicts with the Settlement Class, or whether these attorneys will "vigorously" prosecute the claims on behalf of the Settlement Class.  The Court is also unable to conclude the attorneys at Martinez, Aguilasocho & Lynch "are experienced and competent" without information regarding their professional experience.  Thus, the Court requires additional information to support Plaintiff's request to appoint Martinez, Aguilasocho & Lynch as counsel for the Settlement Class.

For the foregoing reasons, the Court **ORDERS**:

1.  Plaintiff **SHALL** file supplemental briefing and/or declaratory evidence to support her request to appoint Martinez, Aguilasocho & Lynch as Class Counsel for the Settlement Class **no later than the close of business on September 20, 2024**.

2.  Plaintiff is advised the failure to comply with the order will result in the denial of the request to appoint Martinez, Aguilasocho & Lynch as counsel for the Settlement Class.

IT IS SO ORDERED.

Dated:   **September 16, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges that Judge Ishii previously appointed Mario Martinez and Edgar Aguilasocho as class counsel for the certified "Inaccurate/Incomplete Wage Statements" and "Piece Rate Rest Period" classes. (*See* Doc. 114.)  However, the Court did not address the adequacy of these attorneys. (*Id.* at 19-20.)  Even at that time, the Court lacked any information concerning Mr. Martinez and Mr. Aguilasocho.  (*See generally* Doc. 108.)